UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. C21-898-RSL <br><br> ORDER DENYING DISCOVERY STAY |

This matter comes before the Court on "Motion of Defendant Amazon.com, Inc. to Stay Discovery Pending Resolution of Its Motion to Dismiss and for Protective Order" (Dkt. # 29). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

Defendant filed a motion to dismiss on December 3, 2021, and now seeks a stay of discovery until that motion is resolved.

The Federal Rules of Civil Procedure impose clear duties to disclose and identify triggering events for both initial disclosures and broader discovery. See Fed. R. Civ. P. 26(a)(1), (d)(1). Although they easily could have, the rules do not provide an automatic stay of discovery if a motion to dismiss is filed. Such motions are often unsuccessful, and a stay could cause unnecessary and significant delays at the outset of the litigation. Thus, in order to obtain a stay of discovery, defendant must show that it is entitled to a protective order. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

ORDER DENYING DISCOVERY STAY - 1

Defendant argues that it would be more efficient to delay discovery until after the Court has ruled on the viability of plaintiffs' claims.  Defendant's motion is largely focused on the specter of burdensome discovery due to the nature of plaintiffs' claims.  While defendant's reply emphasizes the breadth of plaintiffs' First Set of Requests for Production, defendant does not seem to argue that it should *never* be required to respond to plaintiffs' RFPs.  Rather, defendant argues that it should not be required to respond before the Court has ruled on its motion to dismiss because it is possible that the Court will dismiss the entire case, thus rendering all costs of discovery unnecessary and unrecoverable.  This argument, however, could be made whenever a motion to dismiss is filed, and does not alone constitute a special or exceptional circumstance that justifies a discovery stay.

This conclusion is reinforced by the fact that the Court has entered a Case Management Order setting a structured discovery timeline.  See generally Dkt. # 28.  The Court expects the parties to abide by the Case Management Order and to work together to reach a stipulation if any modifications are required.

For all of the foregoing reasons, the Court finds that defendant has not shown good cause for a protective order.  Defendant's motion (Dkt. # 29) is therefore DENIED.

IT IS SO ORDERED.

DATED this 1st day of August, 2022.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DISCOVERY STAY - 2