1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALVIN GREENBERG, *et al*.,

         Plaintiffs,

    v.

AMAZON.COM, INC.,

         Defendant.

Cause No. C21-0898RSL

ORDER CERTIFYING
QUESTIONS TO THE
WASHINGTON SUPREME
COURT

      This matter comes before the Court on the "Motion of Defendant Amazon.com, Inc. to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)." Dkt. # 22. Plaintiffs allege that Amazon.com, an on-line retailer, engaged in unlawful price gouging during the COVID-19 pandemic, raising (or allowing third-party vendors to raise) prices on a vast array of products and reaping extraordinary profits. Plaintiffs assert claims of negligence, unjust enrichment, and violations of the Washington Consumer Protection Act ("CPA") on behalf of a global class of Amazon.com customers who made purchases at prices at least 15% higher than they were on January 31, 2020, when the U.S. Department of Health and Human Services declared a national emergency related to COVID-19. Amazon seeks to dismiss the claims, arguing that the CPA cannot be used to regulate price gouging, that there is no duty that could

ORDER CERTIFYING QUESTION TO
THE WASHINGTON SUPREME COURT - 1

support a negligence claim, and that plaintiffs, as parties to a contract of sale, may not bring a claim of unjust enrichment.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." [] *Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal

is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

**A. Free-Market Principles**

As a preliminary matter, Amazon argues that plaintiffs' claims should not be permitted to proceed because they would interfere with a complex and dynamic market for scarce goods during a global crisis, potentially leaving consumers with even fewer sources of products at any price. Amazon asserts that the legislature is the appropriate policy-making body to determine whether the need for price ceilings in particular circumstances outweighs the impacts of the interference with the ordinary functioning of the market, citing two cases in which the courts rejected a party's invitation to rewrite state law to better serve important policy interests.

Amazon's argument presumes that existing law, in the form of the CPA and Washington common law, does not regulate or prevent price gouging. That is the issue raised by this motion to dismiss and is discussed below in the context of the alleged causes of action.

**B. Washington Consumer Protection Act ("CPA")**

The CPA provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. The purpose of the statute is "to protect the public and foster fair and honest competition." RCW 19.86.920. To establish a claim under the CPA, plaintiffs must prove five elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) public interest impact, (4) injury to plaintiff in his or her business or property, and

(5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 784 (1986). Only the first element is at issue here.

The CPA does not define "unfair" or "deceptive." "By broadly prohibiting 'unfair or deceptive acts or practices in the conduct of any trade or commerce,' RCW 19.86.020, the legislature intended to provide sufficient flexibility to reach unfair or deceptive conduct that inventively evades regulation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 49 (2009). "Given that there is 'no limit to human inventiveness,' courts, as well as legislatures, must be able to determine whether an act or practice is unfair or deceptive to fulfill the protective purposes of the CPA." *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 786 (2013). The Washington Supreme Court "has allowed the definitions to evolve through a gradual process of judicial inclusion and exclusion." *Id.* at 785 (citation and internal quotation marks omitted).

Plaintiffs argue that price gouging, as alleged in the First Amended Complaint, is an unfair act or practice that is not regulated by statute[1] but is in violation of the public interest. *Klem*, 176 Wn.2d at 787. Amazon argues that price gouging can never be considered an unfair practice under the CPA because a price on which a willing buyer and willing seller agree is per se reasonable. Washington courts look to "final decisions of the federal courts and final orders of the federal trade commission" to inform the analysis of what is "unfair" for purposes of the CPA. RCW 19.86.920.[2] "Current federal law suggests that a 'practice is unfair [if it] causes or is

---

[1]  Plaintiffs are not asserting a per se violation of the CPA. Dkt. # 23 at 15.

[2]  "[A]n act or practice can be unfair without being deceptive . . . ." *Klem*, 176 Wn.2d at 787.

ORDER CERTIFYING QUESTION TO
THE WASHINGTON SUPREME COURT - 4

likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits [to consumers or to competition].'"

