The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, MICHAEL STEINBERG, JULIE HANSON, CHRISTINA KING, and RONNELL ROBERTSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:21-CV-00898-RSL<br><br>**AMAZON'S MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c)(1)**<br><br>NOTE ON MOTION CALENDAR: December 18, 2024<br><br>Oral Argument Requested |

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. RELEVANT BACKGROUND ..............................................................................................3

III. LEGAL STANDARD .............................................................................................................4

IV. ARGUMENT ..........................................................................................................................5

    A. Discovery Premised on Plaintiffs' Improperly Vague, Fail-Safe Class Definition Is Overbroad and Disproportionate. ......................................................6

    B. Discovery About Non-Essential or Otherwise Available Products Will Never Be Relevant to This Case. ............................................................................7

    C. Discovery Unbounded by Plaintiffs' Substantive Allegations or a Viable Class Theory Would Impose Undue Burden on Amazon, the Court, and Third Parties. ...........................................................................................................9

    D. Plaintiffs Would Face No Prejudice. .................................................................12

V. CONCLUSION .....................................................................................................................12

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendant Amazon.com, Inc. ("Amazon") moves pursuant to Rule 26(c)(1) for a protective order precluding discovery into products and transactions beyond those that are the subject of Plaintiffs' individual claims.[1] The requested order is necessary given Plaintiffs' insistence that discovery extend to *all* products and transactions on Amazon.com during an eight-year period. That proposed scope is unsupported by either the substance of Plaintiffs' individual claims or any legally-cognizable class definition (as explained in Amazon's Motion to Strike (Dkt. 73)). To be clear, Amazon does not propose limiting discovery relevant to Plaintiffs' individual claims or to Amazon's pricing practices generally, including its response to price gouging during the COVID-19 pandemic (the "Pandemic").

## I.     INTRODUCTION

Plaintiffs' discovery demands are overbroad and disproportionate to the needs of this case. Plaintiffs allege that they paid "unfair" prices for nine products they purchased from Amazon.com during the Pandemic, each of which allegedly was essential to their health or safety and unavailable for purchase elsewhere. On the basis of these limited allegations, Plaintiffs demand discovery about *every transaction* and *every product* sold on Amazon.com over the last eight years, regardless of whether those products were essential goods, were ever the subject of shortages, or could conceivably fit Plaintiffs' theory of price gouging. There are *tens of billions* of these transactions, and virtually all of them are irrelevant to Plaintiffs' claims.

Plaintiffs' sole justification for requesting information about products they did not buy is their proposed class definition, which includes all persons who purchased any consumer good or food item on Amazon.com during the Pandemic at an "unfair level." But as described in Amazon's pending motion to strike, that definition is facially improper because it (i) is an impermissible "fail-safe" class, (ii) fails to give the requisite notice of the criteria for class membership, and (iii) cannot satisfy Rule 23's predominance requirement. Given those defects, the proposed class definition cannot justify the unbounded discovery Plaintiffs seek.

---

[1] Amazon reserves all rights and defenses with respect to Plaintiffs' class discovery requests to the extent the Court denies the Motion to Strike and permits some class discovery to move forward.

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Even if Plaintiffs' class definition were to survive Amazon's motion to strike, Plaintiffs still could not establish the relevance of the requested discovery. Plaintiffs' claims, as pled and addressed by the Washington Supreme Court and this Court, are premised on allegations that (i) Amazon's pricing of essential goods was unfair; and (ii) Plaintiffs could not have reasonably avoided their alleged injury (a required element of their Consumer Protection Act ("CPA") claims) by purchasing the goods elsewhere. Accordingly, even if Plaintiffs could plead viable class claims, the only potentially relevant transactions would be purchases of essential goods that were unavailable from other retailers. Yet Plaintiffs have repeatedly refused to limit their discovery requests to essential goods, or to even define what they consider an essential good. That is deeply problematic because the vast majority of products sold on Amazon.com cannot be considered "essential" under any reasonable definition of that term (e.g., jewelry, home décor, or books). As a result, the bulk of the information Plaintiffs seek is irrelevant even to their class claims. If the Court permits discovery into products other than those Plaintiffs purchased, it should require Plaintiffs to identify the specific "essential" products they claim are at issue.

