The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:21-cv-00898-RSL<br><br>**PLAINTIFFS' REPLY TO AMICUS BRIEFS BY NATIONAL RETAIL FEDERATION AND ASSOCIATION OF WASHINGTON BUSINESS** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2

    A. Both amicus briefs are overwhelmingly composed of arguments that the Washington Supreme Court rejected. ...............................................2

    B. Both the Association of Washington Business and National Retail Federation launch misplaced hypothetical attacks on the vagueness of the Consumer Protection Act. ...........................................................5

        1. Amazon's as-applied challenge to the CPA fails due to the company's actual notice of the illegality of price gouging. ..................5

        2. The fact that Amazon had actual notice that the CPA proscribed price gouging in turn prevents the Court from reaching the amici's facial vagueness challenges. ........................7

    C. Amici's facial challenge fails because the CPA has an identifiable "core" and is not "standardless." ........................................................9

III. CONCLUSION ....................................................................................................11



# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Beckles v. United States*,
    580 U.S. 256 (2017) ............................................................................................................. 9

*F.T.C. v. Sperry & Hutchinson Co.*,
    405 U.S. 233 (1972) ........................................................................................................... 10

*Farrell v. Burke*,
    449 F.3d 470 (2d Cir. 2006) ............................................................................................ 5, 6

*Grayned v. City of Rockford*,
    408 U.S. 104 (1972) ........................................................................................................... 11

*Greenberg v. Amazon.com, Inc.*,
    3 Wn.3d 434 (2024), *as amended* (Aug. 16, 2024) (en banc) ....................................... passim

*Guerrero v. Whitaker*,
    908 F.3d 541 (9th Cir. 2018) ............................................................................................. 11

*Iowa Pork Producers Ass'n v. Bonta*,
    2024 WL 3158532 (9th Cir. June 25, 2024) ..................................................................... 10

*Johnson v. United States*,
    576 U.S. 591 (2015) ......................................................................................................... 8, 9

*Kashem v. Barr*,
    941 F.3d 358 (9th Cir. 2019) ...................................................................................... passim

*Klem v. Wash. Mut. Bank*,
    176 Wash.2d 771 (2013) ................................................................................................ 4, 11

*Kolender v. Lawson*,
    461 U.S. 352 (1983) ............................................................................................................. 5

*Marquez-Reyes v. Garland*,
    36 F.4th 1195 (9th Cir. 2022) ............................................................................................. 8

*Nelson v. McGoldrick*,
    127 Wn.2d 124 (1995) .................................................................................................. 4, 10

*Panag v. Farmers Ins. Co. of Wash.*,
    166 Wash.2d 27 (2009) ....................................................................................................... 4

*Parker v. Levy*,
    417 U.S. 733 (1974) ........................................................................................................... 11

*Rush v. Blackburn*,
   190 Wash. App. 945 (2015) .................................................................................................. 11

*Sears, Roebuck & Co. v. F.T.C.*,
   258 F. 307 (7th Cir. 1919) .................................................................................................... 10

*Sessions v. Dimaya*,
   584 U.S. 148 (2018) ............................................................................................................... 8

*State v. Kaiser*,
   161 Wash. App. 705 (2011) .............................................................................................. 4, 10

*State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*,
   87 Wn.2d 298 (1976) ........................................................................................................ 4, 10

*State v. Reader's Dig. Ass'n, Inc.*,
   81 Wn.2d 259 (1972) ........................................................................................................ 9, 10

*Tingley v. Ferguson*,
   47 F.4th 1055 (9th Cir. 2022) ................................................................................................. 9

*Trs. of Ind. Univ. v. Curry*,
   918 F.3d 537 (7th Cir. 2019) ................................................................................................ 10

*Tucson v. City of Seattle*,
   91 F.4th 1318 (9th Cir. 2024) ................................................................................................. 9

*United States v. Backlund*,
   689 F.3d 986 (9th Cir. 2012) .................................................................................................. 6

*United States v. Facteau*,
   89 F.4th 1 (1st Cir. 2023) ....................................................................................................... 9

*United States v. Hasson*,
   26 F.4th 610 (4th Cir. 2022) ................................................................................................... 5

*United States v. Melgar-Diaz*,
   2 F.4th 1263 (9th Cir. 2021) ................................................................................................... 6

*United States v. Omondi*,
   818 F. App'x 623, 626 (9th Cir. 2020) ................................................................................... 5

*United States v. Osadzinski*,
   97 F.4th 484 (7th Cir. 2024) ................................................................................................... 9

*United States v. Salerno*,
   481 U.S. 739 (1987) ............................................................................................................... 8

*Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*,
   455 U.S. 489 (1982) ...................................................................................................... 8, 9, 10

*Wildearth Guardians v. U.S. Forest Serv.*,
    2021 WL 6274439 (E.D. Wash. May 19, 2021) ..................................................................... 1

*Williams v. Wofford*,
    2023 WL 5453344 (9th Cir. Aug. 24, 2023) ..................................................................... 8, 9

I.  INTRODUCTION

This does not mark the first time Plaintiffs have responded to amicus submissions from the Association of Washington Business ("AWB") and the National Retail Federation ("NRF"), trade associations to which Amazon belongs. These same amici filed briefs on the same issues in the Washington Supreme Court, the body entrusted by this Court with providing guidance as to the meaning and application of the Consumer Protection Act ("CPA"). Having failed to persuade the Washington Supreme Court, the amici now rehash policy arguments the Court rejected after careful deliberation, including that price gouging should be governed by the legislature or defined more narrowly. Amici may disagree with the outcome, but the Washington Supreme Court's word was final. *See infra* Section II.A.

The amici's arguments fare no better repackaged in constitutional "vagueness" terminology. Quite the opposite, amici do not even attempt to argue that the CPA's prohibition on price gouging (as articulated by the Supreme Court) is constitutionally vague *as applied to Amazon*. Nor could it, given the ample proof that Amazon was aware the CPA encompassed price gouging during the pandemic. This includes evidence that Amazon worked alongside then-Attorney General Bob Ferguson to enforce the CPA against *its own sellers* engaging in price gouging. The amici instead argue that the Washington Supreme Court's interpretation of the CPA could be constitutionally vague as to other sellers, in other circumstances, on other facts. But vagueness doctrine does not permit inquiry into such hypotheticals where, as here, the law is constitutional as applied to the defendant. *See infra* Section II.B.

In sum, neither amicus brief lends any real support to Amazon's pending motion to dismiss. And even if the amici had weighed in on the actual constitutional question at hand—*i.e.*, whether the CPA's prohibition on price gouging is unconstitutionally vague *as applied to Amazon's pandemic-period conduct*—their views would carry little weight given that Amazon is a member of both AWB and NRF. *See Wildearth Guardians v. U.S. Forest Serv.*, 2021 WL 6274439, at *2 (E.D. Wash. May 19, 2021) (observing that "the term 'amicus curiae' means friend of the court, not friend of a party") (citation omitted). At bottom, this briefing only lends additional support to Plaintiffs' opposition to Amazon's motion to dismiss.

PLAINTIFFS' REPLY TO AMICUS BRIEFS – 1
Case No. 2:21-cv-00898-RSL



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## II. ARGUMENT

**A.  Both amicus briefs are overwhelmingly composed of arguments that the Washington Supreme Court rejected.**

Though amici had the opportunity to add unique perspective to the record, they instead spend the bulk of their briefs belaboring policy arguments that were already thoroughly considered at the Washington Supreme Court. In fact, AWB and NRF not only repeat arguments they and others made previously; they also spend page after page on arguments the Supreme Court *wholeheartedly rejected*. Plaintiffs see no benefit in contributing to the repetition by delving into the merits, or lack thereof, of these arguments. This Court sought guidance from the Supreme Court specifically to evaluate the policy implications of proscribing price gouging under the CPA—a matter it stated was "best left to the Supreme Court of the State of Washington" in light of the competing policy and public interests at stake. ECF No. 51 at 6, 8. Accordingly, Plaintiffs will instead clearly outline the ways in which the arguments in both amicus briefs have already been disposed of by Washington's highest court.

**NRF and AWB:** *Plaintiffs' proposal that pricing "unfairness" be determined on a case-by-case basis is problematic. See* AWB Br. 5; NRF Br. 1, 7.

> **Washington Supreme Court:** The court quickly renounced this argument. In its view, Plaintiffs' "case-specific claim of unfairness" is like any mixed question of law and fact, which by definition involve "the application of legal precepts (the definition of 'unfair' as established by the substantial injury test) to a particular set of factual circumstances (the details of Amazon's conduct)." *See Greenberg v. Amazon.com, Inc.*, 3 Wn.3d 434, 478 (2024), *as amended* (Aug. 16, 2024) (en banc).

**NRF:** *States that have enacted price gouging legislation have written their laws with detailed proscriptions that Washington CPA's unfairness prong lacks. See* NRF Br. 6-7.

> **Washington Supreme Court:** The court responded to the same argument from Amazon, calling it "unpersuasive." *See Greenberg*, 3 Wn.3d at 463. The court also made several

observations about other states' price gouging laws that bely amici's arguments. For example, the NRF brief asserts that other state statutes specify the products to which the statutes' prohibitions apply, but the court noted that a number of statutes apply indiscriminately to transactions of *any* good or service in the emergency area. *Id.* at 444. NRF also argues that the states with price gouging laws specify the threshold at which a price increase becomes impermissible. The court notes, though, that some statutes have no determinative threshold, prohibiting price increases "deemed excessive" with "little guidance as to what price level can be considered unconscionable, sometimes leaving it to the courts to determine as a matter of law." *Id.* at 443-44. *Compare* NRF Br. 6-7 *with Greenberg*, 3 Wn.3d at 442-45, for additional inconsistencies.

***AWB:*** *Policymaking should be left to legislators rather than lawyers, and Washington legislators have already spoken. See* AWB Br. 6-7.

**Washington Supreme Court:** The court soundly rejected a similar argument from Amazon, that the CPA evidently could not comprehend Plaintiffs' price gouging claims since the state legislature had decided not to enact a ban on price gouging. *Greenberg*, 3 Wn.3d at 468. The court stated that the argument failed due to the well-established precedent that "legislation that has not been enacted … reveals little about the intent of the legislature and should not generally be relied on." *Id.* at 469 (*citing Lowe's Home Ctrs., LLC v. Dep't of Revenue*, 195 Wn.2d 27, 41 n.5 (2020)).

***AWB and NRF:*** *The CPA does not provide a clear definition of "unfair" or "price gouging." See* AWB Br. 5, 8; NRF Br. 5-6.

**Washington Supreme Court:** The court disposed of Amazon's argument that the CPA's language was general, abstract, and did not admit of "precise definition" for "unfairness." It stated this argument was both "unpersuasive" and "unconvincing because it conflicts with the stated intent of the [CPA], which is to 'protect the public and foster fair and honest competition.'" *Greenberg*, 3 Wn.3d at 463-64. In fact, the court repeatedly emphasized that

the flexibility of the "unfairness" inquiry was a feature, rather than a bug, as the legislature "intended to provide sufficient flexibility to reach unfair or deceptive conduct that inventively evades regulation." *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 37 (2009); *Klem v. Wash. Mut. Bank*, 176 Wash.2d 771, 785 (2013) (the court has allowed the definitions to evolve through a "gradual process of judicial inclusion and exclusion").

*AWB: There is no precedent or history of applying the CPA in the manner sought by the Plaintiffs.* AWB Br. 8.

**Washington Supreme Court:** The court first rejected a similar argument made by Amazon, specifically that without FTC Act precedent, applying the CPA to price gouging would "invent new standards out of whole cloth." *Greenberg*, 3 Wn.3d at 464. The court stated that Amazon's concerns were misplaced because the court was not inventing a new standard—rather, all standards the court used to guide its analysis have often been used to determine "unfairness," and there is considerable prior case law in Washington stating that unconscionable prices can be deemed "unfair." *See State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 320 (1976) (CPA applied against defendant who "charged unconscionable prices"); *Nelson v. McGoldrick*, 127 Wn.2d 124, 132 (1995) ("[G]ross excessiveness of price rendered contracts unconscionable"); *State v. Kaiser*, 161 Wash. App. 705, 722 (2011) (unconscionable contracts violate the CPA). Similarly, the court rejected Amazon's argument that price gouging was not contemplated under federal law, and the CPA in turn. *Greenberg*, 3 Wn.3d at 466. Further, the court argued, "Amazon is incorrect to suggest that a plaintiff must show violations of well-established statutes and regulations on the subject to conclude that a practice is unfair." *Id.*

These public policy arguments on how to interpret the CPA make up the bulk of AWB's and NRF's amicus briefs. But as is clearly evident, these arguments have already been rejected by the Washington Supreme Court, which was consulted by this Court to offer authoritative guidance on

PLAINTIFFS' REPLY TO AMICUS BRIEFS – 4
Case No. 2:21-cv-00898-RSL



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

the contours of the CPA and the policy implications of applying it to Amazon's alleged price gouging during the pandemic.

**B.  Both the Association of Washington Business and National Retail Federation launch misplaced hypothetical attacks on the vagueness of the Consumer Protection Act.**

Though much of the content in both AWB's and NRF's briefs is recycled, amici repackage many of their arguments in terms of constitutional vagueness. This effort is even more misguided because the amici fail to defend the CPA as-applied to Amazon on the facts of this case, and instead argue that the law could be constitutionally vague as to other members of their associations, on different facts and in different circumstances. This is a facial (instead of an as-applied) challenge. Absent "exceptional circumstances" not present here, no party can bring a facial challenge to a law if a challenger has failed on as-applied grounds. *See Kashem v. Barr*, 941 F.3d 358, 374 (9th Cir. 2019).[1] The Court could thus only reach amici's facial attacks if Amazon prevails on its as-applied challenge, which it cannot, as set forth below and in accompanying briefing. In addition to being off-topic, amici's facial challenges lack merit, as also set forth below.

**1.  Amazon's as-applied challenge to the CPA fails due to the company's actual notice of the illegality of price gouging.**

At present, Amazon has no path to prevail on its as-applied challenge to the CPA, which it is challenging under both prongs of the constitutional vagueness test: "fair notice" and "arbitrary enforcement." Mot. to Dismiss at 15-16. These are written as separate prongs, though "arbitrary enforcement" is generally deemed the "more important" aspect of the vagueness analysis. *See Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983). That being said, *actual notice* that the conduct was unlawful defeats both prongs of the constitutional vagueness test. *See, e.g.*, *United States v. Hasson*, 26 F.4th 610, 619 (4th Cir. 2022) ("[W]hen the challenged statute clearly proscribes a defendant's conduct, neither of these rationales is implicated."); *Farrell v. Burke*, 449 F.3d 470, 494 (2d Cir. 2006) (Sotomayor, J.) (denying defendant to whom the law was clearly applied an opportunity to make a facial challenge). In the context of fair notice, "actual notice" is definitive—as the Ninth Circuit wrote in *United States v. Omondi*, if there is actual notice the conduct is unlawful,

---

[1] Typically, it is the same entity attempting to make both challenges. In this case, however, the AWB and NRF are endeavoring to supplement Amazon's as-applied and facial challenges to the CPA with their own facial challenges.

there is "no due process problem." 818 F. App'x 623, 626 (9th Cir. 2020); *see also United States v. Backlund*, 689 F.3d 986, 997 (9th Cir. 2012) (rejecting vagueness challenge due to actual notice); *Kashem*, 941 F.3d at 373 ("Even if the criteria might be vague as applied to others … this is an as-applied challenge, and we are persuaded that each of *these plaintiffs* had fair notice that *his conduct* would raise suspicion under the criteria.").

As for arbitrary enforcement, the question is not whether, as a general matter, the regulation provided adequate standards—rather, it is whether the law was arbitrary *as applied to the challengers*. *See United States v. Melgar-Diaz*, 2 F.4th 1263, 1269-70 (9th Cir. 2021) (defendants "cannot claim that an impermissibly vague statute has resulted in arbitrary enforcement [when] [their] conduct falls well within the provision's prohibited conduct."); *see also Farrell*, 449 F.3d at 494 (noting that an as-applied arbitrary enforcement challenge fails if "the conduct at issue falls within the core of the statute's prohibition, so that the enforcement before the court was not the result of the unfettered latitude that law enforcement officers and factfinders might have in other, hypothetical applications of the statute."). Nowhere has Amazon suggested that the CPA was applied to the company in an arbitrary fashion, or as a result of any enforcer's particular inclinations or biases. Though Amazon contends that the statute is standardless, the fact that it had actual notice—and, as Plaintiffs will explain, itself referred sellers to then-Attorney General Bob Ferguson for violating the CPA's ban on price gouging—suggests that its conduct was "clearly proscribed" and fits within the core meaning of the statute. Accordingly, the statute cannot have been applied arbitrarily to Amazon. *See Farrell*, 449 F.3d at 496.

Amazon indisputably had actual notice that the Washington CPA proscribed price gouging during the pandemic. In May 2020, in an attempt to forestall backlash over its pandemic response, Amazon announced publicly that wherever a "legal framework is in place to hold price gougers accountable, our collaboration [with law enforcement] is having a significant impact." *See* Pls.' Br. at 13. The company specifically highlighted Washington as a state not only where such legal protections were in place, but where Amazon was working alongside state officials to enforce Washington's CPA against price gougers. To support these claims, Amazon linked directly to guidance and cease-and-desist letters issued to Amazon sellers by then-Attorney General Bob

PLAINTIFFS' REPLY TO AMICUS BRIEFS – 6
Case No. 2:21-cv-00898-RSL

Ferguson. These communications stated the following:

- "Price-gouging during an emergency is morally wrong, and a violation of the Consumer Protection Act…. While Washington does not have a specific statute addressing price-gouging, it would be considered an unfair or deceptive practice under the Consumer Protection Act." *Id.*

- "It is illegal to charge excessive prices for goods necessary for the health, safety, and welfare of Washingtonians during the COVID-19 pandemic. Specifically, this conduct is a violation of the Consumer Protection Act, RCW 19.86.020." *Id.*

Perhaps most notably, both the guidance and the cease-and-desist letters issued by then-Attorney General Ferguson state that they were sent to Amazon sellers "***based on information provided by Amazon***." *Id.* Amazon cannot claim to have been unaware that price gouging fit within the "core meaning" of the CPA when it was ***reporting other sellers*** to the Washington Attorney General for price gouging in violation of the very same law.

Further, even if Amazon did not have actual notice, the Court would still be required to analyze whether the law would put a reasonable person on notice that the *conduct at issue in the case*—not hypothetical conduct nor even real-world conduct not before the Court—can be considered. *See Kashem*, 941 F.3d at 371. This case involves Plaintiffs who were gouged in amounts ranging from 58% to 826%, and a proposed class that experienced even more severe gouges topping 1,800%, all during an unprecedented nationwide pandemic. *See* Compl. ¶¶ 5, 9. Any reasonable retailer would understand that markups of this magnitude, in these circumstances, could be considered "unfair" under Washington's broad and liberally construed CPA. Regardless of whether Amazon had actual notice or whether it *should* have had notice, its as-applied vagueness challenge necessarily fails. This insufficiency must have been evident to AWB and NRF, in fact, given that neither party even attempts to support Amazon's faulty as-applied challenge.

**2.    The fact that Amazon had actual notice that the CPA proscribed price gouging in turn prevents the Court from reaching the amici's facial vagueness challenges.**

In addition to defeating Amazon's as-applied challenge, Amazon's awareness of the illegality of its conduct also prevents the Court from even reaching amici's facial vagueness challenges. Both

amici argue, for example, that Plaintiffs' theory is "standardless" and makes it impossible for retailers to insulate themselves from legal challenge—such as a hypothetical grocer NRF discusses who does not know whether to sell bottled water at a higher price after an earthquake. NRF Br. 8-9. Similarly, AWB notes that products naturally sell for a higher price when there is higher demand, such as "Happy New Year 2024" banners and other celebratory merchandise in December 2023, contending that Plaintiffs' assertions would require businesses to second guess every pricing decision. AWB Br. 3, 5. Each of the amici's arguments is predicated on hypothetical scenarios and entirely untethered from Amazon, despite—or perhaps because of—Amazon's inability to bring a successful challenge.

The Supreme Court has ruled that a party who "engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *See Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 494-95 (1982). The Ninth Circuit recently echoed this sentiment, stating that it was "not persuaded by [the] contention that we may cast aside the longstanding rule that a litigant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge." *Kashem*, 941 F.3d at 376.[2]

*Kashem* clarified that the *Hoffman* rule can only be cast aside for a limited set of "exceptional circumstances," none of which apply here. *Id.* at 377. The "exceptional circumstances" are limited to (1) laws that implicate fundamental First Amendment rights, (2) laws that require analysis of an idealized crime or a categorical approach, and (3) statutes that lack any discernable core. *See Williams v. Wofford*, 2023 WL 5453344, at *1 (9th Cir. Aug. 24, 2023). Neither Amazon nor amici argue that the CPA infringes First Amendment rights or involves comparison to an idealized crime or any categorical approach. Nor can they demonstrate that the CPA lacks a discernable core; in order to qualify, a statute must be "plagued by such indeterminacy that it might be vague *even as applied* to the challengers." *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1207 (9th Cir. 2022) (emphasis added); *see also* Pls.' Br. at 14-16 (citing several cases supporting the notion that there is

---

[2] This "longstanding rule" was unchanged by *Johnson v. United States*, 576 U.S. 591, 603-04 (2015), and *Sessions v. Dimaya*, 584 U.S. 148, 156 (2018), in which the Supreme Court departed from the old *Salerno* standard for facial challenges, which stated that a statute would be held facially unconstitutional only if "no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). This is because, according to *Kashem*, the "principle that a litigant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge rests on an *independent foundation*, apart from the vague-in-all-applications rule." *Kashem*, 941 F.3d at 376.

great meaning imbued in the concept of unfairness within the CPA, including *State v. Reader's Dig. Ass'n, Inc.*, 81 Wn.2d 259 (1972)). Thus, amici remain bound to the *Hoffman* rule, and neither the amici nor Amazon can raise a facial challenge for circumstances beyond those before the Court.

Finally, the Ninth Circuit has reversed district courts that improperly considered "possible vagueness in hypothetical and fanciful situations not before the court," particularly when amici joined the challenger in arguing for the law's unconstitutionality—as in this case. *See, e.g.*, *Tucson v. City of Seattle*, 91 F.4th 1318, 1329-30 (9th Cir. 2024) (denying vagueness challenge despite amici raising discriminatory enforcement concerns); *see also Tingley v. Ferguson*, 47 F.4th 1055, 1062 (9th Cir. 2022) (affirming district court's denial of a vagueness challenge despite amici arguing the law was unconstitutional).

The Supreme Court and other circuit courts are in accord. *See, e.g.*, *Beckles v. United States*, 580 U.S. 256, 271 (2017) (denying vagueness challenge and applying *Hoffman* rule despite amici arguing that the law was vague as applied to others); *United States v. Facteau*, 89 F.4th 1, 35 (1st Cir. 2023), cert. denied, 145 S. Ct. 137 (2024) (denying vagueness challenge and applying *Hoffman* despite amici arguing statute was unconstitutional, holding "appellants cannot rely on that hypothetical indeterminacy to make a vagueness claim here"); *United States v. Osadzinski*, 97 F.4th 484, 486 (7th Cir. 2024) (same).

### C. Amici's facial challenge fails because the CPA has an identifiable "core" and is not "standardless."

Even if the Court assessed the merits of a facial challenge, it could not find the CPA unconstitutionally vague. Namely, the amici cannot show that the law lacks a "discernible core," as the CPA has long prohibited unconscionable, excessive pricing. Any edge cases on which there is ambiguity are properly left to the judicial process. Thus, the facial challenge fails.

#### 1. A facial challenge to a business regulation only succeeds if the law is "standardless" and lacks any "discernible core."

First, a facial "void for vagueness" challenge requires a challenger to show that a law is so standardless it "lacks a discernible core." *Williams*, 2023 WL 5453344, at *1 (cleaned up). If there is "an unmistakable core that a reasonable person would know is forbidden by the law," then the law is not "unconstitutional on its face." *Johnson*, 576 U.S. at 623. Thus, a law is only facially vague if

it specifies "no standard of conduct at all." *Iowa Pork Producers Ass'n v. Bonta*, 2024 WL 3158532, at *4 (9th Cir. June 25, 2024).

Second, this is a statute regulating business activities. The Supreme Court has held that "economic regulation is subject to a less strict vagueness test." *See Hoffman*, 455 U.S. at 499.

**2.  The CPA has a discernible core: unconscionably excessive pricing.**

Especially under the more flexible test for business regulation, the CPA certainly has a "discernible core." First, the CPA provides a "core" of prohibited "unfair" conduct. The FTC Act's unfairness prong has been upheld against vagueness challenges for over 100 years. *See Sears, Roebuck & Co. v. F.T.C.*, 258 F. 307, 311 (7th Cir. 1919); *see generally F.T.C. v. Sperry & Hutchinson Co.*, 405 U.S. 233, 240 (1972). A century's worth of decisions has only sharpened our understanding of the term "unfair" under both the FTC Act and the CPA. Indeed, the Washington Supreme Court already rejected a vagueness challenge to the CPA fifty years ago. *See Reader's Dig.*, 81 Wn.2d at 259.

Second, Washington courts have made clear that pricing practices, such as unconscionable pricing, are covered by the CPA. Decades ago, the CPA was applied against a defendant who "charged unconscionable prices" in violation of the Act. *Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d at 320. The Court has repeatedly reiterated that an unconscionable transaction, such as charging unconscionably excessive prices, violates the CPA. *See, e.g.*, *Nelson*, 127 Wn.2d at 132*; Kaiser*, 161 Wash. App. at 722. Thus, the CPA has a discernible "core" of prohibited conduct: unconscionably excessive pricing.

**3.  The CPA is not standardless.**

To save the CPA, Plaintiffs must simply identify a core of prohibited conduct, which is clear: the core of the CPA prohibits "unfair" business practices such as "unconscionable" and "excessive" pricing. Having done so, with respect to any hypotheticals raised by the amici, "the legal system offers a way to work out the uncertainties that lurk at every statute's periphery." *Trs. of Ind. Univ. v. Curry*, 918 F.3d 537, 541 (7th Cir. 2019).

There are over a thousand cases applying the CPA. Thus, the CPA, as interpreted by a wealth of decisions over decades, does not lack standards; it provides an "ascertainable standard for

inclusion and exclusion." *Kashem*, 941 F.3d at 374. Indeed, the CPA is designed to "evolve through a 'gradual process of judicial inclusion and exclusion.'" *Klem*, 176 Wn.2d at 785 (citation omitted).

Amici raise numerous hypotheticals and complain that the inclusion of price gouging within the CPA "invites plenty of questions" and "offers no answers." *See* NRF Br. 1. But there are answers: they can be gleaned from the hundreds of cases interpreting the unfairness prong and the standards that guide its application. *See Greenberg*, 3 Wn.3d at 463 (citing *Magney v. Lincoln Mut. Sav. Bank*, 34 Wash. App. 45 (1983)); *see also Rush v. Blackburn*, 190 Wash. App. 945 (2015).

Courts "do not doubt the constitutionality of laws" merely because interpretation involves "some matter of degree." *Guerrero v. Whitaker*, 908 F.3d 541, 545 (9th Cir. 2018) (quotation marks and citation omitted). Indeed, courts have denied vagueness challenges to phrases far more ambiguous than "unfair." *See Grayned v. City of Rockford*, 408 U.S. 104 (1972); *Parker v. Levy*, 417 U.S. 733 (1974).

### III.   CONCLUSION

Both amicus briefs are built upon misplaced arguments that have already been rejected. They lend Amazon's motion to dismiss no assistance.

DATED: April 2, 2025

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*
    Steve W. Berman (SBN 12536)
Dana Abelson (SBN 63278)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
dana.abelson@hbsslaw.com

| | |
|---|---|
| 1 | |
| 2 | Ben Harrington (pro hac vice) |
| | Benjamin J. Siegel (pro hac vice) |
| 3 | John Grant (pro hac vice) |
| | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| 4 | 715 Hearst Avenue, Suite 300 |
| | Berkeley, CA 94710 |
| 5 | Telephone: (510) 725-3000 |
| | Facsimile: (510) 725-3001 |
| 6 | benh@hbsslaw.com |
| | bens@hbsslaw.com |
| 7 | john.grant@hbsslaw.com |

*Attorneys for Plaintiffs and the Proposed Class*