The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                     AT SEATTLE

10   ALVIN GREENBERG, MICHAEL
     STEINBERG, and CHRISTINA KING, on          No. 2:21-cv-00898-RSL
11   behalf of themselves and all others similarly
     situated,                                  **AMAZON'S OPPOSITION TO**
12                                              **PLAINTIFFS' MOTION TO**
                            Plaintiffs,          **COMPEL DISCLOSURE**
13
            v.
14
     AMAZON.COM, INC., a Delaware
15   corporation,

16                          Defendant.

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................... 1

II.    RELEVANT BACKGROUND ................................................................................. 2

       A.    Plaintiffs' Evolving Claims ........................................................................... 2

       B.    Amazon's ESI Preservation Practices ........................................................... 3

       C.    Amazon Preserved Relevant Documents ....................................................... 4

       D.    Plaintiffs Manufacture a Dispute and File Their Motion Seeking
             Information Amazon Already Told Them It Would Provide. .......................... 6

III.   ARGUMENT ............................................................................................................ 7

       A.    Plaintiffs' Motion Is Disingenuous, Unwarranted, and Largely Moot. ......... 7

       B.    Amazon Provides All the Information Plaintiffs Request in Their Proposed
             Order. ............................................................................................................ 9

             1.    Comprehensive Litigation Hold Information .......................................... 9

             2.    Preservation Information for All Agreed Custodians. ............................ 9

             3.    Detailed Descriptions of Amazon's Document Retention and
                   Preservation Policies Applicable to All Custodians. ............................ 10

       C.    The Court Should Deny Plaintiffs' Request for Amazon's Litigation Hold
             Notices As Irrelevant and Privileged. .......................................................... 10

             1.    Amazon's Litigation Hold Notices Are Irrelevant ............................... 10

             2.    Amazon's Litigation Holds Are Privileged and Not Discoverable. ...... 11

IV.    CONCLUSION ....................................................................................................... 13

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Agne v. Papa John's Int'l, Inc.*,
   2012 WL 12882903 (W.D. Wash. 2012)................................................................................11

*Al Otro Lado, Inc. v. Wolf*,
   2020 WL 4432026 (S.D. Cal. 2020) ....................................................................................12

*Al Otro Lado, Inc. v. Wolf*,
   2021 WL 631789 (S.D. Cal. 2021) ......................................................................................12

*In re Cathode Ray Tube Antitrust Litig.*,
   2023 WL 5667882 (N.D. Cal. 2023) ...................................................................................12

*City of Colton v. Am. Promotional Events, Inc.*,
   2011 WL 13223880 (C.D. Cal. 2011)..................................................................................11

*Doe LS 340 v. Uber Techs., Inc.*,
   710 F. Supp. 3d 794 (N.D. Cal. 2024) ................................................................................12

*EEOC v. Fry's Elecs., Inc.*,
   874 F. Supp. 2d 1042 (W.D. Wash. 2012)..........................................................................12

*FTC v. Amazon.com, Inc.*,
   2024 WL 3342701 (W.D. Wash. 2024) ..............................................................................11

*Palmer v. Cognizant Tech. Sols. Corp.*,
   2021 WL 12302254 (C.D. Cal. 2021)..................................................................................12

*Stevens v. BYU Idaho*,
   2020 WL 7366318 (D. Idaho 2020).....................................................................................11

*Thomas v. Cricket Wireless, LLC*,
   2020 WL 7344742 (N.D. Cal. 2020) ...................................................................................11

*Waste Action Project v. Girard Res. & Recycling, LLC*,
   2024 WL 3251776 (W.D. Wash. 2024) ..............................................................................12

**State Statutes**

Cal. Penal Code § 396(b) .......................................................................................................2

**Rules**

Fed. R. Civ. P. 37......................................................................................................................12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION

Plaintiffs' Motion to Compel (Dkt. 127) is both disingenuous and needlessly alarmist. Plaintiffs seek to give the Court the false impression that Amazon intentionally destroyed relevant documents and is covering it up. Amazon did not destroy any documents. It has produced over 75,000 documents spanning almost 400,000 pages, and it continues to collect and produce additional documents and data. There is no evidence that Amazon sought to make evidence unavailable to Plaintiffs, and indeed, the record shows the opposite.

Plaintiffs' concern is that Amazon did not place *all* personnel across its vast pricing organization on a litigation hold at the outset of this case. But there was no reason Amazon should have done so. Plaintiffs' original theory was that any price increase exceeding 15% during the pandemic was *per se* illegal. That theory turned primarily on *pricing data* that Amazon undisputedly preserved—not email. Moreover, most of the goods Plaintiffs allegedly purchased were sold by third-party sellers, meaning those third parties (not Amazon) set those prices. Nonetheless, Amazon acted in good faith to identify a core set of pricing personnel and place them on a litigation hold. After the Washington Supreme Court rejected Plaintiffs' *per se* theory, Plaintiffs pivoted to new (and apparently still evolving) liability theories based on amorphous considerations of fairness and public policy. In response, Amazon expanded its litigation hold to include additional personnel, and Amazon has since added even more personnel Plaintiffs identified.

Despite Amazon's preservation efforts and extensive document productions to date, Plaintiffs rushed to file this Motion, in the middle of an active meet-and-confer process, to misleadingly imply bad-faith document destruction by Amazon. Although Plaintiffs assert Amazon "destroyed" documents for seven custodians, there was no such "destruction." There are only *two* relevant custodians whose custodial ESI was not preserved—and there are nevertheless tens of thousands of emails involving those individuals in the preserved ESI of other custodians. Amazon tried to address Plaintiffs' concerns, working extensively for months to provide detailed

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  information in response to Plaintiffs' endless questions and demands. And it offered *five*

2  additional custodians to cover any preservation gaps.

3        Amazon also offered *before* Plaintiffs filed this Motion to provide almost everything they

4  now seek. But Plaintiffs were more interested in trying to smear Amazon before the Court than

5  in reaching agreement. That is reflected in the fact that Plaintiffs did not even respond to

6  Amazon's offer, which could have avoided this Motion altogether. Indeed, the only relief

7  Plaintiffs seek to which Amazon did not previously agree is the production of the litigation hold

8  notices Amazon issued in this matter. Those are both privileged and irrelevant given other

9  information Amazon has provided about its automated preservation of email and other

10  electronically stored communications. Specifically, Amazon's litigation holds are self-executing

11  and do not rely on manual processes or individual compliance to preserve such communications.

12  The language of a hold notice therefore does not determine the scope of communications

13  retained. Moreover, this dispute is only about *which custodians* Amazon placed on holds, not

14  how Amazon communicated its holds or any individual's compliance.

15        The Court should deny the Motion.

16  **II.     RELEVANT BACKGROUND**

17       **A.     Plaintiffs' Evolving Claims.**

18        Plaintiffs' lawyer-driven crusade against Amazon for supposed pandemic-era "price

19  gouging" began on April 21, 2020. Two California plaintiffs, represented by Plaintiffs' counsel

20  in this case, filed a class action complaint alleging violation of the California Unfair Competition

21  Law in *McQueen v. Amazon.com, Inc.*, No. 20-cv-02782-JSW (N.D. Cal.). *McQueen* alleged

22  price gouging on essential goods at the height of pandemic-induced market dislocations.

23  Goldmark Decl. Ex. D. Critically, *McQueen* turned on alleged violations of a specific California

24  anti-price-gouging statute that prohibits price increases of 10% after an emergency declaration,

25  subject to defenses including a seller's increased costs. *Id.* ¶¶ 73, 77; Cal. Penal Code § 396(b).

26        Counsel substituted the current Plaintiffs in July 2020. Goldmark Decl. Ex. E. Plaintiffs

27  then refiled in this Court in July 2021, again advancing a theory of *per se* liability for 15% price

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   increases after the federal COVID declaration of emergency. Dkt. 19 ¶ 128. In September 2024,

2   the Washington Supreme Court rejected any percentage-based *per se* theory. Plaintiffs then

3   shifted to the amorphous theory they now pursue based on offenses to "public policy." *See* Dkt.

4   66 ¶¶ 130, 145.

5           Until then, the issues in this case turned on the prices for goods in the Amazon.com store

6   and their underlying costs. The relevant discovery was price and cost data—especially cost data

7   from third-party sellers, who comprise 70% of Plaintiffs' alleged transactions, all of which is

8   outside Amazon's control. There was no reasonable basis to preserve all electronic

9   communications for a vast swath of Amazon personnel.

10          After Plaintiffs filed their Second Amended Complaint—advancing Plaintiffs' new

11  "unfairness"-based theory—the Court issued a case schedule setting a near-term deadline for

12  agreement on custodians. Dkt. 69. Amazon proposed twelve custodians[1] based on its assessment

13  of which personnel might have relevant information and an initial collection of over 50 million

14  unique documents. Goldmark Decl. ¶ 3.

15          Plaintiffs did not object to Amazon's candidates but instead proposed several additions.

16  *Id.* Amazon agreed to three candidates outright.[2] *Id.* Amazon agreed to one more candidate as a

17  matter of compromise but disagreed that the candidate was relevant.[3] *Id.* That candidate was not

18  involved in setting prices or pricing policies; rather, he was a data scientist who worked to

19  implement pricing-related algorithms at the direction of business personnel, who are custodians.

20  In agreeing to that candidate, in the interest of candor, Amazon advised Plaintiffs that it had not

21  previously placed him on a litigation hold. *Id.*

22          **B.    Amazon's ESI Preservation Practices.**

23          When Amazon places an employee on a litigation hold, it suspends all automatic deletion

24  polices for their custodial sources: email, Chime, and Slack (collectively, "ESI").[4] Stangler Decl.

25

26  [1] Bhutani, Brown, Buggia, Chopra, DuBois, Glenn, Mehta, Nirmalananda, Noggle, Palanca, Parakh, and Soni.
     [2] Beckmeyer, Flesch, and Huseman.

27  [3] Cui.
     [4] Chime and Slack are electronic messaging systems used by Amazon employees.

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   ¶ 3. Amazon's system preserves materials from those sources, independent of subject matter,

2   even if a custodian manually deletes a document. *Id.* This back-end preservation system

3   eliminates human error, ensuring all custodial ESI is retained from the date the hold is

4   implemented until it is released. *Id.* Amazon also sends hold recipients a memorandum advising

5   them of the litigation and instructing them to retain all relevant materials. *Id.* The subject matter

6   detailed in this memorandum does not determine what ESI is retained: all the custodial ESI is

7   preserved. *Id.*

8          An individual may be covered by multiple litigation holds simultaneously. If so, each

9   hold operates independently to preserve the custodian's ESI. *Id.* ¶ 4. Even if a person is removed

10  from a hold for one matter, their custodial ESI will be preserved so long as they remain subject

11  to an active hold for another matter. *Id.*

12         When an employee is not on a litigation hold, Amazon's standard and longstanding

13  document retention policies apply. *Id.* ¶ 8. Under these policies, Amazon (like every other

14  business) does not retain documents indefinitely because doing so is impractical. *Id.* Amazon has

15  never changed its standard retention practices in response to any litigation, aside from the

16  imposition of holds. *Id.* Following those standard practices, custodial ESI from people who are

17  not on a hold are deleted in the ordinary course. *Id.* This ordinary-course deletion has nothing to

18  do with this case; it is simply standard operating procedure. *Id.*

19         **C.      Amazon Preserved Relevant Documents.**

20         Plaintiffs' Motion—and conduct—make clear they are less interested in getting

21  documents from Amazon than in raising issues with the Court. The Motion ignores that Amazon

22  has already reviewed over 200,000 documents from the sixteen agreed custodians. Goldmark

23  Decl. ¶ 2. By the April 21, 2025 substantial completion deadline, Amazon had produced 75,740

24  documents and communications responsive to Plaintiffs' requests, spanning almost 400,000

25  pages. *Id.* Several weeks ago Amazon offered to review another almost 90,000 documents from

26  five supplemental custodians—but Plaintiffs have yet to agree or make a counterproposal. *Id.* ¶ 2

27  & n.2. Plaintiffs also ignore the massive amount of pricing- and cost-related data Amazon has

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    produced—which is the core of this case. Amazon has produced six sets of data, covering all

2    offers from the pertinent period, all transactions, its "contribution profit" or cost estimates,

3    pricing notices sent to third-party sellers with excessive prices, instances in which an offer was

4    disqualified from being a Featured Offer due to an atypical price, and instances where an offer

5    was not displayed for pricing reasons under Amazon's Price Error Prevention system. *Id.* ¶ 2.

6         As for custodial documents, custodial ESI was preserved for the agreed relevant period,

7    from at least January 2020 to 2023, for six custodians.[5] Stangler Decl. ¶ 11. Three additional

8    custodians' documents were fully preserved for a large portion of the agreed relevant period.[6] *Id.*

9    Each of those three custodians also have at least several hundred documents per month preserved

10   going back to February 2020. *Id.* For three other custodians,[7] Amazon preserved their documents

11   since October 2022. *Id.* It was around this time Amazon became aware that Plaintiffs would be

12   seeking broad discovery of email correspondence in this case, even though their claims were still

13   focused on *per se* price thresholds. *See* Dkt. 34 at 2–4 (Sept. 2022 Joint Statement of Disputes

14   Regarding Discovery Protocols); Dkt. 45 (Feb. 2023 Order).

15        Plaintiffs falsely claim that Amazon discarded documents for seven "agreed" custodians.

16   Mot. at 1. That is incorrect. Plaintiffs omit that Amazon believes one of those custodians is

17   irrelevant[8]—and has said so since Plaintiffs suggested him. That individual—and two other

18   employees who Plaintiffs seek to inject into this dispute[9]—are data scientists who built and

19   technically implemented the systems Amazon's business decision-makers required. It is no

20   surprise they were not on a litigation hold.

21        A second of the so-called "agreed" custodians is duplicative.[10] Amazon agreed to include

22   this person—who also had a technical role—only for the sake of compromise, as it made clear at

23

24

---

25   [5] Brown, Chopra, Glenn, Huseman, Mehta, and Noggle.
     [6] Parakh (from October 2020), Buggia (from July 2021), and Soni (from March 2021).
26   [7] Beckmeyer, Bhutani, and Palanca.
     [8] Cui.
27   [9] Peng Wang, whom Plaintiffs mistakenly refer to as "Peter," and Isaac Jang.
     [10] Goldmark Decl. ¶ 3 n.3 (explaining Flesch's decision-making superiors are custodians with preserved ESI).

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the time. Goldmark Decl. ¶ 3 & n.3. Amazon agreed to that addition before evaluating whether that custodian was already on a litigation hold. *Id.* ¶ 3.

Of the other five custodians, three others were on a litigation hold for at least part of the relevant period. Stangler Decl. ¶ 12. Only *two* of the custodians were not. *Id.* Amazon does not dispute the potential relevance of these personnel to Plaintiffs' new liability theory, but they are not uniquely relevant. When these issues came to light in ESI negotiations, Amazon offered Plaintiffs *five* replacements, all more senior than the original custodians and with more authority over pricing during the pandemic.[11] Goldmark Decl. ¶ 4. Moreover, *tens of thousands* of communications from those original two custodians were included in Amazon's review because they worked closely with other custodians with preserved ESI. Stangler Decl. ¶ 12.

### D.    Plaintiffs Manufacture a Dispute and File Their Motion Seeking Information Amazon Already Told Them It Would Provide.

Plaintiffs exploited the unremarkable news that Amazon had not placed irrelevant or duplicative personnel on a litigation hold to gin up a dispute. They inundated Amazon with serial demands for information that was mostly privileged or irrelevant. Goldmark Decl. ¶ 4. Amazon performed time-consuming, in-depth analytics of thousands of gigabytes of data to provide preservation information for all custodians. *Id.* Amazon acknowledged—transparently and cooperatively—certain gaps in the available custodial ESI for four individuals, two of whom were not identified as potential custodians until December 2024 and January 2025. *Id.*

To clarify the true underlying issue, which Plaintiffs' Motion obscures: There are only *two* relevant custodians whose documents were not preserved for the entire relevant period. Amazon offered *five* replacement custodians. As requested by Plaintiffs, Amazon has also provided: custodial hit reports by search term and month over seven years for each custodian; descriptions of each custodian's role and involvement in 2020, the key time period; and general preservation information for each custodian. Goldmark Decl. ¶ 5. As requested by Plaintiffs, and *before* Plaintiffs filed this Motion, Amazon also agreed to provide even more information,

---

[11] Herrington, Mathieson, Simpson, Oommen, and French.

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   including the litigation hold lists and dates that Plaintiffs seek through this Motion. *Id.* ¶ 6 &

2   Ex. C. As Amazon already told Plaintiffs it would do, Amazon has provided: case-specific and

3   broader litigation hold information for each custodian; hit counts for all agreed custodians for

4   April 2020 to present; information on which other Amazon personnel were placed on a hold for

5   this case; and production of Amazon's applicable document retention policies. *See id.*; Stangler

6   Decl. ¶¶ 3–9. Amazon has more than addressed any preservation gaps.

7       As for the one remaining requested item—Amazon's litigation holds themselves—those

8   are privileged and irrelevant given Amazon's litigation hold process is automated, triggering

9   preservation of *all* custodial ESI for an individual, regardless of subject matter described in the

10  hold. Nor is there any basis for requiring Amazon to produce them where Amazon has worked

11  extensively to identify and remediate any preservation gaps.

### III.   ARGUMENT

### A.   Plaintiffs' Motion Is Disingenuous, Unwarranted, and Largely Moot.

14      Despite having received all the non-privileged information they could reasonably need to

15  assess Amazon's preservation efforts, Plaintiffs ran to the Court with their disingenuous—if not

16  outright misleading—Motion seeking to compel Amazon to provide what it already told

17  Plaintiffs it would provide. This Motion is both procedurally and substantively wrong.

18      Plaintiffs moved to compel despite Amazon's thorough, forthcoming, and productive

19  responses throughout their continuing meet-and-confer process—and without ever responding to

20  Amazon's April 21 letter, which agreed to provide almost all of the information Plaintiffs seek.

21  Amazon provided Plaintiffs with, among other things:

22      • Proposals for *five* replacement custodians, with confirmed document preservation, all

23        senior leaders at Amazon;

24      • An explanation of why certain individuals—including the four data scientists who

25        authored the papers on which Plaintiffs fixate—are not appropriate custodians; and

26      • Hit counts for the parties' agreed-upon search terms, for each custodian, by year for

27        seven years—over 10,000 individual data points not typically produced.

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   Goldmark Decl. ¶¶ 4–5; *cf.* Dkt. 128 (Harrington Decl.) ¶ 3. In other words, Amazon already

2   provided Plaintiffs all the "basic details" surrounding its litigation holds—and more. *See* Mot. at

3   10.

4           Importantly, while Amazon voluntarily provided all of this information, it also

5   accommodated Plaintiffs' demands for similar information in a different form—even where the

6   differences were almost comical. For example, Plaintiffs requested—and Amazon agreed to

7   provide—information on the total number of unique, additional documents for the four

8   replacement custodians, even though Amazon already gave Plaintiffs custodial hit counts

9   organized by search term. Goldmark Decl. ¶¶ 5–6. And Plaintiffs requested—and Amazon

10  agreed to provide—more job information for the replacement custodians including titles and

11  responsibilities from 2018 to 2023, even though Amazon already gave Plaintiffs this information

12  for 2020 and 2023, the key period of this case. *Id.* & Ex. C.

13          Indeed, the *only* point of dispute remaining between the parties when Plaintiffs filed the

14  Motion was whether Amazon would produce its litigation holds themselves and a list of the dates

15  on which each person was added to the hold. In its April 21 letter, *Amazon agreed to disclose*

16  *who was placed on a hold and when*, provided that Plaintiffs simply agree they would not argue

17  that Amazon waived privilege by doing so. *Id.* at Ex. C. Plaintiffs never responded and instead

18  filed this Motion the next day. *Id.* ¶ 6. They complain now that Amazon's offer was

19  insufficiently case-specific. But because Amazon's document preservation procedures work on a

20  blanket, back-end basis, the reason for preservation is not relevant to what custodial ESI was

21  preserved. Plaintiffs never sought clarification and refused to engage cooperatively to address

22  any real remaining dispute, instead rushing to the Court.

23          As its hyperbole reveals, the purpose of Plaintiffs' Motion is not to obtain additional

24  information—most of which Amazon has agreed to provide. Instead, Plaintiffs fabricate an

25  impasse to vilify Amazon in front of the Court. And Plaintiffs prematurely abandoned a live

26  meet-and-confer process, which the Local Rules require. The Court should not reward this.

27

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

  **B.**  **Amazon Provides All the Information Plaintiffs Request in Their Proposed Order.**

2

    **1.**  **Comprehensive Litigation Hold Information.**

3

   Amazon agreed to provide expansive litigation hold recipient information before

4

Plaintiffs filed the Motion. Goldmark Decl. ¶ 6 & Ex. C. Consistent with that agreement,

5

Amazon confirms with this Opposition that it has provided to Plaintiffs detailed information

6

showing all personnel on holds for this case, along with the dates on which Amazon imposed

7

those holds. *See* Stangler Decl. ¶ 9. This moots Item 2 in Plaintiffs' Proposed Order. *See* Dkt.

8

127-1.

9

    **2.**  **Preservation Information for All Agreed Custodians.**

10

   Plaintiffs demand extensive information on the means of communication used by dozens

11

of "potential" custodians for "work-related purposes," and confirmation that for "each such

12

source," Amazon preserved all documents and communications from January 1, 2017, to the

13

present. Dkt. 127-1.

14

   ***First***, Amazon confirms that, for work-related purposes, the agreed custodians used only

15

email, Chime, and Slack to communicate about business matters or have provided their text

16

messages, and Amazon will produce any text messages responsive to Plaintiffs' requests.[12] *See*

17

Goldmark Decl. ¶ 7. Amazon also provided document counts from January 2019 to December

18

2023 to confirm the preservation of documents and communications, as well as any gaps. *Id.* ¶ 6.

19

   ***Second***, Amazon already provided Plaintiffs with custodial hit reports by search term and

20

month for each agreed custodian for a seven-year period. *Id.* ¶ 5. But to moot any further

21

unnecessary dispute, Amazon has now also provided Plaintiffs hit counts for any time a

22

custodian appears in the To, From, CC, or BCC field of (1) a collected communication or (2) a

23

collected communication that hit on a search term—regardless of whether that individual is the

24

custodian of the communication. *Id.* ¶ 6.

25

26

27

---

[12] Amazon cannot determine whether former-employee custodians used their personal devices to send text messages to communicate about business, which would be contrary to Amazon policy.

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    *Third*, Amazon does not understand Plaintiffs' demand for confirmation that it preserved

2    documents from January 2017—more than three years before *McQueen*. Amazon had no

3    preservation obligation until mid-2020 at the earliest, when Plaintiffs' counsel filed *McQueen*. At

4    that point any custodial documents from 2017 may have been deleted under the ordinary

5    operation of Amazon's retention policies. And when it imposed holds, all custodial ESI

6    regardless of date was preserved.

7    *Finally*, Amazon disputes one narrow issue: Plaintiffs' demand for detailed information

8    on ten so-called "potential" custodians. Dkt. 127-1 at 2 & n.1. Plaintiffs never expressed more

9    than a passing interest in these other "potential" custodians until they filed the Motion. Goldmark

10    Decl. ¶ 4. Amazon already offered more than sufficient replacement custodians—and provided

11    document preservation information for all custodians.

### 3.    Detailed Descriptions of Amazon's Document Retention and Preservation Policies Applicable to All Custodians.

Plaintiffs demand a "[d]etailed description of Amazon's document retention policies" and

confirmation that Amazon disabled any automatic ESI deletion protocols as of April 21, 2020.

Dkt. 127-1 at 2. Consistent with its promise made before Plaintiffs filed this Motion, Amazon

provides the date each agreed custodian was on a hold that disabled any automatic custodial ESI

deletion protocols. Stangler Decl. ¶ 9. Further, Amazon provided its document retention policies.

Goldmark Decl. ¶ 6.

### C.    The Court Should Deny Plaintiffs' Request for Amazon's Litigation Hold Notices As Irrelevant and Privileged.

The *sole* category of information that Amazon will not provide are the actual litigation

hold notices—memoranda from its legal department to employees advising them on their

preservation obligations. These documents are both irrelevant to the issue Plaintiffs bring to the

Court and privileged.

### 1.    Amazon's Litigation Hold Notices Are Irrelevant.

*First*, Amazon's litigation holds are electronically self-executing. Stangler Decl. ¶ 3.

Once a hold is in place for a particular custodian, all custodial ESI deletion—whether automatic

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 10

1    or manual—is suspended. *Id.* What Amazon told custodians does not implicate which ESI

2    Amazon retained.

3         **Second**, this dispute is only about *which* custodians received notices and when, not what

4    those notices said or whether custodians complied with them. Amazon has identified every

5    custodian subject to a hold. The holds themselves do not speak to this issue.

6              **2.      Amazon's Litigation Holds Are Privileged and Not Discoverable.**

7         "[L]itigation hold notices are not discoverable, 'particularly when a party has made an

8    adequate showing that the letters include material protected under attorney-client privilege or the

9    work-product doctrine.'" *Agne v. Papa John's Int'l, Inc.*, 2012 WL 12882903, at *3 (W.D.

10   Wash. 2012) (citation omitted); *FTC v. Amazon.com, Inc.*, 2024 WL 3342701, at *1 (W.D.

11   Wash. 2024) (same); *Thomas v. Cricket Wireless, LLC*, 2020 WL 7344742, at *2 (N.D. Cal.

12   2020) (litigation hold notices are "normally considered privileged and generally are not

13   discoverable"). Amazon's litigation holds contain information constituting attorney-client

14   privileged communications and work product. *See* Stangler Decl. ¶ 7.

15        Plaintiffs have shown nothing to merit invading Amazon's attorney-client privilege or

16   work product protection. There is no evidence Amazon intentionally destroyed relevant

17   documents (it did not) or did anything other than follow its normal document retention practices.

18   Failing to anticipate a broad swath of Plaintiffs' preferred custodians years in advance is not

19   "spoliation." Plaintiffs' authorities involve egregious conduct, with parties taking intentional

20   steps to destroy known relevant materials during the course of litigation. *See, e.g.*, *Agne*, 2012

21   WL 12882903, at *3 (party instructed vendor to destroy relevant evidence); *Stevens v. BYU*

22   *Idaho*, 2020 WL 7366318, at *5 (D. Idaho 2020) (plaintiff intentionally erased cell phone

23   messages that were central evidence); *City of Colton v. Am. Promotional Events, Inc.*, 2011 WL

24   13223880, at *4 (C.D. Cal. 2011) (party waited four years after "litigation preparations" to issue

25

26

27

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 11

1    litigation hold).[13] This is a far cry from Plaintiffs' complaint here that Amazon did not perfectly

2    anticipate which custodians they would prefer as their claims evolved over several years.

3        For purposes of spoliation, Amazon did not "destroy" documents it was under no

4    obligation to preserve. It was never required to "preserve every email or electronic document."

5    *Doe LS 340 v. Uber Techs., Inc.*, 710 F. Supp. 3d 794, 802 (N.D. Cal. 2024); *see also Al Otro*

6    *Lado, Inc. v. Wolf*, 2021 WL 631789, at *2 (S.D. Cal. 2021). Nor every document held by a

7    custodian or "potential custodian." Dkt. 127-1 at 2.

8        Plaintiffs characterize Amazon's inability to predict every possible individual who might

9    ultimately become a custodian as a failure of its preservation responsibilities. But Plaintiffs

10   ignore the changing character of their own claims. Amazon had no duty in 2020 to preserve

11   documents for custodians that would not be even proposed until four years later, especially

12   considering the data-driven nature of Plaintiffs' claims until late 2024. Amazon took reasonable

13   steps to preserve evidence for the past five years as Plaintiffs' claims evolved. *See* Stangler Decl.

14   ¶¶ 9–12. In 2020, Amazon directed its identified custodians to preserve evidence that it

15   "reasonably believed" may be relevant to the pending and future litigation—then tied to the *per*

16   *se* percentage-based theory—satisfying its preservation obligation. *Id.* ¶ 10; *see EEOC v. Fry's*

17   *Elecs., Inc.*, 874 F. Supp. 2d 1042, 1044 (W.D. Wash. 2012). Rule 37 "does not call for

18   perfection." Fed. R. Civ. P. 37, advisory committee's note to 2015 amendments ("Due to the

19   ever-increasing volume of electronically stored information … perfection in preserving all

20   relevant electronically stored information is often impossible.").

21

_____

22   [13] Plaintiffs' other authorities involve parties that destroyed evidence, failed to put any litigation hold on custodians
     for extended periods of time, failed to ever order the preservation of documents, or preserved the incorrect

23   custodian's documents. *See, e.g.*, *Waste Action Project v. Girard Res. & Recycling, LLC*, 2024 WL 3251776, at *3
     (W.D. Wash. 2024) (party deleted email account with access information for hard drive and overwrote relevant

24   video footage); *Al Otro Lado, Inc. v. Wolf*, 2020 WL 4432026, at *2 (S.D. Cal. 2020) (preliminary showing of
     spoliation where custodian admittedly shredded daily meeting notes—the only evidence of the meetings'

25   discussions—including after the litigation hold was issued); *In re Cathode Ray Tube Antitrust Litig.*, 2023 WL
     5667882, at *2 (N.D. Cal. 2023) (party waited eight months to provide verbal instructions for a litigation hold);

26   *Palmer v. Cognizant Tech. Sols. Corp.*, 2021 WL 12302254, at *14, 17 (C.D. Cal. 2021) (party waited to issue
     litigation holds until years after initiation of litigation). In contrast, in addition to automatically preserving swaths of

27   custodians' information, Amazon has spent significant time interviewing potential custodians and tracking down
     relevant documents pertaining to Plaintiffs' numerous requests for additional custodians. Goldmark Decl. ¶ 4.

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    Amazon had no notice, and therefore no obligation, to preserve documents for custodians

2  Plaintiffs decided were relevant *three complaints and five years later* under a different legal

3  theory. Still, Amazon has diligently preserved and collected relevant custodial ESI since

4  *McQueen*—including core data related to pricing—and updated its custodians in stride with

5  Plaintiffs' never-ending demands for more information.

6                              **IV.    CONCLUSION**

7    The Court should deny the Motion for the reasons set forth above.

8    DATED this 7th day of May, 2025.

9                                        Respectfully submitted,

10

11                                       */s/ John A. Goldmark*
                                         John A. Goldmark, WSBA #40980
                                         MaryAnn T. Almeida, WSBA #49086
12                                       Nick Valera, WSBA # 54220
                                         Caitlyn C. Courtney, WSBA #62344
13                                       DAVIS WRIGHT TREMAINE LLP
                                         920 Fifth Avenue, Suite 3300
14                                       Seattle, WA 98104-1610
                                         Telephone: (206) 622-3150
15                                       Email: johngoldmark@dwt.com
                                                 maryannalmeida@dwt.com
16                                               nickvalera@dwt.com
                                                 caitlyncourtney@dwt.com
17
                                         John Freed, *admitted pro hac vice*
18                                       DAVIS WRIGHT TREMAINE LLP
                                         50 California Street, 23rd Floor
19                                       San Francisco, CA 94111
                                         Telephone: (415) 276-6500
20                                       Email: jakefreed@dwt.com

21                                       */s/ Jennifer Kennedy Park*
                                         Jennifer Kennedy Park, *admitted pro hac vice*
22                                       Matthew M. Yelovich, *admitted pro hac vice*
                                         CLEARY GOTTLIEB STEEN & HAMILTON LLP
23                                       1841 Page Mill Road, Suite 250
                                         Palo Alto, CA
24                                       Telephone: (650) 815-4100
                                         Email: jkpark@cgsh.com
25                                               myelovich@cgsh.com

26

27

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Ryan Shores, *admitted pro hac vice*
Nowell D. Bamberger, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Email: rshores@cgsh.com
      nbamberger@cgsh.com

Charity E. Lee, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Email: charitylee@cgsh.com

*Attorneys for Defendant Amazon.com, Inc.*

*I certify that this memorandum contains 4,199
words in compliance with the Local Civil Rules.*

AMAZON'S OPP. TO PLAINTIFFS' MOT. TO COMPEL DISCLOSURE
(2:21-cv-00898-RSL) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax