The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ALVIN GREENBERG, MICHAEL STEINBERG, and CHRISTINA KING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:21-cv-00898-RSL<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR:**<br>August 12, 2025 |

PLAINTIFFS' REPLY IN SUPP. OF MOTION FOR PROTECTIVE ORDER
Case No. 2:21-cv-00898-RSL

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

010923-11/3265041 V1

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ................................................................................1

II.   ARGUMENT .............................................................................................................1

    A.    Amazon's subpoenas seek irrelevant records. ..............................................1

        1.    The subpoenas seek broad and irrelevant purchase records. .......................2

        2.    The discovery is also not relevant based on the substantial injury test. ........................................................................................................3

        3.    This Court's recent ALDI decision does not support Amazon. ....................................................................................................4

    B.    Amazon's subpoenas are burdensome and an unacceptable infringement on the privacy of Plaintiffs and their loved ones. ............................5

        1.    The subpoenas seek information on family members not even mentioned in the Complaint. ...............................................................5

        2.    Amazon's Subpoenas seeking records on "all purchases" are clearly invasive. .....................................................................................6

CONCLUSION ........................................................................................................................6



# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Brannan v. Nw. Permanente, P.C.*,
  2006 WL 2794881 (W.D. Wash. Sept. 27, 2006) ................................................................. 2

*Dart Indus. Co. v. Westwood Chem. Co.*,
  649 F.2d 646 (9th Cir. 1980) ............................................................................................ 2, 5

*De Coster v. Amazon.com, Inc.*,
  2025 WL 1970287 (W.D. Wash. July 1, 2025) ................................................................... 3

*F.T.C. v. Neovi, Inc.*,
  604 F.3d 1150 (9th Cir. 2010) ............................................................................................. 4

*Greenberg v. Amazon.com, Inc.*,
  3 Wn. 3d 434 (2025) ....................................................................................................... 3, 4

*Hancock v. Aetna Life Ins. Co.*,
  321 F.R.D. 383 (W.D. Wash. 2017) .................................................................................... 4

*Kremers v. Coca-Cola Co.*,
  712 F. Supp. 2d 759 (S.D. Ill. 2010) ................................................................................... 4

*Reming v. Holland Am. Line Inc.*,
  2012 WL 3704937 (W.D. Wash. Aug. 27, 2012) (Lasnik, J.) ............................................. 4

*Roberts v. Cty. of Riverside*,
  2020 WL 5913852 (C.D. Cal. July 14, 2020) ..................................................................... 2

### OTHER AUTHORITIES

Fed. R. Civ. P. 26(b) ................................................................................................................ 1

PLAINTIFFS' REPLY IN SUPP. OF MOTION FOR PROTECTIVE ORDER – ii
Case No. 2:21-cv-00898-RSL

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

010923-11/3265041 V1

I.   **PRELIMINARY STATEMENT**

Amazon's opposition does not cite a single case authorizing the family member discovery it seeks. That is not surprising because the fundamental requirement for discovery is that the requested materials or information be relevant, a requirement that has particular force when discovery is sought from non-parties. Here, the materials requested about the class representatives' family members are not relevant to the claims in this case.

Amazon's principal argument is that the discovery is relevant because the putative class's claims encompass a broad swath of Amazon products. But the class representatives in this case are "representative" of the class because they bought *particular goods* on Amazon that they say were price gouged. It is simply not relevant to discover the purchase history for *other goods* paid for by the *family members of class representatives* at other large retailers. Indeed, the purchase histories for the class representatives for these other goods at these retailers is similarly irrelevant, but Plaintiffs compromised and agreed not to oppose the discovery requests as to Plaintiffs themselves. That Amazon still seeks broad purchase histories for family members highlights why the subpoenas' main function is to intimidate the Plaintiffs.

Amazon's other claim of relevance is based on the substantial injury test that Plaintiffs will not rely on if Amazon's constitutional challenge to the CPA's other tests is rejected. But even if applicable, the substantial injury test focuses only on *Plaintiffs' awareness* of what is reasonably avoidable. Thus, the only subpoenaed information that might be relevant to that issue—Plaintiffs' own purchases and rationale for them—can be collected from the Plaintiffs themselves.

Moreover, even if there were any marginal relevance to the materials sought (there is not), that discovery is duplicative of what can be (and is already) directly sought from the named Plaintiffs, and any probative value is grossly outweighed by the invasiveness of Amazon's requests. Plaintiffs' Motion for Protective Order should be granted and Amazon's efforts to target Plaintiffs' family members with irrelevant discovery should be rejected.

II.   **ARGUMENT**

**A.   Amazon's subpoenas seek irrelevant records.**

A fundamental requirement for discovery is that it seek relevant information. *See* Fed. R. Civ.

PLAINTIFFS' REPLY IN SUPP. OF MOTION FOR PROTECTIVE ORDER – 1
Case No. 2:21-cv-00898-RSL

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

010923-11/3265041 V1

P. 26(b). Discovery as to nonparties is inherently "more limited" to protect them from "harassment, inconvenience, or disclosure of confidential documents." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). It is "a generally accepted rule" that a "stronger showing of relevance" is required "for non-party discovery" than for "party discovery." *Roberts v. Cty. of Riverside*, 2020 WL 5913852, at *3 (C.D. Cal. July 14, 2020). Amazon fails to acknowledge this heightened standard in its opposition and does not come close to meeting it.

### 1. The subpoenas seek broad and irrelevant purchase records.

Amazon relies heavily on the argument that the discovery is relevant because if the operative complaint alleges that Amazon gouged consumers on the prices of "all consumer goods and food items[, Plaintiffs cannot,] on the other [hand], deny Amazon access to evidence of their family members' purchases of such goods." *See* Def.'s Opp. to Mot., ECF No. 182 (hereinafter "Opp."), at 6. But the Named Plaintiffs bought *particular items* that they alleged were price gouged. The specific purchases of their family members, including purchases of entirely different items, are not relevant to any issue in the case.

If Amazon wants to know what other retailers were charging for particular goods at particular times to determine price levels during the pandemic, it can easily do so through general subpoenas to retailers seeking the prices offered to all consumers. As a matter of fact, Amazon has issued such subpoenas, and it has obtained voluminous transaction data. *See* Yelovich Decl., ECF No. 137, ¶ 7. Knowing details about the particular purchases of class representatives' family members adds no value other than to harass the Plaintiffs.

Similarly, Amazon argues that "[i]f Plaintiffs are entitled to broad discovery from Amazon on every consumer good and food item," then "Amazon is entitled to the *same discovery* about Plaintiffs and the[ir] family members." Opp. at 6 (emphasis added). This logic would lead to absurd results. In a medical malpractice suit, the health records of a patient may be relevant, but the physician's own personal medical records surely are not. *See Brannan v. Nw. Permanente, P.C.*, 2006 WL 2794881, at *1 (W.D. Wash. Sept. 27, 2006) (denying motion to compel personal records of primary care physician in medical malpractice suit). The discovery Plaintiffs are getting from Amazon is relevant because Amazon allegedly engaged in widespread price-gouging across its

PLAINTIFFS' REPLY IN SUPP. OF MOTION FOR PROTECTIVE ORDER – 2
Case No. 2:21-cv-00898-RSL

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

010923-11/3265041 V1

platform during the pandemic, as this Court has found. *See* ALDI Order, ECF No. 178, at 3-4. Amazon has no coherent theory of relevance as to its non-party discovery requests.

Moreover, Amazon is already getting "all product" purchase histories from the Plaintiffs themselves, even though Plaintiffs' purchase records for all goods (including beyond those they allegedly purchased at price-gouged prices on Amazon) are irrelevant for the same reasons. Yet, in an effort to compromise, Plaintiffs agreed to permit production of their own broad purchase histories. But that was not enough for Amazon. These facts make it clear that Amazon does not seek relevant information. Amazon seeks only to harass Plaintiffs by harassing their loved ones.

Amazon could have negotiated with the retailers to pursue a more targeted dataset: targeted in time, targeted in geography, or targeted by product. Instead, Amazon targeted Plaintiffs' families. Amazon cannot credibly argue that the best way to reduce the retailers' production burden is to narrow the dataset to a universe solely of Plaintiffs' family members. A sophisticated actor like Amazon understands that a sample of three individuals would not provide a scientifically reliable comparison of Amazon's price increases to that of other retailers. *See De Coster v. Amazon.com, Inc.*, 2025 WL 1970287, at *11 (W.D. Wash. July 1, 2025) (Amazon argued an analysis of over 100,000 observations was "unreliable" because it was "a small, unrepresentative data sample").

### 2. The discovery is also not relevant based on the substantial injury test.

Amazon's other claim for relevance is that it needs to know about these purchases because they are relevant to the "reasonable avoidability" prong of the substantial injury test. But as a threshold matter, Plaintiffs do not have to rely on the substantial injury test for their claims. Amazon asserts that this "argument does not square with the Washington Supreme Court's ruling," and that the "substantial injury test was the only test that Court applied." *See* Opp. at 7 n.5. Amazon is wrong.

As this Court recently explained in denying Amazon's motion for a protective order as to classwide discovery, "the Washington Supreme Court recently made clear that where conduct is alleged to be unfair but is not regulated by statute, plaintiffs 'need[] show only that the defendant's conduct is in violation of public interest.'" ECF No. 177 at 3 (quoting *Greenberg v. Amazon.com, Inc.*, 3 Wn. 3d 434, 459 (2025)). "A violation of public interest related to price gouging can be shown in a number of ways." *Id.* Indeed, the Washington Supreme Court described several other tests for

PLAINTIFFS' REPLY IN SUPP. OF MOTION FOR PROTECTIVE ORDER – 3
Case No. 2:21-cv-00898-RSL

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

010923-11/3265041 V1

evaluating unfairness, including whether conduct was "in violation of the public interest" or "unethical." *Id.* at 458. These tests turn on the nature of "*defendant's conduct*," not the circumstances of the plaintiff, much less those of the plaintiff's family members. *See id.* at 459 (emphasis added).

Moreover, even if the substantial injury test were to apply here, the "reasonable avoidability" inquiry would not make family member purchase records relevant. As Plaintiffs explained in the Motion (*see* pp. 7-8), this inquiry turns on the knowledge of the claimant—*i.e.*, what alternatives they were "aware of." *See Greenberg*, 3 Wn. 3d at 461; *F.T.C. v. Neovi, Inc.*, 604 F.3d 1150, 1158 (9th Cir. 2010). When what others know "is only important to the extent it bares on the question of what" the Plaintiff knows, discovering what the Plaintiffs "knew can be accomplished in a far more direct manner: inquiring of [the Plaintiffs] themselves." *Reming v. Holland Am. Line Inc.*, 2012 WL 3704937, at *2 (W.D. Wash. Aug. 27, 2012) (Lasnik, J.); *see also Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 395 (W.D. Wash. 2017). The *Reming* case is particularly instructive here because it denied nonparty discovery that, like here, would only provide indirect information potentially relevant to what a party knew; information about that knowledge should be discovered from the party itself. Thus, it is no surprise that Amazon does not attempt to distinguish *Reming* and offers no response to this case law.

Amazon's citation to *Kremers* is Amazon's best shot and it misses the mark. *See* Opp. at 7-8 (citing *Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d 759, 773 (S.D. Ill. 2010)). The statement cited from that case, that the plaintiff as well as "any other consumer" could have bought an alternative beverage to Coke, does not authorize discovery into "any other consumer" of a product subject to a CPA lawsuit. Indeed, the order from *Kremers* had nothing to do with discovery into third-party transaction records at all. *See Kremers*, 712 F. Supp. 2d at 773.

**3.    This Court's recent ALDI decision does not support Amazon.**

Contrary to Amazon's assertions, *see* Opp. at 7, this Court's decision regarding the ALDI subpoenas is consistent with Plaintiffs' position here. *First*, the subpoenas to ALDI sought general pricing and inventory data. *See* ECF No. 178 at 1 (subpoenas seek "pricing, cost, inventory, discount, and purchase data"). For that reason, the data sought from ALDI is more likely to be relevant, unlike the data sought here regarding only three individuals. *Second*, compliance with the ALDI subpoenas

PLAINTIFFS' REPLY IN SUPP. OF MOTION FOR PROTECTIVE ORDER – 4
Case No. 2:21-cv-00898-RSL

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

010923-11/3265041 V1

required no individual customer records to be identified and thus was not invasive of privacy rights. *Third*, the ALDI Order presumes that reasonable avoidability is at play, *see id.*, a presumption Plaintiffs address above.

**B.   Amazon's subpoenas are burdensome and an unacceptable infringement on the privacy of Plaintiffs and their loved ones.**

Even if there were any marginal relevance to Amazon's discovery requests (there is not), this nonparty discovery should be denied because its marginal relevance is outweighed by its invasiveness. *See Dart*, 649 F.2d at 649.

Amazon does not dispute that courts often consider the chilling effect discovery could have on class plaintiffs when assessing discovery requests. Indeed, the cases Plaintiffs found only deal with the chilling effect of harassing discovery pursued from the named plaintiff *himself*, because there is no CPA case where a defendant sought discovery from a plaintiff's family. Amazon's request for family-member CPA discovery is seemingly without precedent, even though the substantial injury test Amazon invokes has been around for decades and, under Amazon's logic, would justify family member discovery in virtually any consumer CPA case.

When the discovery sought is from a plaintiff's family member rather than the plaintiff individually, the harassing effect is likely to be heightened, and as is shown above, the relevance here is marginal at most. If anything, courts must be even more concerned with the chilling effects of family member discovery.

**1.   The subpoenas seek information on family members not even mentioned in the Complaint.**

Undermining Amazon's argument that the identification of family members in the operative complaint renders the discovery relevant and is the cause of this discovery is Amazon's subpoena for David Chu's records. *See* ECF No. 181-6 at Schedule A, RFP No. 4. Mr. Chu is not mentioned in the complaint and his records are entirely irrelevant, even under Amazon's theories. Amazon's only defense of the subpoena for Mr. Chu's records is that Plaintiffs stated in an interrogatory that Mr. Chu sometimes uses Plaintiff Steinberg's Amazon account. *See* Opp. at 6 n.4.

But Plaintiff Steinberg asserts no claim for purchases made by David Chu or pursuant to his requests. Yes, many people use their spouse's Amazon accounts, including Mr. Chu. But this

PLAINTIFFS' REPLY IN SUPP. OF MOTION FOR PROTECTIVE ORDER – 5
Case No. 2:21-cv-00898-RSL

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

010923-11/3265041 V1

provides no justification for ordering production of Mr. Chu's entire purchase history from several other large retailers.

### 2. Amazon's Subpoenas seeking records on "all purchases" are clearly invasive.

Amazon's opinion that facial wax strips are not sensitive purchases, *see* Opp. at 1, only hammers home the point that what is sensitive to one person may not be for another. Forcing nonparties to go through extensive purchase records to determine which purchases are sensitive would be a burdensome and time-consuming task, and it reverses the responsibilities in discovery. It was up to Amazon to serve targeted, relevant discovery and because they failed to do so, their discovery should be denied.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Plaintiffs' Motion for a Protective Order.

DATED: August 12, 2025

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*
    Steve W. Berman (SBN 12536)
Dana Abelson (SBN 63278)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
dana.abelson@hbsslaw.com

Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
John Michael Grant (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
john.grant@hbsslaw.com

*Attorneys for Plaintiffs, the Proposed Class, and Nonparties Julie Hoemke, Jody King, Joan Irene Bent, and David Mickey Chu*

PLAINTIFFS' REPLY IN SUPP. OF MOTION FOR PROTECTIVE ORDER – 6
Case No. 2:21-cv-00898-RSL

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

010923-11/3265041 V1

**CERTIFICATION OF COMPLIANCE**

I certify that this memorandum contains 2,094 words, in compliance with the Local Civil Rules.

DATED: August 12, 2025                    By: */s/ Steve W. Berman*
                                                                             STEVE W. BERMAN



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

010923-11/3265041 V1