UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Cause No. 2:21-cv-00898-RSL <br><br> ORDER GRANTING IN PART MOTION TO SEAL <br> (Dkt. 147) |

This matter comes before the Court on "Plaintiffs' Motion to Provisionally Seal Another Party's Materials." Dkt. 147. "There is a strong presumption of public access to the court's files." LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Ordinarily, a party must show compelling reasons to shield a court-filed document from public view. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). But where materials are attached to a discovery motion unrelated (or only tangentially related) to the merits of the case, a good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1097, 1099. The standard comes from Fed. R. Civ. P. 26(c), which authorizes limitations on disclosures "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The issue when considering a request to seal documents filed in the context of a

ORDER - 1

discovery dispute is whether the producing party's need for confidentiality outweighs the public's need for access. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

To the extent defendant seeks to withhold documents or materials solely because they "are distributed only within Amazon and are not shared publicly," Dkt. 159 at ¶ 3, defendant has not shown that public disclosure would cause annoyance, embarrassment, oppression, or undue burden. In contrast, plaintiffs' motion puts Amazon's document preservation efforts squarely at issue, and the company's document retention policies will allow the public to understand Amazon's default retention practices and if they were impacted by the filing of this litigation. In the absence of a showing that confidentiality is needed, Dkt. 149-1 and 149-2 (Exhibits B and C to the Reply Declaration of Ben M. Harrington) will be unsealed.

Similarly, the fact that Amazon does not share internal correspondence with the public is insufficient to warrant a seal. To the extent the correspondence shares the type of personally identifying information set forth in LCR 5.2(a) or an employee's phone number or email address, that information can be redacted. If Amazon submits properly redacted versions of Dkt. 149-4 through 149-8 within seven days of the date of this Order, those documents will remain under seal. If redacted versions are not timely submitted, Dkt. 149-4 through 149-8 will be unsealed.

Amazon has shown that the other three documents at issue contain confidential information which, if shared with the public, could commercially disadvantage defendant.

ORDER - 2

For all of the foregoing reasons, plaintiffs' motion to seal (Dkt. 147) is GRANTED in part:

• The Clerk of Court is directed to unseal Dkt. 149-1 and 149-2.

• Exhibits D, J, and K to the Reply Declaration of Ben M. Harrington, Dkt. 149-3, 149-9, and 149-10, will remain under seal. The seal is provisional, however: if the sealed materials are so germane to the discovery issue that they are quoted or their substance is otherwise disclosed in the Court's order, the seal will be lifted as to those portions of the documents.

• Amazon may, within seven days of the date of this Order, submit properly redacted versions of Dkt. 149-4 through 149-8. If redacted versions are timely submitted, those documents will remain under seal. If redacted versions are not timely submitted, Dkt. 149-4 through 149-8 will be unsealed

Dated this 12th day of September, 2025.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 3