The Honorable Robert S. Lasnik

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

ALVIN GREENBERG, MICHAEL
STEINBERG, and CHRISTINA KING, on
behalf of themselves and all others similarly
situated,

        Plaintiffs,

   v.

AMAZON.COM, INC., a Delaware
corporation,

        Defendant.

Case No. 2:21-cv-00898-RSL

**PLAINTIFFS' MOTION FOR
SPOLIATION SANCTIONS**

NOTE ON MOTION CALENDAR:
December 29, 2025

ORAL ARGUMENT
REQUESTED

[REDACTED VERSION]



1

2

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT .................................................................................1

II.   RELEVANT FACTS .............................................................................................2

    A.    Amazon Destroyed Evidence ...................................................................2

        1.    Amazon has a ███████████ ...................................................2

        2.    Amazon's litigation holds were untimely. ...............................2

        3.    Amazon's litigation holds were distributed to a small subset
              of employees and unduly narrow. ...........................................3

        4.    The litigation holds were not updated. .....................................3

        5.    Amazon concealed its spoliation. ............................................3

    B.    Relevant ESI Is Lost and Cannot Be Replaced ........................................4

        1.    A tremendous amount of evidence has been destroyed. ............4

        2.    Further investigation has confirmed gaps in Amazon's
              production. ................................................................................5

            a.    Email and documentary evidence was lost ....................5

            b.    Amazon lost virtually all ESI for potential
                  replacement custodians. ................................................6

III.  LEGAL STANDARD .............................................................................................7

IV.   ARGUMENT ......................................................................................................7

    A.    Amazon's Destruction of ESI Causes Extreme Prejudice .........................7

        1.    Lost ESI is from the most crucial time of the case. ..................7

        2.    Lost ESI involved employees Amazon admitted had
              relevant information. ...............................................................8

        3.    Plaintiffs face extreme prejudice from the document
              destruction. .............................................................................8

    B.    Sanctions Are Necessary to Cure the Extreme Prejudice Amazon's
          Spoliation Caused .................................................................................8

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- i
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

1           1.    Amazon should be prohibited from introducing cherry-
2               picked evidence. ..........................................................................8

3           2.    Amazon should pay Plaintiffs' fees and costs arising from
           the spoliation. ..........................................................................9
4
    C.    Amazon's Actions Establish Culpability for an Adverse Inference
5           Instruction ...........................................................................................10

6    V.    CONCLUSION ...........................................................................................11

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### CASES

4

*3D Sys., Inc. v. Wynne*,
5
    2024 WL 3896454 (S.D. Cal. Aug. 21, 2024) .......................................................................11

6

*Al Otro Lado, Inc. v. Wolf*,
    2021 WL 631789 (S.D. Cal. Feb. 18, 2021) ........................................................................1, 8
7

*Apple Inc. v. Samsung Elecs. Co.*,
8
    881 F. Supp. 2d 1132 (N.D. Cal. 2012) ........................................................................1, 8, 11

9

*Apple Inc. v. Samsung Elecs. Co.*,
10
    888 F. Supp. 2d 976 (N.D. Cal. 2012) ...............................................................................10

11

*Baker v. O'Reilly*,
    2025 WL 1635253 (W.D. Wash. June 9, 2025) ................................................................8, 10
12

*Bungie, Inc. v. AimJunkies.com*,
13
    2023 WL 7184427 (W.D. Wash. Nov. 1, 2023) ....................................................................10

14

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
15
    2024 WL 4823938 (N.D. Cal. Nov. 15, 2024) ..............................................................4, 8, 10

16

*Charlestown Cap. Advisors v. Acero Junction, Inc.*,
    337 F.R.D. 47 (S.D.N.Y. 2020) .............................................................................................8
17

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
18
    482 F.3d 1091 (9th Cir. 2007) ..............................................................................................1

19

*Deerpoint Grp. v. Agrigenix, LLC*,
20
    2022 WL 16551632 (E.D. Cal. Oct. 31, 2022) ...........................................................2, 10, 11

21

*Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*,
    2024 WL 5058527 (N.D. Cal. Dec. 9, 2024) .......................................................................10
22

*Estate of Schuck v. Cnty. of San Diego*,
23
    2025 WL 2180987 (S.D. Cal. Aug. 1, 2025) ..........................................................................7

24

*Glaukos Corp. v. Ivantis, Inc.*,
25
    2020 WL 10501850 (C.D. Cal. June 17, 2020) .....................................................................9

26

*In re Google Play Store Antitrust Litig.*,
    664 F. Supp. 3d 981 (N.D. Cal. 2023) .......................................................................2, 4, 10, 11
27

*Gorman v. Totran Transp. Servs.*,
28
    2023 WL 2076946 (W.D. Wash. Feb. 17, 2023) ...................................................................9

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- iii
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

*Hunters Cap. v. City of Seattle*,
  2023 WL 184208 (W.D. Wash. Jan. 13, 2023)............................................................4

*Jones v. Riot Hospitality Grp.*,
  95 F.4th 730 (9th Cir. 2024) .....................................................................7, 11

*Knickerbocker v. Corinthian Colls.*,
  298 F.R.D. 670 (W.D. Wash. 2014)...........................................................1, 10

*Lee v. Cnty. of Los Angeles*,
  2025 WL 2505484 (C.D. Cal. Aug. 29, 2025)..........................................7, 8, 10

*Leon v. IDX Sys. Corp.*,
  464 F.3d 951 (9th Cir. 2006) .....................................................................7, 11

*Melendres v. Arpaio*,
  2010 WL 582189 (D. Ariz. Feb. 12, 2010) ........................................................11

*Microvention, Inc. v. Balt USA, LLC*,
  2023 WL 7476521 (C.D. Cal. Oct. 5, 2023)..........................................................9

*Musse v. King Cnty.*,
  2021 WL 4709875 (W.D. Wash. Oct. 8, 2021) ...................................................10

*In re Napster, Inc. Copyright Litig.*,
  462 F. Supp. 2d 1060 (N.D. Cal. 2006)............................................................2, 8

*Perez v. Jie*,
  2014 WL 7272420 (W.D. Wash. Dec. 18, 2014) .........................................7, 10, 11

*Rapp v. NaphCare Inc.*,
  2023 WL 4624470 (W.D. Wash. July 19, 2023) .............................................8, 10

*Rehn v. City of Seattle*,
  2025 WL 1207668 (W.D. Wash. Apr. 25, 2025).........................................7, 10, 11

*RG Abrams Ins. v. L. Offs. of C.R. Abrams*,
  342 F.R.D. 461 (C.D. Cal. 2022) .............................................................7, 11

*Stanley Black & Decker, Inc. v. D&L Elite Invs.*,
  2014 WL 3738327 (N.D. Cal. June 20, 2014) .....................................................9

*Su v. U.S. Postal Serv.*,
  2024 WL 21670 (W.D. Wash. Jan. 2, 2024) ..................................................2, 10

*United Med. Supply Co. v. United States*,
  77 Fed. Cl. 257 (2007)..............................................................................9

*United States v. Novo Nordisk, Inc.*,
  2025 WL 1696881 (W.D. Wash. June 17, 2025)..............................................11

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- iv
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

1                                **OTHER AUTHORITIES**

2    Fed. R. Civ. P. 37 ................................................................................................*passim*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- v
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

# I.    PRELIMINARY STATEMENT

The record confirms that by issuing untimely and inadequate litigation holds, Amazon failed to retain untold numbers of documents from employees Amazon itself identified as having relevant information. Amazon—not the Plaintiffs—should bear the costs and consequences of its "conscious disregard" for document preservation. *See Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1151 (N.D. Cal. 2012) ("*Apple I*").

The Court already ruled that, despite Amazon's "duty to preserve evidence" arising in April 2020, Amazon did not place a single employee on a case-specific litigation hold until *six months later*, in October 2020. *See* Order Granting Motion to Compel, Dkt. 190 (Sept. 12, 2025) ("Order"), at 3-4. Then, out of 1,200 pricing employees, Amazon placed only six on a hold. *See id.* at 5. Now that Plaintiffs have the hold's contents, we know not only that it was untimely and unduly narrow, ███████████████████████████████████████████████████████████ ████████████████████████████████. By the time Amazon issued broader holds to sixty-four other employees in 2022, the core pandemic discovery period had already passed and evidence from the "key players" was lost forever. *See Knickerbocker v. Corinthian Colls.*, 298 F.R.D. 670, 678 (W.D. Wash. 2014).

We will never know the full extent of what was destroyed, and that alone is prejudicial and a basis for spoliation sanctions. There also can be no dispute that evidence was lost. Several of Amazon's "go-to employees," *see* Ex. A (Jul. 30, 2025 Ltr.), have virtually no documents, emails, or messages for the critical period. This irreparable loss imposes extreme prejudice on Plaintiffs' ability to bring to light the "true facts." *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007).

Plaintiffs submit that, at a minimum, the following spoliation sanctions are warranted. *First*, the Court must correct the extreme prejudice and "remedy … the … imbalance" caused by Amazon's spoliation. *Al Otro Lado, Inc. v. Wolf*, 2021 WL 631789, at *8 (S.D. Cal. Feb. 18, 2021). Thus, the Court should (1) prevent Amazon from introducing evidence from periods not covered by a case-specific hold; (2) restrict Amazon from arguing it engaged in good-faith efforts to combat price gouging from April to October 2020, when no case-specific hold was in place (for anyone); and

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- 1
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

1    (3) require Amazon to pay attorney's fees. *See In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d

2    1060, 1078 (N.D. Cal. 2006).

3         *Second*, Amazon's failure to issue timely and adequate litigation holds demonstrates the

4    requisite "intent to deprive" and "conscious disregard" for the destruction of evidence needed for

5    Rule 37(e)(2) sanctions. *See Su v. U.S. Postal Serv.*, 2024 WL 21670, at *6 (W.D. Wash. Jan. 2,

6    2024); *Deerpoint Grp. v. Agrigenix, LLC*, 2022 WL 16551632, at *15 (E.D. Cal. Oct. 31, 2022); *In*

7    *re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981, 993-94 (N.D. Cal. 2023). Thus, the Court

8    should impose adverse inference jury instructions regarding the destroyed evidence. *E.g.*, *Google*

9    *Play*, 3:21-md-02981-JD, Dkt. 850, at No. 13 (Dec. 6, 2023); *Deerpoint*, 2022 WL 16551632, at *24.

10                        **II.    RELEVANT FACTS**

11   **A.    Amazon Destroyed Evidence**

12         **1.    Amazon has a ███████████████.**

13         Amazon's ████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████

16   ████████████████████████████████    Accordingly, *unless* and *until* an employee receives a

17   case-specific hold, their documents, spreadsheets, presentations, and more "would be subject to

18   Amazon's general document retention/deletion policies ...." Order at 5. ██████████████████

19   ██████    puts a premium on the timely issuance of adequate litigation holds. ████████████

20   ████████████████████████

21         **2.    Amazon's litigation holds were untimely.**

22         As the Court already found, "the duty to suspend normal document retention/deletion

23   policies" arose in April 2020. *Id.* at 4. But "[n]o employees received notice of this litigation between

24   April 21, 2020 … and October 12, 2020." *Id.* The Court identified the April to October 2020 gap as

25   a "critical … period." *See id.* at 5 n.5. Throughout this critical period for discovery, all Amazon

26   employees operated under a policy directing them to ████████████████████████████████

27   ████████████████

28

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- 2
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

3.    **Amazon's litigation holds were distributed to a small subset of employees and unduly narrow.**

Then, after months of ████████████, of the "more than 1,200 employees who work directly on Amazon's pricing systems," only "[s]ix employees received a case-specific litigation hold notice on October 12, 2020." *Id.* at 4, 5 n.3. For "more than two years, only six Amazon employees were required to preserve documents related to plaintiffs' claims," until sixty-four other employees later received litigation holds "between December 19, 2022, and March 10, 2025." *Id.* at 4. Very few were previously subject to holds for other cases. *See* Dkt. 142; *see also* Dkt. 151-1; Ex. B.

Amazon's initial hold was not only late, but also unduly narrow. ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████ This Court noted, though, that Plaintiffs' allegations covered "prior emergency situations." *See* Order at 3. ████████████████ ████████████████████████████████ *See id.*

4.    **The litigation holds were not updated.**

In July 2021, Plaintiffs re-filed their complaint, alleging nationwide price gouging under Washington law. *See* Complaint, Dkt. 1. Yet Amazon did ████████████████████ ████████████████████████████████████████████████████████████████ ████████████ *See* Ex. C.

Amazon took until ████████████████████████████████████████ ████████████████████████ The new hold was also ████████████████████ ████████████████ *Id.* Too little, too late.

5.    **Amazon concealed its spoliation.**

Amazon knew from the outset of the case that it had not issued timely holds to retain relevant documents, but Amazon did not disclose this. Instead, Amazon misrepresented to Plaintiffs and the Court that it was taking "reasonable and necessary steps to preserve evidence." Dkt. 27 at 10. When Plaintiffs realized there may be preservation gaps, it took months to get any information from Amazon, *see* Dkt. 127 at 4-5, and it was not until Plaintiffs were forced to move to compel that Amazon disclosed which employees received holds and when. Amazon's persistence in "hid[ing]

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- 3
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

the ball" is sanctionable. *See Hunters Cap. v. City of Seattle*, 2023 WL 184208, at \*9 (W.D. Wash. Jan. 13, 2023); *see also Google Play*, 664 F. Supp. 3d at 992-93; Dkt. 125.

**B.     Relevant ESI Is Lost and Cannot Be Replaced**

Given Amazon's failure to issue timely and adequate holds, it will be "impossible" for anyone to "be confident that the parties will ever have access to the true facts." *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2024 WL 4823938, at \*12 (N.D. Cal. Nov. 15, 2024). Evidence critical to the fair adjudication of this case was not retained, as further discovery has confirmed.

**1.     A tremendous amount of evidence has been destroyed.**

Amazon did not take necessary steps to retain documents from the employees "most closely involved in managing pricing issues during the pandemic," including custodians *Amazon itself proposed*. *See* Order at 5. In April 2023, Amazon proposed twenty-five "custodians who may have discoverable materials relevant to the claims," *see* Dkt. 128-11, and, in November 2024, Amazon offered a narrowed list of twelve custodians. *See* Dkt. 128-3. Of the twenty-five potential custodians, eighteen didn't receive a case-specific hold until 2025. *See* Dkt. 142; *see also* Dkt. 151-1. Of the twelve custodians Amazon formally offered, eight were not notified of the hold until December 2024. *Id.* Many individuals across both groups were not under holds for any case. *Id.*

Further, in July, Plaintiffs sent a letter to Amazon noting the inadequacy of Amazon's document production related to Amazon's sales as a first-party seller on its own platform (also known as "1P" and "retail" sales). *See* Ex. E (July 3, 2025 Ltr.). Amazon reassured Plaintiffs its 1P custodians were "senior leaders within Retail Pricing." *See* Ex. A. Yet, of these seven admitted "*senior leaders*," none were subject to a hold until October 2020, and three were not subject to a litigation hold in *any* case until 2022. *See* Ex. B. Years of automatic deletion erased countless documents from three individuals Amazon admits "were the go-to employees to address pricing issues during the pandemic." *See* Ex. A.

Amazon's failure to preserve cuts across all agreed custodians, from top to bottom[1]:

---
[1] *See* Harrington Decl. ¶ 12.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

21       **2.      Further investigation has confirmed gaps in Amazon's production.**

22            **a.      Email and documentary evidence was lost.**

23       Plaintiffs will never know the full universe of materials destroyed, and that is precisely why

24  the failure to implement a timely and adequate litigation hold supports spoliation sanctions. *See infra*

25  § IV. But there is even greater proof of spoliation here, as further discovery and investigation has

26  shown. For example, in October 2020, Amazon retained just 1,952 emails for Gitanjali Bhutani, who

27  Amazon described as a "key decision-maker." *See* Exs. A, F. In October 2022, the month her hold

28

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- 5
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

began, Amazon has 99,115 emails for her (50x more). *See* Ex. F. Likewise, Avani Parakh, Amazon's Director of Competitive Pricing, was not under a hold for any case for the first six months of the pandemic. Amazon has 287 emails from Parakh in April 2020 but 21,332 (74x more) in October 2020. *See* Ex. F (data type volume by custodian). Parakh and Bhutani are two of the "go-to employees" Amazon proposed as custodians. *See* Ex. A. Yet thousands of their emails are apparently lost.

Amazon's failure to preserve chat messages from Slack and Chime—where Amazon employees often discuss matters more frankly and informally than email—is likewise incontrovertible. For example, across the *entirety* of 2020-2022, Amazon retained *zero* Chimes and *3,620* Slacks for Vijay Nirmalananda of 3P Pricing. In November 2023, the month Nirmalananda's hold went into effect, Amazon retained *263* Chimes and *43,313* Slacks (12x more). *See* Ex. F. Similar patterns of loss are evident for other custodians as well. *See generally* Ex. F.

### b.    Amazon lost virtually all ESI for potential replacement custodians.

The Court previously requested preservation information for additional employees on Amazon's ESI disclosures—namely, "Tiwari, Jefferson, Bamiduro, Chakraborty, Kagalwal[a], Bhasin, and Morris." *See* Order at 8-9. **Tiwari** was never placed under a hold, and an Amazon report revealed zero emails or chats, and only nineteen documents on his laptop. *See* Ex. B (7 individuals' data type volume by individual). **Morris** and **Kagalwala** were never placed on a hold and have no emails for the whole period. *Id.* **Bhasin**, **Jefferson**, and **Bamiduro** were not placed on any hold until 2024, and their emails are gone. *Id.* **Chakraborty** was not on a hold until 2025, and has no Chimes or Slacks. *Id.* The Court inquired whether these seven "might be suitable replacement custodians." They are not.

Similarly, given gaps in Amazon's production related to 1P pricing, Plaintiffs painstakingly identified eleven Amazon employees with significant 1P responsibilities. Ex. E. In theory, the addition of these employees as custodians could at least mitigate (but not remedy) the harm from Amazon's admitted failure to issue timely holds to its supposed "senior leaders" in 1P pricing. Ex. A. But not so. Only *one* of the eleven 1P employees was put on a hold for this case, eleven days before the end of the class period. *Id.* Nor were the others on a litigation hold for any other case, for

1  that matter. *Id.*

2  ### III.    LEGAL STANDARD

3  In "the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence

4  goes to the merits of the case," and that "such evidence was adverse to the party that destroyed it."

5  *Rehn v. City of Seattle*, 2025 WL 1207668, at *1 (W.D. Wash. Apr. 25, 2025). When the loss of

6  evidence involves ESI, Rule 37(e) provides the remedy. *See Jones v. Riot Hospitality Grp.*, 95 F.4th

7  730, 735 (9th Cir. 2024).

8  The rule provides two routes to sanctions.[2] Under Rule 37(e)(1), if a party shows prejudice

9  from the loss, the court may impose sanctions "no greater than necessary" to cure that prejudice.

10 *Rehn*, 2025 WL 1207668, at *2. Rule 37(e)(1) "does not place the burden of proving or disproving

11 prejudice on one party or the other." *See Lee v. Cnty. of Los Angeles*, 2025 WL 2505484, at *6 (C.D.

12 Cal. Aug. 29, 2025).

13 Rule 37(e)(2) authorizes additional sanctions, including permissive[3] and mandatory[4] adverse

14 inferences, and even terminating sanctions.[5] While more than "gross negligence" is needed, courts

15 have consistently held bad faith or prejudice is not required to impose sanctions under Rule 37(e)(2).

16 *See Perez v. Jie*, 2014 WL 7272420, at *3 (W.D. Wash. Dec. 18, 2014); *Jones*, 95 F.4th at 736.

17 ### IV.    ARGUMENT

18 **A.    Amazon's Destruction of ESI Causes Extreme Prejudice**

19 **1.    Lost ESI is from the most crucial time of the case.**

20 Not *one* Amazon employee was on a case-specific litigation hold for the crucial April to

21 October 2020 period. As detailed above, many key players Amazon proposed as custodians, such as

22 Parakh and Bhutani, were not under holds for *any case* during this critical time—with their limited

23 retention demonstrating the severity of the parties' loss of evidence throughout 2020. Courts have

24 found "prejudice" to be "clear" when the evidence lost was from a "time period" that was

---

25 [2] *Compare* Rule 37(e)(1) *with* 37(e)(2).

26 [3] *Rehn*, 2025 WL 1207668, at *4; *see Estate of Schuck v. Cnty. of San Diego*, 2025 WL 2180987, at *12 (S.D. Cal. Aug. 1, 2025).

27 [4] *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 520 (C.D. Cal. 2022) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960 (9th Cir. 2006)).

28 [5] *Leon*, 464 F.3d at 963.



"particularly critical." *See Schuck*, 2025 WL 2180987, at \*9.

### 2.    Lost ESI involved employees Amazon admitted had relevant information.

As in *Apple*, Plaintiffs have shown they've "suffered prejudice as a result" of Amazon's spoliation because Plaintiffs have "highlighted several key … custodians … that … produced little or even no relevant documents," when other custodians "produced literally thousands of documents." *See Apple I*, 881 F. Supp. 2d at 1150. The loss encompasses custodians Amazon itself proposed, labeled "senior leaders," and admitted were relevant in its disclosures, as well as potential replacement custodians. *See* Order at 9.

### 3.    Plaintiffs face extreme prejudice from the document destruction.

Amazon's "actions impair[]" Plaintiffs' "ability to go to trial" and "threaten[] to interfere with the rightful decision of the case." *See Baker v. O'Reilly*, 2025 WL 1635253, at \*5 (W.D. Wash. June 9, 2025). Plaintiffs "do not need to put forward a specific theory of the deleted evidence's relevance." *Rapp v. NaphCare Inc.*, 2023 WL 4624470, at \*4 (W.D. Wash. July 19, 2023). A "party claiming spoliation does not know what it does not have." *Lee*, 2025 WL 2505484, at \*9.

Therefore, the "test is *not* whether the evidence would [change] the outcome of the trial." *See Cathode*, 2024 WL 4823938, at \*12 (emphasis added). Rather, what matters is whether "a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Id.* That is unfortunately the case here.

## B.    Sanctions Are Necessary to Cure the Extreme Prejudice Amazon's Spoliation Caused

Amazon's spoliation created an "evidentiary gap" that gives it an "unfair advantage." *See Charlestown Cap. Advisors v. Acero Junction, Inc.*, 337 F.R.D. 47, 68 (S.D.N.Y. 2020). Sanctions are necessary to cure that prejudice and remedy "the evidentiary imbalance caused by the loss of relevant evidence." *Al Otro Lado*, 2021 WL 631789, at \*8.

### 1.    Amazon should be prohibited from introducing cherry-picked evidence.

The Court may restrict the spoliating party's introduction of evidence,[6] calling of certain

---

[6] *Napster*, 462 F. Supp. 2d at 1077.

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- 8
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

1    witnesses,[7] and offering of specific legal theories at trial.[8] All three remedies are "no greater than

2    necessary" to cure the prejudice here.

3         First, Amazon should not be able to cherry-pick evidence to make its case. But that is what

4    Amazon has done by not preserving evidence for relevant personnel during critical discovery periods.

5    Amazon should not reap the rewards of its own spoliation. Therefore, Amazon should be precluded

6    from offering documents from any custodian from a period that the custodian was not subject to a

7    case-specific litigation hold. *See* Advisory Committee Notes to 2015 Amendments to Fed. R. Civ. P.

8    37 (approving of sanctions "such as forbidding the party that failed to preserve information from

9    putting on certain evidence...").

10         Second, Amazon should not be able to call witnesses to discuss certain events when it deleted

11    documents that could be used to cross-examine them. Courts have excluded witnesses entirely as a

12    sanction under Rule 37(e)(1). *See Gorman v. Totran Transp. Servs.*, 2023 WL 2076946, at *5 (W.D.

13    Wash. Feb. 17, 2023). This is a more limited, measured remedy. Unless elicited through cross-

14    examination by Plaintiffs, no Amazon employee should be permitted to testify regarding events

15    occurring during periods for which they were not subject to a case-specific hold.

16         Third, courts have prevented spoliating parties from offering certain theories when

17    countering those theories was made more difficult by spoliation. *See Glaukos Corp. v. Ivantis, Inc.*,

18    2020 WL 10501850, at *6 (C.D. Cal. June 17, 2020). Thus, Amazon should be precluded from

19    arguing it made a good-faith effort to prevent price gouging from April to October 2020, when

20    Amazon had no case-specific hold in effect for anyone.

21        **2.**     **Amazon should pay Plaintiffs' fees and costs arising from the spoliation.**

22         The cost to the justice system of spoliation is great. *See United Med. Supply Co. v. United*

23    *States*, 77 Fed. Cl. 257, 258-59 (2007). But Plaintiffs have costs too, particularly because Amazon

24    was not forthcoming about its preservation failures. *See supra* § II.A(5). Plaintiffs had to devote

25    substantial resources to uncover the spoliation, including extensive investigation, letter drafting,

26

---

27       [7] *Stanley Black & Decker, Inc. v. D&L Elite Invs.*, 2014 WL 3738327, at *9 (N.D. Cal. June 20, 2014) (citing *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)).

28       [8] *Microvention, Inc. v. Balt USA, LLC*, 2023 WL 7476521, at *11 (C.D. Cal. Oct. 5, 2023).

1  meet and confers, and now multiple rounds of motion practice. These costs are recoverable and

2  Amazon should be required to pay them. *See Elite Semiconductor, Inc. v. Anchor Semiconductor,*

3  *Inc.*, 2024 WL 5058527, at *9 (N.D. Cal. Dec. 9, 2024).

4  **C.    Amazon's Actions Establish Culpability for an Adverse Inference Instruction**

5  Sanctions under Rule 37(e)(2) are available whenever a party demonstrates a "conscious

6  disregard"[9] for the preservation of evidence. The Court "need not find" Amazon "took calculated,

7  proactive steps to destroy the evidence to infer the requisite intent." *Rehn*, 2025 WL 1207668, at *4.

8  Rather, "failing to take reasonable steps after a duty to preserve evidence arose is enough to infer an

9  intent to deprive." *Bungie, Inc. v. AimJunkies.com*, 2023 WL 7184427, at *8 (W.D. Wash. Nov. 1,

10  2023).

11  Numerous courts have found issuing untimely and inadequate litigation holds meets this

12  threshold. *See Su*, 2024 WL 21670, at *6; *Rapp*, 2023 WL 4624470, at *2-3; *Lee*, 2025 WL 2505484,

13  at *9-11; *Google Play*, 664 F. Supp. 3d at 993. Such is the case here.

14  Even Amazon's first hold, issued to only six people, was issued six months late. The

15  untimeliness alone suffices for sanctions. *See Perez*, 2014 WL 7272420, at *5 (three months late);

16  *Su*, 2024 WL 21670, at *5 (four months late); *Baker*, 2025 WL 1635253, at *8 (seven months late);

17  *Apple II*, 888 F. Supp. 2d at 997 (eight months late); *Cathode*, 2023 WL 5667882, at *2 (eight months

18  late). Worse, many other employees with relevant information were not issued holds until years later.

19  The initial hold was not sent to key players, including "senior leaders" like Bhutani. *See* Ex. A; Dkt.

20  142; *see also* Dkt. 151-1. Some, such as Tiwari, never received a hold. Failing to extend a hold to

21  "key players" warrants sanctions. *See Knickerbocker*, 298 F.R.D. at 678; *Apple II*, 888 F. Supp. 2d

22  at 998; *Su*, 2024 WL 21670, at *5. *See supra* Dkt. 142; *see also* Dkt. 151-1.

23  Compounding these failures, Amazon's late holds were also unduly limited, and they were

24  ████████████████████████████████████. *See supra* § II.A(3)-(4). This also suffices for

25  37(e)(2) sanctions. *See Cathode*, 2023 WL 5667882, at *2 (scope of litigation hold was unduly

26

27  ───────────────
    [9] *Musse v. King Cnty.*, 2021 WL 4709875, at *4 (W.D. Wash. Oct. 8, 2021) ("Whether one calls this "willful,"

28  "intentional," or "conscious disregard," it is enough to put Rule 37(e)(2) sanctions in play."); *Deerpoint*, 2022 WL 16551632, at *15; *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 998 (N.D. Cal. 2012) ("*Apple II*").



narrow); *Melendres v. Arpaio*, 2010 WL 582189, at *2-4 (D. Ariz. Feb. 12, 2010) (sanctions for destruction of documents relevant to amended complaint).

Faced with similar acts of "conscious disregard" for the destruction of ESI, courts have issued adverse instructions at trial. *See Deerpoint*, 2022 WL 16551632, at *15 ("[A] finding of conscious disregard is enough for a court to issue an adverse inference instruction based on spoliation."); *Rehn*, 2025 WL 1207668, at *3; *Apple I*, 881 F. Supp. 2d at 1150. Under this prong of Rule 37(e)(2), neither bad faith nor prejudice is required. *See Perez*, 2014 WL 7272420, at *3; *Jones*, 95 F.4th at 736. The adverse inferences authorized by 37(e)(2) may relate to a category of destroyed evidence,[10] an element of the claim, or an evidentiary issue.[11]

The facts here warrant, at a minimum, a mandatory[12] adverse inference that the deleted documents contained evidence that (1) would have been unfavorable to Amazon[13] and (2) showed Amazon did not take good-faith efforts to prevent price-gouging from April to October 2020, including on its own 1P sales.[14] Any "lesser sanctions are insufficient to address the loss of the ESI." *See Jones*, 95 F.4th at 735.

## V.    CONCLUSION

For all the foregoing reasons, the Court should sanction Amazon for spoliation as necessary and appropriate.

---

[10] *3D Sys., Inc. v. Wynne*, 2024 WL 3896454, at *1 (S.D. Cal. Aug. 21, 2024).

[11] *United States v. Novo Nordisk, Inc.*, 2025 WL 1696881, at *3 (W.D. Wash. June 17, 2025) (imposing a permissive adverse inference that "the prescriptions at issue were medically necessary").

[12] The Court should issue an irrebuttable inference instruction similar to *Leon* and stronger than in either *Apple I* or *Apple II* for several reasons: (1) the loss of ESI occurred during the most crucial period of the case; (2) the spoliated evidence is from key players central to the claims; and (3) unlike in *Apple* there is no available workaround to discover the relevant facts. *See Perez*, 2014 WL 7272420, at *3 (Lasnik, J.) (comparing *Apple I* and *Apple II* and noting the FLSA's burden-shifting framework in issuing *Apple II* instruction); *RG Abrams*, 342 F.R.D. at 520 (imposing irrebuttable presumption because permissive instruction would leave Plaintiffs "helpless to rebut any material that [Defendants] might use to overcome the presumption") (citing *Leon*, 464 F.3d at 960).

[13] *Google Play*, 3:21-md-02981-JD, Dkt. 850 at No. 13 (Dec. 6, 2023) ("You have seen evidence that Google Chat communications were deleted with the intent to prevent their use in litigation. You may infer that the deleted Chat messages contained evidence that would have been unfavorable to Google in this case.").

[14] *See Deerpoint*, 2022 WL 16551632, at *24.

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

DATED: December 8, 2025

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
    Steve W. Berman (SBN 12536)
Dana Abelson (SBN 63278)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
dana.abelson@hbsslaw.com

Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
John Michael Grant (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
john.grant@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF COMPLIANCE

I certify that this memorandum contains 4,185 words, in compliance with the Local Civil Rules.

DATED: December 8, 2025                              **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*
Steve W. Berman (SBN 12536)

*Attorney for Plaintiffs and the Proposed Class*

PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS- 13
Case No. 2:21-cv-00898-RSL
010923-11/3353858 V3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX