The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, MICHAEL STEINBERG, and CHRISTINA KING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:21-CV-00898-RSL<br><br>**DEFENDANT AMAZON.COM, INC.'S MOTION TO COMPEL**<br><br>NOTE ON MOTION CALENDAR: January 8, 2026<br><br>Oral Argument Requested |

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 3

    A.    Amazon Served Discovery Requests Relating to Plaintiffs' Putative Class Claims. ............................................................................... 3

    B.    Plaintiffs Refused to Produce Information Relating to Their Other Purchases. ........................................................................................ 3

    C.    The Court Held Consumer Goods and Food Items Discovery Is Relevant. ................................................................................. 4

ARGUMENT ................................................................................................................................ 5

    A.    Amazon Never Agreed to Forego The Requested Discovery. ................................................................................................... 5

    B.    Plaintiffs' Purchases of Consumer Goods and Food Items Are Relevant. .............................................................................................. 7

        1.    The Court Has Twice Ordered Production of All Consumer Goods and Food Items Discovery. ............................... 7

        2.    Discovery Related to Plaintiffs' Purchases From Amazon.com Is of Obvious Relevance........................................... 7

        3.    Discovery Related to Plaintiffs' Purchases of Consumer Goods and Food Items Is Relevant to Defending Against Absent Class Members' Claims. .................... 8

    C.    Plaintiffs' Purchases of Consumer Goods and Food Items Are Proportional to the Needs of the Case................................................ 10

CONCLUSION........................................................................................................................... 12

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Rules and Statutes**

Fed. R. Civ. P. 26(b)(1) .................................................................................................... 5

**Cases**

*Carlile v. Harbour Homes, Inc.*,
147 Wn. App. 193 (2008) ................................................................................................. 9

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000) ......................................................................................... 10

*Docklight Brands Inc. v. Tilray Inc.*,
2023 WL 5206392 (W.D. Wash. Aug. 14, 2023) ............................................................ 11

*Floyd v. Amazon.com Inc.*,
2024 WL 3845869 (W.D. Wash. Aug. 16, 2024) ............................................................ 10

*Gold Creek Condo.-Phase I Ass'n of Apartments Owners v. State Farm Fire & Cas. Co.*,
2022 WL 1213263 (W.D. Wash. Apr. 25, 2022) ............................................................. 10

*Greenberg v. Amazon.com, Inc.*,
3 Wn.3d 434, 461 (2024) .................................................................................................. 8

*Hancock v. Aetna Life Ins. Co.*,
321 F.R.D. 383 (W.D. Wash. 2017) ................................................................................. 5

*Head v. Home Depot, U.S.A., Inc.*,
2019 WL 1572369 (W.D. Wash. Apr. 11, 2019) .............................................................. 7

*Kremers v. Coca-Cola Co.*,
712 F. Supp. 2d 759 (S.D. Ill. 2010) ................................................................................. 9

*Mcgee v. Diamond Foods, Inc.*,
2016 WL 816003 (S.D. Cal. Mar. 1, 2016), *aff'd sub nom. McGee v. S-L Snacks Nat'l*,
982 F.3d 700 (9th Cir. 2020) ............................................................................................. 8

*Mut. of Enumclaw Ins. Co. v. Bradford White Corp.*,
2023 WL 8717152 (W.D. Wash. Dec. 18, 2023) .............................................................. 5

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Polskie Linie Lotnicze LOT S.A. v. Boeing Co.*,
2023 WL 2078227 (W.D. Wash. Feb. 17, 2023) .................................................................. 10

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................................................. 10

*White v. Symetra Assigned Benefits Serv. Co.*,
104 F.4th 1182 (9th Cir. 2024) ............................................................................................. 10

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# INTRODUCTION

Amazon brings this Motion to Compel because Plaintiffs refuse to produce records concerning their purchases of the "consumer goods" and "food items" that they claim were "price gouged" by Amazon during the pandemic. Plaintiffs' refusal is inexplicable given that they previously successfully compelled Amazon to produce the same discovery—all records of sales on Amazon.com of consumer goods and food items during the relevant period. The Court agreed with Plaintiffs' assertion that their allegations are not limited to products identified in the Second Amended Complaint. Dkt. 66 ("SAC").

The Court rejected arguments that discovery should focus only on products Plaintiffs specifically alleged they purchased at inflated prices. Amazon argued that Plaintiffs' purchases were not representative of *all* transactions in consumer goods and food items, and that discovery should be limited because Plaintiffs' failsafe class definition left it unclear which products will be in their proposed class. The Court instead ordered discovery *for all* consumer goods and food items sold on Amazon.com during the relevant period. The Court separately held that Amazon is entitled to discovery on the availability and pricing of alternative products. The Court found such discovery so "critical" to Amazon's defenses that third parties must produce it. Taken together, the Court held that the discovery here includes: (1) information concerning all consumer goods and food items purchased on Amazon.com; and (2) information concerning all available alternatives for such products in the market. Despite the Court's orders, Plaintiffs now refuse to produce discovery related to their purchases beyond the seven specifically alleged in the SAC.[1] Discovery is not a one-way street. Plaintiffs cannot demand what they claim is relevant information from Amazon while withholding the same.

Plaintiffs' only current objection to the requested discovery is the false claim that Amazon agreed that discovery of Plaintiffs would forever be limited to the seven items identified in the SAC. Amazon only agreed that *while its discovery motion was pending* Plaintiffs did not

---

[1] *See* SAC ¶¶ 13–29, 37–59 (describing Plaintiff Greenberg's bleach purchase, Plaintiff Steinberg's yeast purchase, and Plaintiff King's ramen, rice, vegetable glycerin, Clorox wipes, and distilled water purchases).

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

have to produce what Amazon itself was refusing to produce. Amazon expressly reserved the right to renew its other requests after the motion was decided. Nor do Plaintiffs identify any burden that would excuse them from providing the requested discovery. The discovery Amazon seeks is equal in breadth to Plaintiffs' claims themselves, and any burden on Plaintiffs is outweighed by the discovery's "critical" importance to Amazon's defenses.

The discovery Plaintiffs have produced regarding the seven SAC products shows that the discovery Amazon seeks is relevant and proportional. For example, Plaintiff Steinberg claims he "had no meaningful choice" but to buy yeast on Amazon.com at the exact time and price he did. SAC ¶ 27. He claims he needed to bake yeasted bread at home to "minimize contact with outside food vendors." *Id*. Yet discovery has shown that this necessity allegation was false. Steinberg "[r]an out of yeast" because he was making pizza to "be a bit more creative in the kitchen." Decl. of Charity E. Lee in Support of Amazon.com, Inc.'s Mot. to Compel ("Lee Decl."), Ex. O (STEINBERGM000174). And he was baking yeast-free bread four days before his purchase on Amazon.com. *Id*. Similarly, Plaintiff King claims she needed to buy Clorox disinfecting wipes on Amazon.com at the exact time and price she did because of scarcity of disinfectants elsewhere. SAC ¶ 55. This necessity allegation was also false. King had so many disinfectants that ▮▮▮▮ before her purchase on Amazon.com. Lee Decl., Ex. P (KINGC006443 at '6454–55). And ▮▮▮▮ after her purchase, King said she had ▮▮▮▮ (*i.e.*, before buying disinfectant on Amazon). Lee Decl., Ex. Q (KINGC006488 at '6496). King also claimed she needed to buy her mother's beef ramen on Amazon.com because she could not find ramen "anywhere else." SAC ¶ 45. Yet ▮▮▮▮ before her Amazon purchase, King ▮▮▮▮. Lee Decl., Ex. R (KINGC006146 at '6146). The requested discovery is likely to further support the conclusion that Plaintiffs and other class members were not "price gouged" on other products, either.

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Given the record to date, Plaintiffs understandably seek to avoid further discovery. But the Court should not tolerate Plaintiffs' hypocritical refusal to produce the same type of information they obtained from Amazon.

## BACKGROUND

### A. Amazon Served Discovery Requests Relating to Plaintiffs' Putative Class Claims.

Plaintiffs allege Amazon "price gouged" them during the pandemic by overcharging them for seven products. SAC ¶¶ 13–29, 37–59. Based on those purchases, Plaintiffs extrapolate that Amazon engaged in "price gouging" on potentially all consumer goods and food items available on Amazon.com during the pandemic and seek to represent a staggeringly broad class of all purchasers of such items. *Id.* ¶ 130. Amazon served discovery requests seeking information about Plaintiffs' purchases from other retailers of (1) consumer goods and food items that are the same or similar to the purchases they made on Amazon.com;[2] and (2) all other consumer goods and food items.[3]

### B. Plaintiffs Refused to Produce Information Relating to Their Other Purchases.

Plaintiffs initially refused to produce *any* discovery relating to their purchases from other retailers, even for products that are the same or similar to the seven SAC products. Lee Decl., Ex. K (Amazon's December 13, 2024 Letter). Plaintiffs argued such purchases were irrelevant to their individual claims, and that Amazon could not demand class discovery when it had moved to preclude class discovery into the billions of products on Amazon.com. In response, Amazon explained that Plaintiffs' purchases from other retailers are central to their individual claims because they may show availability and lower pricing of alternatives. Lee Decl., Ex. K.

---

[2] These requests encompassed the same or similar products to the seven items Plaintiffs specifically alleged in the SAC, and to their other purchases on Amazon.com beyond those seven items.

[3] *See* Lee Decl., Ex. G, Steinberg Requests for Production ("RFP") Nos. 30, 32 (requesting documents and communications regarding the "price or availability of 'consumer goods' or 'food items'"); *id.*, Exs. A, D, Steinberg RFP Nos. 18–19 and Interrogatory Nos. 6–7 (requesting documents and information regarding his online purchases); *see also id.*, Exs. F, I, Greenberg RFP Nos. 16–17, 25, 27; *id.*, Ex. C, Greenberg Interrogatory Nos. 5–6; *id.*, Exs. E, H, King RFP Nos. 30–31, 44, 46; *id.* ¶ 3, Ex. B, King Interrogatory Nos. 20–21 (corresponding requests to Plaintiffs Greenberg and King).

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon also explained that Plaintiffs could not wield their expansive class definition as a sword to compel the production of records for billions of Amazon products while using their narrow individual claims as a shield against producing their own records for those products. Lee Decl., Ex. K. Plaintiffs eventually offered to produce (1) documents reflecting their Amazon purchases beyond the seven SAC products (*i.e.*, their Amazon purchase histories), and communications about those purchases; and (2) documents relating to their purchases from other retailers of products that are the same or "closely similar" to the seven SAC products. Lee Decl., Ex. J (Plaintiffs' December 4, 2024 Letter).

On December 4, 2024 Amazon filed a motion for a protective order (Dkt. 78) (the "PO Motion") seeking to limit discovery of Amazon to Plaintiffs' specific SAC products until the viability of their class definition was resolved. Plaintiffs cross-moved to compel. Dkt. 154. To make progress on discovery while that dispute was pending, Amazon agreed to limit its requests of Plaintiffs to information related to the seven SAC products. Lee Decl., Ex. K, Ex. L (Plaintiffs' January 6, 2025 Email) ("I believe we have an agreement on the relevant document requests (namely Greenberg RFP Nos. 4–5…King RFP Nos. 11, 16–19…and Steinberg RFP Nos. 6–7," the same requests listed in Amazon's December 13 letter).[4] In so doing, Amazon expressly reserved its rights regarding (1) its other discovery requests, which included requests for documents regarding Plaintiffs' consumer goods and food items purchases from other retailers,[5] and (2) "***discovery that only relates to the class allegations, including based on the Court's ruling on Amazon's pending motions***." Lee Decl., Ex. K at 3 (emphasis added). Amazon never withdrew or waived its reservation of rights.

**C. The Court Held Consumer Goods and Food Items Discovery Is Relevant.**

On July 18, 2025, the Court denied Amazon's PO Motion and granted Plaintiffs' cross-motion, ruling that discovery relating to all consumer goods and food items is "clearly relevant."

---

[4] These RFPs related to the seven SAC products and Plaintiffs' Amazon purchase histories.

[5] *See supra* n. 3.

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Order Den. Mot. for Protective Order and Granting Mot. to Compel, Dkt. 177 at 2. That same day, the Court denied in part third-party Aldi's Motion to Quash, holding that availability and prices of third-party consumer goods and food items are "critical to Amazon's defenses." Order Granting in Part Aldi's Mot. to Quash, Dkt. 178 at 5. The Court also recognized that Amazon would be entitled to seek discovery beyond the seven SAC products. *See* Dkt. 178 at 5 n.3 ("Now that the Court has issued its ruling, *see* Order Denying Motion for Protective Order and Granting Motion to Compel, it presumes that Amazon is no longer willing to forego discovery regarding the sale of consumer goods and food items[.]"). Following those decisions, Amazon began producing records covering billions of transactions not specifically alleged in the SAC. Amazon also renewed its request for Plaintiffs to produce *their* discovery relating to their purchases of all consumer goods and food items from other retailers, including communications and records relevant to their ▮▮▮▮▮▮ purchases on Amazon.com beyond the seven SAC products. Lee Decl. ¶¶ 11, 12. Plaintiffs objected solely on the ground that the parties' agreement was a permanent limitation on Plaintiffs' obligation to search for and produce relevant documents. Lee Decl., Ex. M (Plaintiffs' October 31, 2025 Letter).

## ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). On a motion to compel discovery, the "moving party bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017) (citation modified). "[O]nce this showing is made, the party opposing the motion must carry a heavy burden of showing why discovery should be denied." *Mut. of Enumclaw Ins. Co. v. Bradford White Corp.*, 2023 WL 8717152, at *1 (W.D. Wash. Dec. 18, 2023) (citation omitted).

### A. Amazon Never Agreed to Forego The Requested Discovery.

When Amazon renewed its requests for discovery relating to all consumer goods and food items, Plaintiffs falsely asserted that Amazon had agreed to abandon this critical evidence

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

forever, regardless of how the Court ruled on its PO Motion and Motion to Strike Plaintiffs' class allegations (Dkt. 73).  *See* Lee Decl., Ex. M.  The record proves otherwise.

Prior to Amazon's PO Motion, Plaintiffs were refusing discovery on consumer goods and food items, including purchases from other retailers relating to the seven SAC products.  *See* Lee Decl., Ex. K.  Amazon believed discovery should focus on Plaintiffs' purchases of the seven SAC products while its PO Motion and Motion to Strike were pending, and with the substantial completion deadline only months away, a complete standstill was untenable.

To break the impasse, Amazon agreed to limit its requests of Plaintiffs to information related to the seven SAC products while the PO Motion was pending.  Specifically, the parties agreed that Plaintiffs would timely produce (1) documents reflecting their Amazon purchases beyond the seven SAC products, and communications about those purchases; and (2) documents relating to their purchases from other retailers of products that are the same or "closely similar" to the seven SAC products.  Critically, Amazon expressly reserved all rights "***with respect to discovery that only relates to the class allegations, including based on the Court's ruling on Amazon's pending motions***."  Lee Decl., Ex. K at 2 (emphasis added).  Amazon also reserved all rights regarding discovery requests outside the agreement's scope, which only covered requests relating to the seven SAC products and Plaintiffs' Amazon purchase histories.  In other words, Amazon reserved all rights regarding the requests at issue in this Motion—requests that relate to price and availability of consumer goods or food items from other retailers, and that relate to Plaintiffs' class allegations.  Lee Decl., Ex. K.

Amazon's reservation of rights was triggered by the Court's July 18, 2025 rulings that discovery encompasses all consumer goods and food items, Dkt. 177, and that third-party prices and availability are "critical" to Amazon's defenses, Dkt. 178 at 5.  By overruling Amazon's objection to discovery beyond the seven SAC products, the Court permitted discovery to proceed as to the full scope of products that Plaintiffs assert could be part of their class.  The Court also recognized that Amazon would be entitled to seek discovery regarding consumer goods and food items.  *See* Dkt. 178 at 5 n.3.  While Amazon was willing to confine discovery of Plaintiffs to

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

mirror what Amazon itself was willing to produce while the PO Motion was pending, Amazon never agreed to abandon broader discovery. Amazon now seeks exactly what it reserved its right to pursue.

### B. Plaintiffs' Purchases of Consumer Goods and Food Items Are Relevant.

Amazon did not agree to forego the requested information. The only real questions before the Court are whether it is relevant and proportional under Rule 26(b). *See Head v. Home Depot, U.S.A., Inc.*, 2019 WL 1572369, at *2 (W.D. Wash. Apr. 11, 2019) (relevance is interpreted "broadly to mean matter that is relevant to anything that is or may become an issue in the litigation") (citation omitted). The information sought is plainly relevant—as the Court has already held at Plaintiffs' urging.

#### 1. The Court Has Twice Ordered Production of All Consumer Goods and Food Items Discovery.

The Court has twice ordered production of this exact type of discovery. First, the Court found discovery of transactions beyond the seven SAC products "is clearly relevant" when it required Amazon to produce data for all consumer goods and food items sold on Amazon.com. Dkt. 177 at 2. Second, the Court found that discovery regarding alternatives to consumer goods and food items sold on Amazon.com was "critical to Amazon's defenses" when it denied in part Aldi's Motion to Quash. Dkt. 178 at 5. The Court expressly recognized that Amazon would be entitled to seek discovery beyond the seven SAC products. *See* Dkt. 178 at 5 n.3 ("Now that the Court has issued its ruling, *see* Order Denying Motion for Protective Order and Granting Motion to Compel, it presumes that Amazon is no longer willing to forego discovery regarding the sale of consumer goods and food items[.]"). Amazon now seeks precisely the discovery the Court held was relevant and presumed Amazon would seek.

#### 2. Discovery Related to Plaintiffs' Purchases From Amazon.com Is of Obvious Relevance.

Plaintiffs collectively made ▇▇▇▇▇▇ purchases on Amazon.com during the relevant period. Lee Decl. ¶ 11. Plaintiffs allege Amazon engaged in widespread "price gouging." SAC

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

¶ 125. Plaintiffs' purchases from Amazon.com of products not specifically described in the SAC fall squarely within the SAC's allegations. *See, e.g.*, SAC ¶ 44 ("Amazon repeatedly price gouged Mrs. King during the pandemic, including *on at least* the five purchases detailed below.") (emphasis added). And no Plaintiff has said their claims exclude products beyond the seven products specifically described in the SAC. Discovery regarding Plaintiffs' purchases from Amazon.com is of obvious relevance to the claims as pled.

In addition, discovery of Plaintiffs' purchases from other retailers of the same or similar products they purchased on Amazon.com is relevant to Amazon's defenses to Plaintiffs' individual claims. As the Court observed, "[o]ne of the ways Amazon can defend itself against a price gouging claim is by showing that plaintiffs' injuries were reasonably avoidable, that is, that plaintiffs could have shopped elsewhere and purchased the desired items at better prices." Dkt. 178 at 1; *see Greenberg v. Amazon.com, Inc.*, 3 Wn.3d 434, 461 (2024).[6] The record shows that Plaintiffs were discussing such alternatives. For example, Plaintiff King ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ days before her alleged Amazon.com purchase. Lee Decl., Ex. R. Discovery regarding alternative products they considered is plainly probative of whether Plaintiffs "could have shopped elsewhere and purchased the desired items at better prices." Dkt. 178 at 1.

Plaintiffs cannot have it both ways. They cannot seek broad discovery from Amazon concerning all consumer goods and food items while denying Amazon reciprocal discovery into their purchases of the same.

### 3. Discovery Related to Plaintiffs' Purchases of Consumer Goods and Food Items Is Relevant to Defending Against Absent Class Members' Claims.

Plaintiffs' documents related to their purchases of consumer goods and food items from other retailers are also relevant to the claims of putative absent class members for three reasons.

---

[6] *See also, e.g., Mcgee v. Diamond Foods, Inc.*, 2016 WL 816003, at *7 (S.D. Cal. Mar. 1, 2016), *aff'd sub nom. McGee v. S-L Snacks Nat'l*, 982 F.3d 700 (9th Cir. 2020) ("Plaintiff selected Defendant's popcorn at her discretion from a vast amount of other non-[artificial trans fat] popcorn products she could have selected," and her injury was thus reasonably avoidable).

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

First, the discovery is relevant to Amazon's defenses. Plaintiffs seek to represent a class of individuals who purchased any of the billions of consumer goods and food items available on Amazon.com during the pandemic. Amazon has the same defenses against those absent class members' claims as it does against the Plaintiffs, including reasonable avoidability and causation. The requested discovery is relevant to both. For example, if Plaintiffs contend Amazon sold a given consumer good to putative class members at unfair prices, but Plaintiffs' own purchase records show that the same good (or a similar one) was available at a lower price, then that would support the conclusion that the putative class members' alleged injuries were reasonably avoidable. *See Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d 759, 773 (S.D. Ill. 2010) ("[T]he injury caused by Coca-Cola's trade practices, if any, is one that [plaintiff], and, for that matter, any other consumer of 'Classic' Coke quite easily could have avoided, by, for example, simply drinking a different soft drink or other beverage"). It would also tend to suggest that the reason the absent class member purchased from Amazon was not lack of other options, but rather something else—such as convenience or speed of delivery—that would prevent Plaintiffs from proving causation. *See Carlile v. Harbour Homes, Inc.*, 147 Wn. App. 193, 214 (2008) ("To establish the causation element…a plaintiff must show that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury").

Second, it is relevant to Plaintiffs' allegations regarding their supposed need to shop online. *See, e.g.*, SAC ¶ 42 ("Mrs. King has turned increasingly to online retail during the pandemic. She did this to protect herself and family from COVID-19."). The Court has already ruled that whether other retailers "had in place protocols or policies that would have enabled" putative class members "to safely shop at" those locations "during a pandemic" is relevant. Dkt. 178 at 4. If third parties' safety protocols are relevant, evidence of Plaintiffs actually shopping at third parties during the Pandemic is too.

Third, it is relevant to the requirements Plaintiffs must meet to certify a class, including typicality and predominance. The availability and pricing of goods available to Plaintiffs from other retailers is relevant to whether (1) shortages of particular goods were geographically

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

limited; (2) restrictions on brick-and-mortar shopping were geographical; (3) individual class members were aware of or communicated about the availability of lower-priced alternatives; and (4) individuals with particular characteristics needed or did not need to purchase particular goods. *See White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1194 (9th Cir. 2024) ("[R]esolving the critical element of causation will require consideration of individualized issues that swamp the assertedly common ones."); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (finding a lack of predominance where it was necessary to conduct an "inquir[y] into the specific facts surrounding each buyer's transaction.").

The Court's prior ruling held that this exact type of discovery had to be produced by third parties. Dkt. 178. The Court's reasoning applies with equal, if not greater, force to Plaintiffs themselves. As representatives of a putative class, Plaintiffs are "obligated to participate in discovery" regarding their individual and *class claims*. *Floyd v. Amazon.com Inc.*, 2024 WL 3845869, at *2 (W.D. Wash. Aug. 16, 2024) (citation omitted). Therefore, these putative class representatives must produce discovery related to the products covered by the class they defined and seek to represent, which includes all consumer goods and food items. *See id.*; *see also, e.g.*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery").

### C. Plaintiffs' Purchases of Consumer Goods and Food Items Are Proportional to the Needs of the Case.

Plaintiffs cannot show undue burden because the discovery Amazon seeks is literally reciprocal. The non-movant "has the burden to show why the discovery request should be denied." *Polskie Linie Lotnicze LOT S.A. v. Boeing Co.*, 2023 WL 2078227, at *2 (W.D. Wash. Feb. 17, 2023). Proportionality weighs "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Gold Creek Condo.-Phase I Ass'n of*

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Apartments Owners v. State Farm Fire & Cas. Co.*, 2022 WL 1213263, at *2 (W.D. Wash. Apr. 25, 2022) (citation omitted).

The Court has already held that the discovery relates to "critical" issues. Dkt. 178 at 5. Amazon cannot get this discovery from absent class members. And the Court has also ruled that any burden to third parties regarding the same type of discovery is outweighed by its benefit here. *Id.* While Plaintiffs have not stood on an undue burden objection, they would not have one. *See Docklight Brands Inc. v. Tilray Inc.*, 2023 WL 5206392, at *4 (W.D. Wash. Aug. 14, 2023) (party must "provid[e] specific facts that show the nature and extent of the burden"). If the burden is not too great for third parties, it is not too great for Plaintiffs who chose to bring these broad claims.

As to the actual burden of compliance, when the parties previously negotiated search terms, Plaintiffs' counsel confirmed they were "using an e-discovery platform to run terms and review documents." Lee Decl., Ex. L (Plaintiffs' January 9, 2025 Email). Accordingly, counsel has already collected one likely source of responsive documents—Plaintiffs' emails. Searching such emails, including by querying relevant retailer names, would impose minimal burden. There are a limited number of other sources that need to be searched, including certain retailers' online account records. The process of collecting those materials should be minimal.

Finally, if Plaintiffs argue that Amazon's requests are intended to harass and deter them from serving as class representatives, the record establishes otherwise. At every turn, Amazon has tried to work with Plaintiffs' counsel to limit the burden on their clients, notwithstanding the breadth of their allegations. For example, Amazon invited Plaintiffs to identify particular categories of products they view as especially sensitive. Plaintiffs' counsel declined. Lee Decl., Ex. N (Plaintiffs' November 13, 2025 Email). And Amazon has been willing to engage on agreeing to certain search terms to use to identify relevant materials, which would minimize burden and any privacy intrusion. Finally, Plaintiffs may also designate documents as "confidential" under the Protective Order, so Plaintiffs' sensitive information should not impede production.

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CONCLUSION

The Court should grant Amazon's Motion and compel Plaintiffs to produce documents and communications concerning their consumer goods and food items purchases from other retailers, and respond to the related interrogatories.[7]

DATED this 18th day of December, 2025.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: *s/ John A. Goldmark*
John A. Goldmark, WSBA #40980
MaryAnn T. Almeida, WSBA #49086
Nicholas A. Valera, WSBA # 54220
Caitlyn Courtney, WSBA #62344
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email: johngoldmark@dwt.com
         maryannalmeida@dwt.com
         nickvalera@dwt.com
         caitlyncourtney@dwt.com

John Freed, *admitted pro hac vice*
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Email: jakefreed@dwt.com


By: *s/ Jennifer Kennedy Park*
Jennifer Kennedy Park, *admitted pro hac vice*
Matthew M. Yelovich, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA
Telephone: (650) 815-4100
Email: jkpark@cgsh.com
         myelovich@cgsh.com

---

[7] Steinberg RFP Nos. 18–19, 30, 32; Steinberg Interrogatory Nos. 6-7; Greenberg RFP Nos. 16–17, 25, 27; Greenberg Interrogatory Nos. 5-6; King RFP Nos. 30-31, 44, 46; King Interrogatory Nos. 20–21.

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Ryan Shores, *admitted pro hac vice*
Nowell D. Bamberger, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Fax: (202) 974-1999
Email: rshores@cgsh.com
          nbamberger@cgsh.com

Charity E. Lee, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Fax: (212) 225-3999
Email: charitylee@cgsh.com
*Attorneys for Defendant Amazon.com, Inc.*

*I certify that this memorandum contains 4,063 words, in compliance with the Local Civil Rules.*

AMAZON'S MOTION TO COMPEL
(Case No. 2:21-CV-00898-RSL) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax