UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, *et al.*, <br><br>             Plaintiffs, <br>   v. <br><br> AMAZON.COM, INC., <br><br>             Defendant. | CASE NO. 2:21-cv-00898-RSL <br><br> ORDER REGARDING CROSS-MOTIONS |

This matter comes before the Court on "Plaintiffs' Motion for Protective Order," Dkt. 132, and Amazon's "Cross-Motion to Compel," Dkt. 144.[1] In March 2025, Amazon served Rule 45 subpoenas on third-parties Julie Hoemke and David Mickey Chu. Ms. Hoemke is plaintiff Greenberg's girlfriend. As alleged in the Second Amended Class

---

[1] Under Rule 45(a), a non-party subpoena "must issue from the court where the action is pending." In order to protect non-parties, Rule 45 contains various venue provisions allowing the recipients to litigate the appropriateness of the subpoena in the district where compliance is required, *i.e.*, in their home districts. *See* Rule 45(d)(2)(B)(i) and Rule 45(d)(3). At their option, however, a recipient of a Rule 45 subpoena may seek a protective order from the court where the litigation is pending. Rule 26(c). Plaintiffs have chosen to do that here, but argue that Amazon's cross-motion to compel should have been filed the districts where the non-parties live and/or the documents were to be produced.

The venue provisions of Rule 45 are not jurisdictional: the court where compliance is required may transfer a motion to quash or motion to compel to the "issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Rule 45(f). By filing their motion for protective order in this Court, plaintiffs arguably waived any objections they may have had to this Court's handling of this discovery dispute. Plaintiffs' motion for a protective order raises the same relevance and proportionality issues on which Amazon's motion to compel depends. While the undersigned could deny the motion to compel as procedurally defective, considerations of judicial economy, efficiency, and consistency militate against such an outcome. A procedural denial would force Amazon to refile its motion in two different districts in California, resulting in unnecessary delay, a multiplication of proceedings, and the risk of inconsistent rulings without substantively impacting the analysis set forth in this order.

ORDER REGARDING CROSS-MOTIONS - 1

Action Complaint, Ms. Hoemke's inability to locate a supply of bleach in April 2020 prompted Mr. Greenberg to make the purchase that gave rise to his claims in this litigation. Dkt. 66 at ¶¶ 17-20. Mr. Chu is plaintiff Steinberg's husband. Dkt. 135 at ¶ 3. He is not mentioned in the Second Amended Class Action Complaint, and there is no indication that he played any role in the purchase of yeast described therein. Dkt. 66 at ¶¶ 25-29.

The requests for production of documents, as modified through the meet and confer process, seek all documents, communications, social media posts, *etc*., regarding:

- Government orders, announcements, and guidance related to the COVID-19 pandemic and Ms. Hoemke's practices in following or disregarding those pronouncements
- Ms. Hoemke's searches for, purchases of, and actual or potential supplies of bleach and/or alternative products from January 1, 2020, through October 20, 2022
- Mr. Chu's searches for, purchases of, and supplies of yeast, bread, and/or alternative products from January 1, 2020, through October 20, 2022
- the named plaintiffs' purchases of bleach, yeast, and/or alternative products from January 1, 2020, through October 20, 2022
- the named plaintiffs' search for and purchase of bleach and/or yeast as described in the Second Amended Class Action Complaint
- any resale or offer to sell the products the named plaintiffs purchased on Amazon.com
- the non-party witness' internet search history concerning bleach, yeast, and/or alternative products.

Dkt. # 133-4 and 133-5. Amazon also requested all communications between the non-parties and counsel that pre-dated the formation of an attorney-client relationship related to this action and all communications with Mr. Greenberg (for Ms. Hoemke) or Mr. Steinberg (for Mr. Chu) regarding this action. *Id*.

**A. Scope of Discovery Under Rule 26(b)**

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirements that the information sought must appear "relevant to any party's claim or defense and proportional to the needs of the case...." Third-party subpoenas are subject to the relevance and proportionality requirements of Rule 26(b). *Evitt v. Experian Info. Sols. Inc.*, No. 3:23-cv-05294-LK, 2023 WL 3568053, at *1 (W.D. Wash. May 19, 2023) (citations omitted). Rule 45(d)(1) also imposes an obligation on the party propounding a third-party subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Courts have therefore found that non-party discovery under Rule 45 requires a somewhat stronger showing of relevance than does party discovery. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *Baker v. Hopkins*, No. 2:21-CV-00361-MJP-JRC, 2022 WL 305395, at *2 (W.D. Wash. Feb. 2, 2022). The party seeking to compel discovery has the burden of establishing that its requests are relevant, while the party resisting discovery generally has the burden to show that the requests are not proportional and/or to clarify, explain, and support its objections with competent evidence. *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018).

Plaintiffs argue that much of the information defendant seeks is irrelevant and that the burden of responding to the remainder is undue because the information can and should be obtained from the party plaintiffs. Amazon argues that the discovery is relevant and proportional because it needs to test the veracity of plaintiff Greenberg's allegation that Ms. Hoemke could not locate a replacement supply of bleach and plaintiff Steinberg's allegation that he had no choice but to purchase yeast on Amazon.com. Amazon asserts that Ms. Hoemke and Mr. Chu have percipient knowledge of these facts.

In the context of this case, the two non-parties are not similarly situated with regards to the information Amazon says it needs. Mr. Greenberg specifically alleges that

ORDER REGARDING CROSS-MOTIONS - 3

he made the purchase at issue because of what Ms. Hoemke told him regarding her need for bleach and its unavailability in the stores near her home. As alleged in the Second Amended Class Action Complaint, Ms. Hoemke's reports generated the urgency Mr. Greenberg felt when agreeing to pay $58.19 for three bottles of bleach. The accuracy and nature of those reports therefore has some marginal relevance to whether Mr. Greenberg could have reasonably avoided paying the excessive prices Amazon charged.[2] In contrast, there is no allegation or evidence that Mr. Chu had anything to do with Mr. Steinberg's decision to bake bread, his search for yeast, or the purchase described in the Second Amended Class Action Complaint. If Mr. Chu – or Mr. Steinberg's mother or the nextdoor neighbor -- kept a secret stash of yeast in the freezer or knew where yeast could be sourced in the local community, the information would be relevant to avoidability and/or causation only if it had been conveyed to Mr. Steinberg before he made the purchase described in the complaint. What Mr. Steinberg knew is being pursued through party discovery: it does not justify a Rule 45 subpoena on either relevance or proportionality grounds.

      With regards to the proper scope of discovery in the Rule 45 context, the Court finds that the only relevant and proportional inquiries touch on (a) Ms. Hoemke's supply of bleach and efforts to resupply at or shortly before the April 2020 purchase described in the complaint, (b) what Ms. Hoemke told Mr. Greenberg regarding her need for bleach at or shortly before the time of the purchase and what he said or did in response, and (c) her efforts, if any, to resell the bleach purchased by Mr. Greenberg in April 2020. Ms. Hoemke's supply of bleach after April 2020, her possession of soap or other disinfecting agents at any time, her communications with counsel regarding this litigation, and her

---

[2] In reply, plaintiffs argue that "reasonable avoidability" is not an element of a CPA claim and that the Washington Supreme Court held that the FTC's substantial injury test, as codified at 15 U.S.C. § 45(n), is only one of a number of ways to prove that conduct is "unfair" under the CPA. Assuming for purposes of this discussion that an economic regulation prohibiting conduct that is "in violation of the public interest" or "unethical" has sufficient clarity to survive a constitutional vagueness challenge, Amazon would still be permitted to utilize the FTC's standard in an effort to show that its conduct was not "unfair."

ORDER REGARDING CROSS-MOTIONS - 4

communications with Mr. Greenberg unrelated to the allegations set forth in paragraphs 17-20 of the complaint would shed no light on the reasonable avoidance inquiry.

**B. Protective Order Under Rule 26(c)**

Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request. The Court is authorized to "forbid[ ] inquiry into certain matters, or limit[ ] the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Plaintiffs argue that Amazon should not be permitted to serve discovery on non-party family and friends because any potentially relevant information can and should be obtained from the named plaintiffs and the Rule 45 subpoenas are designed to harass, forcing the named plaintiffs to choose between pursuing their claims and protecting their loved ones. While the Court agrees that the original discovery requests were far too broad, unnecessarily intrusive, and not proportional to the needs of the case, the Court has limited the requests to information placed at issue by the complaint. With such limitations in place, any harassment or burden are not undue.

For all of the foregoing reasons, the cross-motions (Dkt. 132 and 144) are GRANTED in part and DENIED in part. The subpoena issued to Ms. Hoemke is modified

ORDER REGARDING CROSS-MOTIONS - 5

as follows: Ms. Hoemke shall produce documents and communications related to (a) her searches for and purchases of bleach between January 1, 2020, and April 21, 2020, (b) what she told Mr. Greenberg regarding her need for bleach between January 1, 2020, and April 21, 2020, and what he said or did in response, and (c) any efforts Ms. Hoemke made to resell the bleach purchased by Mr. Greenberg on April 21, 2020. The subpoena issued to Ms. Hoemke is quashed in all other respects. The subpoena issued to Mr. Chu is quashed in its entirety.

Dated this 5th day of January, 2026.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge