UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | CASE NO. 2:21-cv-00898-RSL <br><br><br> ORDER QUASHING SUBPOENAS REGARDING FAMILY MEMBERS' PURCHASES |

This matter comes before the Court on "Plaintiffs' Motion for Protective Order." Dkt. 180. In April 2025, Amazon served Rule 45 subpoenas on three retailers, Sam's Club, Walmart, and CVS Pharmacy, seeking documents sufficient to show all purchases made by plaintiffs Alvin Greenberg, Michael Steinberg, and Christina King in the retailers' stores or on-line platforms from January 1, 2020, to December 31, 2020. Dkt. 181-5 through 181-7. Plaintiffs are not seeking a protective order to the extent the requests seek information about the named plaintiffs. The subpoenas also seek documents sufficient to show all purchases made by Julie Hoemke (Mr. Greenberg's girlfriend), Dave Chu (Mr. Steinberg's husband), Jody King (Ms. King's husband), and Joan Irene Bent (Ms. King's mother) during the same period.[1] Plaintiffs object to the requests for non-party purchasing information as overbroad, duplicative, and irrelevant, arguing that their purpose is to

---

[1] During the meet and confer process, Amazon agreed to carve out prescription medications and contraceptives from the scope of the requests.

ORDER QUASHING SUBPOENAS REGARDING FAMILY
MEMBERS' PURCHASES - 1

harass the non-parties and to put pressure on the named plaintiffs to withdraw from this case.

Amazon argues that the named plaintiffs should not be permitted to allege that Amazon gouged prices on consumer goods and food items during the pandemic while restricting access to evidence of their family members' or friends' purchases of products that fall into those categories. But Ms. Hoemke's purchase of tissues or underwear or cat food at Walmart in 2020 tells us nothing about whether Amazon took advantage of a public health crisis to increase prices or whether Mr. Greenberg could have reasonably avoided paying $58.19 for three bottles of bleach on April 21, 2020. A far more relevant inquiry would be to ask the other retailers what they charged for consumer goods and food items during the pandemic, as Amazon did almost a year ago.[2] Given the lack of relevance, the reasonable inference is that Amazon is trying to make this litigation as difficult, burdensome, and potentially embarrassing as possible for the named plaintiffs' closest associates.

//

//

---

[2] At the end of 2024, Amazon issued subpoenas under Rule 45 to approximately 150 non-party retailers seeking pricing, cost, inventory, discount, and transactional data regarding all consumer goods and food items from January 2020 through October 2022. *See, e.g.*, Dkt. 137-1. When one of those retailers, Aldi, Inc., sought a protective order, Amazon did not even attempt to show that individual transactional data, including the identity of the purchaser, was relevant. The Court therefore found that any burden or competitive risk arising from disclosure of transactional data would be undue and quashed the subpoena in that respect. Dkt. 178.

To the extent Amazon argues that evidence of a family member's purchase of the specific items described in the Second Amended Class Action Complaint is relevant to reasonable avoidability, that argument is discussed in the "Order Regarding Cross-Motions," Dkt. 208.

ORDER QUASHING SUBPOENAS REGARDING FAMILY
MEMBERS' PURCHASES - 2

For all of the foregoing reasons, plaintiffs' motion for a protective order quashing requests for production 4-7 is GRANTED.

Dated this 5th day of January, 2026.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER QUASHING SUBPOENAS REGARDING FAMILY MEMBERS' PURCHASES - 3