UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, *et al*.,<br><br>      Plaintiffs,<br><br>      v.<br><br>AMAZON.COM, INC.,<br><br>      Defendant. | Cause No. 2:21-cv-00898-RSL<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on "Defendant Amazon.com, Inc.'s Motion to Compel" production of information regarding the named plaintiffs' on-line purchases of consumer goods and food items after January 31, 2020. Dkt. 201.[1] The two remaining named plaintiffs allege that they purchased six items on Amazon.com during the early days of the COVID-19 pandemic that were priced far above what had been charged prior to the declaration of a public health emergency. They allege that Amazon took advantage of the COVID-19 public health crisis to increase prices and seek to represent a class of Amazon.com customers who were price-gouged on consumer goods and/or food items between January 31, 2020, and October 20, 2022.

Despite the breadth of the proposed class, not all purchase information is relevant to the claims and defenses asserted in this litigation, and some of it is already in Amazon's possession. The prices the named plaintiffs paid for consumer goods and food items on Amazon's platform

---

[1] This matter can be resolved on the papers submitted. Defendant's request for oral argument is DENIED.

ORDER - 1

are obviously relevant given that those purchases form part of the class claims as currently defined. Amazon already has this information, however: no further production regarding plaintiffs' Amazon purchases will be required. To the extent the named plaintiffs purchased the same or similar items on both Amazon.com and through another on-line retailer, the prices paid to the other on-line retailers have some marginal relevance. Depending on the price paid, Amazon could argue that the price increases on its platform were justified by market forces affecting all retailers, not price-gouging, or that plaintiffs knew about other, less expensive options in the market and simply failed to take reasonable steps to avoid the harms alleged.[2] In contrast, plaintiffs' purchases of items not sold on Amazon.com would have no bearing on this litigation. If, for example, Mr. Steinberg purchased a tractor, collector coins, or a kitten during the pandemic, neither the purchase nor the price paid would offer any insight into the validity of plaintiffs' claim that Amazon took unfair advantage of a public health emergency to raise prices.

The closer question is whether plaintiffs should be compelled to identify and provide records related to purchases of items from other on-line retailers that they did not also purchase on Amazon.com. The requested information would provide evidence of the availability and price of items to which plaintiffs and the putative class members had access. But that information is already in defendant's possession through the 860 GBs of pricing, inventory, and other data produced by the 150 retailers Amazon subpoenaed in this litigation and the data Amazon collects as part of its business regarding its competitors' pricing, promotions, rebates, etc. Amazon argues that this data is insufficient because it sheds no light on plaintiffs' contemporaneous knowledge of alternatives in the market, but where plaintiffs did not purchase the good or item on Amazon.com, the named plaintiffs' knowledge is irrelevant.

---

[2] Plaintiffs acknowledge that the purchase of dry yeast or ramen noodles from other on-line retailers has some relevance, but argue that production should be limited to the six items they specifically allege were purchased at unfair prices. The class definition plaintiffs put forward suggests that Amazon price-gouged on all consumer goods and food items, however. To the extent the named plaintiffs purchased consumer goods and/or food items on Amazon.com, the purchase falls within the current class definition and is arguably part of their claim.

ORDER - 2

For all of the foregoing reasons, defendant's motion to compel (Dkt. 201) is GRANTED in part and DENIED in part. Plaintiffs shall, within thirty days of the date of this Order, supplement their discovery responses to provide information regarding purchases from other on-line retailers between January 31, 2020, and October 20, 2022, of the same or similar products they purchased on Amazon.com during that same time frame. For purposes of this Order, the phrase "similar products" has a much narrower scope than the parties agreed to when the discovery involved only six products and encompasses only variations of the same product. For example, Mr. Steinberg's purchase of a two-pound package of Red Star Active Dry Yeast would be "similar" to the purchase of any other yeast product (dry, wet, cake, etc.) made by any other producer in any other volume, but it would not include finished bread products or other bread-making components.

Dated this 30th day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER - 3