UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL STEINBERG and CHRISTINA KING, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>        v.<br><br> AMAZON.COM, INC.,<br><br>                              Defendant. | No. 2:21-cv-00898-RSL<br><br>SCHEDULING ORDER |

Having reviewed the parties' Stipulated Motion Regarding Case Schedule (Dkt. # 260), the Court sets the following deadlines:

| EVENT | DATE |
|---|---|
| Substantial completion of documents and data | March 31, 2026 |
| Class certification motion and supporting expert reports due | September 8, 2026 |
| Class certification opposition and supporting expert reports due; Defendant's *Daubert* motion(s) due | December 22, 2026 |
| Class certification reply and expert rebuttal reports due; Plaintiffs' *Daubert* motion(s) and opposition to any *Daubert* motion filed by Defendant due | April 6, 2027 |
| Settlement conference held no later than | April 8, 2027 |
| Discovery completed by | April 20, 2027 |
| Defendant's opposition to Plaintiffs' *Daubert* motion(s) due | April 20, 2027 |

SCHEDULING ORDER – 1

The Court will set further case scheduling deadlines after ruling on the motion for class certification.

If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown; failure to complete discovery within the time allowed is not recognized as good cause.

The settlement conference requires a face-to-face meeting or a telephone conference between persons with authority to settle the case. The settlement conference does not have to involve a third-party neutral.

**ALTERATIONS TO ELECTRONIC FILING PROCEDURES AND LOCAL RULES**

Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov. *Pro se* litigants may file either electronically or in paper form. The following alterations to the Electronic Filing Procedures apply in all cases pending before Judge Lasnik:

– Alteration to LCR 10(e)(9) - Effective July 1, 2014, the Western District of Washington will no longer accept courtesy copies in 3-ring binders. All courtesy copies must be 3-hole punched, tabbed, and bound by rubber bands or clips. If any courtesy copies are delivered to the intake desk or chambers in 3-ring binders, the binders will be returned immediately.

– Alteration to Section III, Paragraph M of Electronic Filing Procedures - Unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not e-mail a copy of the order to the judge's e-mail address.

– Pursuant to LCR 10(e)(10), all references in the parties' filings to exhibits should be as specific as possible (*i.e.*, the reference should cite the specific page numbers, paragraphs, line numbers, etc.). All exhibits must be marked to designate testimony or evidence referred to in the parties' filings. Filings that do not comply with LCR 10(e) may be rejected and/or returned to the filing party, particularly if a party submits lengthy deposition testimony without highlighting or other required markings.

**PRIVACY POLICY**

Pursuant to Federal Rule of Civil Procedure 5.2 and LCR 5.2, parties must redact the following information from documents and exhibits before they are filed with the court:

* Dates of Birth - redact to the year of birth

* Names of Minor Children - redact to the initials

* Social Security Numbers and Taxpayer Identification Numbers - redact in their entirety

* Financial Accounting Information - redact to the last four digits

* Passport Numbers and Driver License Numbers - redact in their entirety

All documents filed in the above-captioned matter must comply with Federal Rule of Civil Procedure 5.2 and LCR 5.2.

**COOPERATION**

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible.

**SETTLEMENT**

Should this case settle, counsel shall notify the Deputy Clerk as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

DATED this 10th day of April, 2026.

Robert S. Lasnik
United States District Judge

SCHEDULING ORDER – 3