*Klem*, 176 Wn.2d at 787 (alteration in original) (quoting Federal Trade Commission Act of 1914, 15 U.S.C. § 45(n)); *see also Rush v. Blackburn*, 190 Wn. App. 945, 963 (2015). This method of evaluating unfairness is called the "substantial injury" test.[3]

Price gouging is generally described as the imposition of acute and unconscionable increases in the price of basic consumer goods and services, unrelated to costs, during times of market emergency. *White v. R.M. Packer Co.*, 635 F.3d 571, 588 (1st Cir. 2011). *See also State ex rel. Hood v. Louisville Tire Ctr., Inc.*, 55 So.3d 1068, 1073 (Miss. 2011) ("Comprehending the nature of the conduct prohibited by the Price–Gouging Statute requires neither an advanced degree from the Wharton Business School nor an accounting degree from one of our fine public universities. The alleged conduct being prosecuted is the raising of prices after the declaration of

---

[3] An earlier test was developed by the Federal Trade Commission to evaluate the advertising and labeling of cigarettes. 29 Fed. Reg. 8324, 8355 (July 2, 1964). The so-called "cigarette test" involves consideration of three factors:

> (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen).

*Magney v. Lincoln Mut. Sav. Bank*, 34 Wn. App. 45, 57 (1983) (quoting *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244, n. 5 (1972)); accord *Klem*, 176 Wn.2d at 786 (citing this portion of *Magney*). *See also (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 336 F. Supp. 3d 1256, 1337–38 (D. Kan. 2018) (discussing the two different standards and identifying the jurisdictions in which they are employed).

ORDER CERTIFYING QUESTION TO
THE WASHINGTON SUPREME COURT - 5

a state of emergency, absent justification."); *People ex rel. Spitzer v. Wever Petroleum, Inc.*, 14 Misc.3d 491, 495, 827 N.Y.S.2d 813, 816 (Sup. Ct. 2006) (price gouging involves a gross disparity in pricing following a market disruption plus proof that the disparity is not attributable to supplier costs, raising a presumption that the merchant was capitalizing on the market disruption to extract a higher price). Plaintiffs allege specific and adequate facts in support of their "price gouging" accusation. Plaintiffs identify the date on which a nationwide public health emergency was declared, provide data regarding the subsequent funneling of consumer demand towards on-line shopping, track extraordinary and acute price increases of 15%, 50%, 100%, or even 1000% on defendant's platform following the emergency declaration, affirmatively deny that the price increases are attributable to increased costs, allege that Amazon reaped extraordinary profits during the relevant period, assert that Amazon has the ability to control prices on its platform and profits from both its own and third-party sales, note that Amazon admitted that price gouging was occurring on its platform, and describe the efforts plaintiffs made to obtain goods elsewhere in a vain attempt to protect themselves from Amazon's conduct. The alleged facts give rise to a plausible inference that Amazon engaged in price gouging.

The issue, then, is whether price gouging is an unfair trade practice under the CPA. The Washington Supreme Court has repeatedly said that determining whether an act is unfair is a matter of law for the Court to decide if there are no factual disputes about what defendant did. *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 835 (2015); *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 47 (2009); *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 150

(1997). *But see Guijosa v. Wal–Mart Stores, Inc*., 144 Wn.2d 907, 921 (2001) (noting that "the jury was free to determine what could constitute an unfair and deceptive act or practice ...").

Viewed purely from the perspective of consumers, price gouging certainly seems unfair: retailers leverage a period of market disruption and scarcity to hike prices and increase profits while consumers, already reeling from the emergency that unsettled the markets, have limited options for protecting themselves from the higher prices. But the "substantial injury" test for unfairness also takes into consideration whether the injury to consumers is outweighed by countervailing benefits to consumers or competition.[4] From a purely economic standpoint, the rational and expected response to the type of supply disruption alleged by plaintiffs is to increase prices in order to rationalize demand: retailers maximize profits on the goods that are available, existing supplies are distributed via the market to those willing to pay the most, and the higher prices encourage suppliers to up production and/or overcome transportation hurdles in a timely manner.[5]

---

[4] The "cigarette test" is less explicit, but it is hard to imagine how a court would determine whether the conduct is within the penumbra of an established concept of unfairness or whether it is immoral, unethical, oppressive, or unscrupulous without evaluating any countervailing benefits associated with the conduct.

[5] In enacting the CPA, the legislature declared its intent "that this act shall not be construed to prohibit acts or practices which are reasonable in relation to the development and preservation of business or which are not injurious to the public interest . . . ." RCW 19.86.920. The Court recognizes that the so-called "reasonableness defense" may appropriately be submitted to the jury for factual findings if asserted by defendant and is not a factor in deciding whether a practice is unfair or deceptive in the first instance. *Stephens v. Omni Ins. Co*., 138 Wn. App. 151, 170 (2007), aff'd sub nom. *Panag*, 166 Wn. 2d 27 (citing *Travis v. Wash. Horse Breeders Ass'n*, 111 Wn.2d 396, 408–09 (1988)). The existence of the defense nevertheless mirrors the "countervailing benefits" analysis and counsels caution when a federal court is asked to make public policy for the people of Washington.

ORDER CERTIFYING QUESTION TO
THE WASHINGTON SUPREME COURT - 7

1    In light of the competing policy and public interests at stake, whether the price gouging

2    allegations of the First Amended Complaint are sufficient to state a claim under the CPA is a

3    matter best left to the Supreme Court of the State of Washington

4

5    **C. Tort Claims and Interest of Judicial Economy**

6        Plaintiffs have asserted claims of negligence and unjust enrichment, claims Amazon

7    seeks to have dismissed under Rule 12(b)(6). Because questions of central importance to this

8    case are being certified to the Washington Supreme Court, the Court declines to evaluate the

9    adequacy of the tort allegations and instead stays the proceedings.

10

11       "Courts have the power to consider stays sua sponte." *Ali v. Trump*, 241 F. Supp.3d 1147,

12   1152 (W.D. Wash. 2017). "[T]he power to stay proceedings is incidental to the power inherent

13   in every court to control the disposition of the causes on its docket with economy of time and

14   effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254

15   (1936). The inherent power to stay includes granting an order to stay "pending resolution of

16   independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*,

17   593 F.2d 857, 863 (9th Cir. 1979). Having considered "the possible damage which may result

18   from the granting of a stay, the hardship or inequity which a party may suffer in being required

19   to go forward, and the orderly course of justice measured in terms of the simplifying or

20   complicating of issues, proof, and questions of law which could be expected to result from a

ORDER CERTIFYING QUESTION TO
THE WASHINGTON SUPREME COURT - 8

stay," *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), the Court finds that a stay pending resolution of the certified questions will serve the interests of judicial economy by resolving a key – possibly the key -- dispute between the parties without unduly harming their respective interests (*see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)).

For all of the foregoing reasons, Amazon's motion to dismiss is taken under advisement, and the following questions are hereby certified to the Supreme Court of Washington:

> Does the Washington Consumer Protection Act's prohibition on "unfair" acts or practices comprehend a price gouging claim of the type alleged in the First Amended Complaint?

> If yes, does the Court or the jury determine what percentage increase in the price of goods is "unfair" for purposes of the statute?

The Clerk of Court is directed to submit to the Supreme Court of Washington certified copies of this Order, a copy of the docket in the above-captioned matter, and Docket Nos. 19, 22, 23, and 25. The record so compiled contains all matters in the pending cause deemed material for consideration of the state law questions certified for answer.

The defendant in this action is designated as the appellant before the Supreme Court of Washington. The Clerk of Court shall notify the parties as soon as possible after the above-described record is filed in the Supreme Court of Washington. The parties are referred to state RAP 16.16 for additional information regarding procedure before the Supreme Court.

1   The Clerk of Court is further directed to enter a statistical termination in this case. Such

2   termination is entered solely for the purpose of removing this case from the Court's active

3   calendar. The parties shall, within fourteen days of an answer to or declination of the certified

4   questions, submit a Joint Status Report.

5
6
7       Dated this 4th day of April, 2023.
8
9
10                                          Robert S. Lasnik
11                                          United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

ORDER CERTIFYING QUESTION TO
THE WASHINGTON SUPREME COURT - 10