Moreover, even if Plaintiffs identify categories of allegedly essential goods, Plaintiffs' requests would impose an undue burden on Amazon by requiring it to spend an exceptionally disproportionate number of hours trying to determine which of its billion-plus products fall into each category. For example, Amazon estimates that it would need to spend 1,266,666 hours (or approximately 145 years) manually determining which of the more than 76 million ASINs nominally described as "face masks" on Amazon.com (including Halloween, ski, and skincare masks) are actually within scope—a process Plaintiffs want Amazon to repeat for each of the 1.5 billion products they allege are sold on Amazon.com. Plaintiffs and Amazon would also need to obtain discovery from every third-party retailer related to the availability and pricing of each of those items so a factfinder could assess whether the purchases on Amazon.com were reasonably avoidable. Amazon has begun that process, issuing notice for subpoenas to 145 retailers that sold the consumer goods or food items named in the SAC. But there are many thousands of retailers that offer other consumer goods or food items that Plaintiffs may consider "essential."

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

For these reasons, discovery at this stage should be limited to the products that Plaintiffs actually purchased and their allegations about price gouging on Amazon.com, but should exclude discovery that is *exclusively* related to claims of absent putative class members. The parties are moving forward with the former discovery now. If discovery were permitted to go forward on products other than those purchased by Plaintiffs, at a minimum, it should be limited to goods Plaintiffs can show were essential to individuals' health and safety and unavailable elsewhere.

## II.  RELEVANT BACKGROUND

After the Washington Supreme Court rejected Plaintiffs' argument that they could show a CPA violation by pleading a specific percentage price increase, Plaintiffs filed the Second Amended Complaint ("SAC") alleging that they purchased a discrete set of nine allegedly essential products in March and April 2020 at prices allegedly higher than they were before the end of January 2020. SAC ¶¶ 20, 29, 36, 46, 48, 51, 56, 59, 65. Plaintiffs included a placeholder class definition, which they acknowledged would have to be "refined after discovery and expert analysis." SAC ¶ 130. Amazon moved to strike the class allegations under Rule 12(f) and to dismiss Plaintiffs' individual claims under Rule 12(b)(6). Dkt. 73. That motion argues, among other things, that Plaintiffs' class definition should be struck because it (a) is an impermissible "fail-safe" class, (b) fails to give the requisite notice of the criteria for class membership, and (c) cannot satisfy Rule 23's predominance requirement.

On September 13, 2024, Plaintiffs served their Second Set of Requests for Production (the "Requests"). Declaration of John Goldmark, Ex. A. The Requests seek an exceptionally broad set of information and documents for an eight-year period concerning the billion-plus products offered and tens of billions of sales made on Amazon.com. These products and sales could only be relevant to potential claims by proposed members of Plaintiffs' improperly-defined class, not Plaintiffs' claims themselves. This includes requests for "[a]ll transactional data for purchases made on Amazon.com" and "[a]ll data for product offers on Amazon.com" for the time period January 31, 2017 to the present, and "[a]ll documents or data concerning any cost increases or decreases Amazon incurred" during the Pandemic. *Id.* Request Nos. 11, 12 & 36.

AMAZON'S MOTION FOR PROTECTIVE ORDER (2:21-CV-00898-RSL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon responded and objected to the Requests. It agreed to produce documents in response to all but nine of Plaintiffs' 29 requests to the extent they relate to the Plaintiffs' individual claims or Amazon's general practices with respect to price gouging during the Pandemic. For eight of the requests, Amazon agreed to produce documents without any substantive limitation whatsoever. Goldmark Decl., Ex. B. The parties have met and conferred on multiple calls. Amazon has sought Plaintiffs' agreement to limit discovery concerning products that are not the subject of their claims or their specific transactions. Plaintiffs refused.

As Plaintiffs' counsel acknowledged to the Washington Supreme Court, vast additional discovery will be necessary to assess the individual circumstances of each transaction. *See* Goldmark Decl., Ex. C, Tr. 00:24:38.23–00:24:58.09 ("I think we would put it on product by product … I think an expert … would analyze any geographic area …. Maybe there was an issue in Omaha, Nebraska; we don't know."). Amazon must pursue this discovery without delay; the current case schedule requires substantial completion of document production in April 2025 with discovery closing January 14, 2026. Dkt. 69. Although just beginning third-party discovery, Amazon has noticed 145 subpoenas seeking two categories of price and cost information from other retailers: first, a narrow set of information relating to the products Plaintiffs purchased at allegedly "unfair" prices, and second, information relating to all other (yet undefined) "consumer goods or food items" that Plaintiffs allege fall within their class definition. Goldmark Decl., Ex. D at 447-8. If discovery is narrowed to Plaintiffs' individual claims, Amazon will likewise limit the scope of any third-party discovery, as it has informed the subpoena recipients. *Id.*

### III.   LEGAL STANDARD

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(c)(1) permits the Court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). The Rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "Courts find good cause to issue protective orders when the discovery sought is irrelevant." *Advanced Hair Restoration LLC v. Bosley Inc.*, 2024 WL 3833493, at *2 (W.D. Wash. Aug. 15, 2024); *Burrows v. 3M Co.*, 2023 WL 197250, at *2 (W.D. Wash. Jan. 17, 2023) (Lasnik, J.) (granting protective order limiting scope of Rule 30(b)(6) topics to reflect narrow scope of remaining issues).

## IV.   ARGUMENT

The Court should enter a limited protective order precluding discovery regarding products and transactions that fall outside of Plaintiffs' substantive allegations or that are relevant only to Plaintiffs' untenable class claims, while allowing discovery into Plaintiffs' individual claims to proceed. Discovery regarding *all* products and transactions on Amazon.com during the relevant period will never be relevant to this case. Pursuing such discovery will all but ensure that this case cannot be trial-ready on the current schedule. A protective order would prevent undue and disproportionate burden on Amazon and the scores of manufacturers, suppliers, and retailers it must subpoena to defend the untenable class claims. *See Advanced Hair Restoration*, 2024 WL 3833493, at *2. It would also promote the efficient litigation of these claims.

Amazon does not seek to stay discovery in this case. It has agreed to produce (and has begun to produce) extensive discovery relevant to Plaintiffs' individual claims and discovery arguably relevant to both Plaintiffs' individual and the proposed class claims, like documents and information regarding Amazon's policies and practices with respect to price gouging. Amazon has done so even though it believes that all of Plaintiffs' claims should be dismissed. *See* Dkt. 73 at 13-23. Amazon requests only that the Court limit discovery to exclude information that is *exclusively* relevant to Plaintiffs' unbounded proposed class "so as to conserve judicial resources by limiting unnecessary discovery." *Ahern Rentals Inc. v. Mendenhall*, 2020 WL 8678084, at *2 (W.D. Wash. July 9, 2020).

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### A. Discovery Premised on Plaintiffs' Improperly Vague, Fail-Safe Class Definition Is Overbroad and Disproportionate.

Plaintiffs concede their class definition is merely a placeholder definition that will be narrowed at some later stage of the litigation. Plaintiffs therefore cannot credibly dispute that an unknown number of products and transactions about which they currently demand discovery will ultimately be excluded from their class definition. Yet, Plaintiffs demand discovery into *every transaction* and *every product* sold on Amazon.com over the last eight years based solely on their flawed class definition. That is improper.

A party is only entitled to discovery "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiffs' claims are based on their purchase of just nine products in March and April 2020, allegedly at prices higher than prevailed before the end of January 2020. *See supra* at 3. They allege that those products were necessary *to them* based on their specific circumstances and were not available for purchase elsewhere. For example, the SAC alleges that Plaintiff King, who was immunocompromised, had a particular need for beef ramen noodles and rice—purchases that, at least for the majority of Amazon customers, would have been purely elective and easily avoided by simply selecting other food. *See* SAC ¶¶ 45–48. And it alleges that Plaintiff Hanson purchased Zodiac Flea & Tick Spray because her daughter, who "like her mother … generally stayed inside her home throughout the COVID-19 pandemic to protect herself and particularly her diabetic son," was facing "an outbreak of fleas" from a new kitten. SAC ¶¶ 34–35. That Plaintiffs' allegations are tethered to their individual health and safety needs makes sense because the Washington Supreme Court allowed Plaintiffs to proceed with their claims, in part, because "each plaintiff adequately alleged that their injuries were not reasonably avoidable" because "they were unable to find *their essential goods* except for on Amazon." *Greenberg*, 3 Wn.3d at 462 (Keenan, J., concurring) (emphasis added).

In contrast, the SAC contains no such allegations as to the *tens of billions* of other transactions that occurred on Amazon.com during the Pandemic in which Plaintiffs did not participate. Plaintiffs' sole basis for seeking this disproportionate discovery is their legally defective proposed class definition, which, because it is a fail-safe class, is over-inclusive and

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

includes transactions that Plaintiffs will later seek to exclude from the class. Yet, Plaintiffs' proposed class definition contains no "objective criteria" that would allow the parties or the Court to ascertain which of the tens of billions of transactions will remain within the class and which will be excluded. *Cashatt v. Ford Motor Co.*, 2020 WL 1987077, at *4 (W.D. Wash Apr. 27, 2020); *see also* Dkt. 73 at 9–10. Plaintiffs are not entitled to require Amazon to produce information irrelevant to their pled claims so they can trawl that information in hopes of backing into an as-yet unpled theory of this case—a quintessential "fishing expedition." *See Bel Power Sols., Inc. v. Monolithic Power Sys., Inc.*, 2023 WL 2401926, at *2 (W.D. Wash. Mar. 8, 2023) (describing a request seeking information regarding all products where "not all[] products are at issue" as "little more than a 'fishing expedition'").

Plaintiffs have adequately pled no basis in fact or law that would make discovery of *all* products and transactions on Amazon.com, including factually unique transactions involving non-parties, relevant to their claims. Accordingly, good cause exists to limit discovery to the alleged wrongdoing actually pled in the SAC: price gouging with respect to specific products Plaintiffs purchased that were in short supply during the Pandemic.

### B. Discovery About Non-Essential or Otherwise Available Products Will Never Be Relevant to This Case.

Even if Plaintiffs' class allegations are not struck, virtually all of their requested discovery is irrelevant. Plaintiffs' allegations focus, at their broadest, on products essential to individuals' health and safety that were priced "unfairly" and that they could not purchase elsewhere during the Pandemic. But Plaintiffs demand discovery about *every transaction* and *every product* sold on Amazon.com over the last eight years, regardless of whether those products relate to Plaintiffs' narrow allegations—and virtually all of these tens of billions of transactions and billions of products do not.

The scope of discovery is defined not by Plaintiffs' deficient class definition, but by the substance of their *claims*. *See* Fed. R. Civ. P. 26(b)(1). Unlike their discovery requests, Plaintiffs' claims do not extend to all "consumer goods" and "food items" available on

AMAZON'S MOTION FOR PROTECTIVE ORDER (2:21-CV-00898-RSL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon.com during the Pandemic. Rather, they rest on the alleged unfair pricing of a narrower subset of such products: goods that were necessary to individuals' specific health and safety during the Pandemic and not available elsewhere. *See* SAC ¶¶ 92 ("As the COVID-19 pandemic spread, Amazon's prices for many essential goods spiked dramatically."), 147 ("Amazon had a responsibility not to gouge consumers who turned to online retail increasingly as a means of obtaining essential goods safely during an escalating and alarming public health crisis.").

Plaintiffs have refused to limit their requests to match their allegations. Instead, they improperly seek discovery about every product offered on Amazon.com. But Plaintiffs' *claims* cannot reasonably be understood to encompass transactions in friendship bracelets, flower pots, sports memorabilia, or any of the billions of other products sold in Amazon's store that no person could rationally argue was ever necessary for health and safety during the Pandemic. Indeed, Plaintiffs' requests do not even relate to this key element or address whether any "essential" product was available for purchase from other retailers. Even if the Court were to find that discovery should encompass the broader (and undefined) category of "consumer goods" or "food items" sold at "unfair" prices in Plaintiffs' class definition, the discovery Plaintiffs seek into every product sold on Amazon.com would still include irrelevant products: Amazon.com lists for sale, for example, "industrial & scientific" products, such as lab and scientific equipment, industrial machines, professional dental supplies, and restaurant supplies and equipment.[2] Yet Plaintiffs insist that they are entitled to discovery on even these types of products, which are not sold for personal consumption and include out-of-scope products like "Set of 7 German Stainless Steel Dental EXTRACTING Forceps." Goldmark Decl., Ex. E. At a minimum, therefore, the scope of discovery must be confined to the subset of products that Plaintiffs can reasonably show were essential and unavailable except on Amazon.com.

---

[2] *See* Industrial & Scientific Products, AMAZON, available at https://www.amazon.com/industrial-scientific-supplies/b?ie=UTF8&node=16310091.

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### C. Discovery Unbounded by Plaintiffs' Substantive Allegations or a Viable Class Theory Would Impose Undue Burden on Amazon, the Court, and Third Parties.

Plaintiffs' insistence on conducting boundless discovery, without regard to their substantive allegations or Ninth Circuit law on proper class definition, threatens to derail this litigation from the outset. Without any limiting principle, discovery is on the precipice of devolving into a vast enterprise investigating the facts and circumstances of countless transactions in an unknown number of different products. The burden of such discovery on Amazon, the Court, and third parties would be immense. It would also be wildly disproportionate to the needs of the case given Plaintiffs' more limited specific allegations.

*Discovery into "All Products" Sold on Amazon.com Is Disproportionate*. Plaintiffs are entitled only to discovery that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Washington Supreme Court made clear that this includes the nine products alleged in the SAC and, at most, goods that could be alleged to have been necessary for other individuals' health and safety. But Plaintiffs seek information regarding "all products" sold on Amazon.com, without limitation, and have refused to provide a definition of "consumer goods" or otherwise limit their requests in any meaningful way. Indeed, Plaintiffs have taken the position during meet-and-confers that lab beakers and professional dental supplies are consumer goods that could have been necessary for some individuals' personal health and safety during the Pandemic. Plaintiffs have repeatedly rejected Amazon's proposals to tailor discovery in favor of this disproportionate "all" products approach.

*The Burden of Identifying Relevant Data by Product Category Is Immense and Unjustifiable*. It is difficult to think of another putative class action in which the complaint did not even identify the *products* allegedly at issue. Without doing so, Plaintiffs have left Amazon with the unrealistic task of trying to identify products that *might* be at issue from among the billions offered for sale on Amazon.com. Amazon does not categorize the products it sells as "essential goods." Rather, as Plaintiffs were told in meet-and-confers, Amazon assigns each unique product from each unique manufacturer an "Amazon Standard Identification Number"

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

("ASIN"), which is publicly available on Amazon.com. Declaration of Kunal Dongre ¶¶ 4, 6. Amazon does not categorize all ASINs by product type. *Id.* ¶ 5. Accordingly, the process of identifying specific products that could be at issue given Plaintiffs' allegations would be a necessarily manual endeavor: Amazon would have to conduct a labor and time-intensive exercise across billions of ASINs to determine whether each could be an "essential good" and whether each was or was not available elsewhere. *Id.* ¶¶ 7–10. And without some limiting principle from Plaintiffs, Amazon cannot predict which products Plaintiffs ultimately will try to put at issue in this case.

Even identifying "essential goods" would be an impracticable exercise. First, Amazon would have to guess which categories of products Plaintiffs deem "essential." That task is complicated by references in the SAC to products that are obviously not essential, like yoga mats and whole elderberries. *See* SAC Appx. A. Then, for each category of "essential goods," Amazon would need to identify which products fit in that category by manually examining each ASIN. Dongre Decl. ¶ 9. For example, to identify "face masks," SAC ¶ 81, Amazon would need to review approximately 76 million of the 28.7 billion ASINs in Amazon's US Catalog that include "face masks" in their product title (which includes all types of masks, including moisturizing masks, ski masks, and products that are used with masks but are not masks themselves, like rubber cushions for face masks and DIY face-mask-maker machines) and subjectively identify the products it thinks Plaintiffs mean. *Id.* ¶¶ 11–18. For each identified "face mask," Amazon would then need to provide discovery into the product's entire lifecycle, including: (i) the cost for acquiring the product; (ii) how the product was priced; (iii) who priced the product (third party or Amazon); (iv) the circumstances of the product purchase; (v) the shipping costs for the product; (vi) the replacement cost for the product; and (vii) whether the product was returned or a refund issued. And without naming specific products and naming only the broadest product categories, Plaintiffs will be free to dispute whether Amazon has identified all of the relevant ASINs, leading to a highly iterative discovery process replete with endless cycles and wasteful repetition.

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Thousands of Non-Parties Will Be Forced into the Same Burdensome Exercise.* If Plaintiffs are allowed discovery into "all products," Amazon will need to engage in broad discovery now to support its defense that its conduct was "reasonable in relation to the development and preservation of business." *Greenberg*, 3 Wn.3d at 484 (Keenan, J., concurring) (quoting RCW 19.86.920). This includes obtaining evidence to demonstrate that the prices at issue were not "unfair" and that Amazon's policies and practices were not in violation of any applicable duty of care. To do so, Amazon must obtain comparative data from the thousands of entities throughout the supply chain that manufacture, supply, and sell the billions of "consumer goods or food items" broadly implicated by Plaintiffs' deficient class allegations. Amazon then must negotiate with these entities what products fit those descriptions. Amazon expects that these entities will argue to narrow the subpoenas' scope, but as long as Plaintiffs continue to broadly define their class, Amazon needs the same scope of discovery from these third parties that Plaintiffs demand from Amazon. That third-party comparative data is critical to Amazon's defenses and the factfinder's ability to assess the "fairness" of the Amazon transactions. Given the magnitude of this task for Amazon, the third parties, and the expedited discovery schedule, Amazon cannot wait for resolution of the Motion to Strike to start this process. Accordingly, Amazon has noticed 145 subpoenas to retailers of "consumer goods or food items" and intends to subpoena additional manufacturers and suppliers. *See* Goldmark Decl., Ex. D. Amazon will appropriately limit those third-party discovery efforts if the Court grants this motion.

*This Substantial Burden Will Permeate Discovery.* This burden is inherent in Plaintiffs' insistence on taking discovery based on their flawed class definition, and not limited to a few overbroad requests. Plaintiffs have not offered any path to define the terms "food items," "consumer goods," or "unfair prices" in their class definition, and thus have offered no reasonable limits on discovery. Just like their proposal to define their class later, they currently seek information on billions of transactions without regard to what products were necessary to individuals during the Pandemic and vaguely promise to define that category later. Amazon and third parties are left to play guessing games with Plaintiffs in a burden-shifting exercise that is

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

resource-intensive and time-consuming and will lead to delays. Narrowing discovery to information relevant to Plaintiffs' transactions avoids this pitfall and allows the case to proceed apace.

### D. Plaintiffs Would Face No Prejudice.

If Plaintiffs' class allegations are struck from the SAC, Plaintiffs would suffer no prejudice from a protective order denying discovery to which they are not entitled. *See Advanced Hair*, 2024 WL 3833493 at *2; *Oppenheimer & Co. Inc. v. Mitchell*, 2023 WL 4743909, at *2 (W.D. Wash. July 25, 2023). Even if the allegations are not struck, Plaintiffs' class discovery goes well beyond that which their existing class definition entitles them; namely, discovery aimed at "consumer goods" or "food items" that Plaintiffs contend are "essential." If the Court believes Plaintiffs are entitled to such discovery now, it should require Plaintiffs to tell Amazon what Plaintiffs believe those terms mean and identify the specific ASINs (which are publicly available) that fall within those categories. Far from prejudicing Plaintiffs, such an exercise would increase efficiencies and ensure Plaintiffs get the discovery they need.

### V. CONCLUSION

The Court should issue a protective order precluding discovery into billions of products not relevant to Plaintiffs' claims.

DATED this 4th day of December 2024.

DAVIS WRIGHT TREMAINE LLP

*/s/ John A. Goldmark*
Stephen M. Rummage, WSBA #11168
John A. Goldmark, WSBA #40980
MaryAnn T. Almeida, WSBA #49086
Nicholas A. Valera, WSBA # 54220
Caitlyn G. Cowan, WSBA #62344
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email: steverummage@dwt.com
　　　　johngoldmark@dwt.com
　　　　jakefreed@dwt.com
　　　　maryannalmeida@dwt.com
　　　　nickvalera@dwt.com
　　　　caitlyncowan@dwt.com

AMAZON'S MOTION FOR PROTECTIVE ORDER (2:21-CV-00898-RSL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

John Freed, *admitted pro hac vice*
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Email: jakefreed@dwt.com

*I certify that this memorandum contains 4,167 words, in compliance with the Local Civil Rules.*

Ryan Shores, *admitted pro hac vice*
Nowell D. Bamberger, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Fax: (202) 974-1999
Email: rshores@cgsh.com
   nbamberger@cgsh.com

Jennifer Kennedy Park, *admitted pro hac vice*
Matthew M. Yelovich, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 815-4100
Fax: (650) 815-4199
Email: jkpark@cgsh.com
   myelovich@cgsh.com

Charity E. Lee, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Fax: (212) 225-3999
Email: charitylee@cgsh.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## LCR 26(c) CERTIFICATION OF CONFERRAL

I certify Amazon has engaged in multiple good faith efforts during meet and confer conferences with Plaintiffs' counsel to resolve the disputes at issue in Amazon's Motion for Protective Order. Most recently, I and Amazon's other counsel conferred with Plaintiffs' counsel on December 3, 2024, through video conference when the parties came to an impasse on the issues addressed in this Motion.

*/s/ John A. Goldmark*
John A. Goldmark

AMAZON'S MOTION FOR PROTECTIVE ORDER
(2:21-CV-00898-RSL) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax