The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL STEINBERG and CHRISTINA KING, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

No. 2:21-CV-00898-RSL

**AMAZON.COM INC.'S SURREPLY REQUEST TO STRIKE**

**[REDACTED]**

Amazon moves to strike portions of Plaintiffs' Reply In Support of Motion for Spoliation Sanctions (Dkt. 270) under LCR 7(g).  Plaintiffs' Reply improperly (a) introduces new evidence and mischaracterizes it and (b) impermissibly advances a new legal theory.  The Court should strike Reply at 13:3–14:15, 15:3–7, 15:7–9, 15:11–13, 15:17–21, and 16:3–4; and consider Exhibit A under Fed. R. Civ. P. 32(a)(6) and Fed. R. Evid. 106.

**A.    Plaintiffs Misrepresent New Documents Submitted on Reply.**

Plaintiffs' Reply introduces new evidence, which should be stricken both for that reason and because Plaintiffs mischaracterize it.  *See Chandola v. Seattle Housing Auth.*, 2014 WL 4685351, *3 n.1 (W.D. Wash. 2014) (striking reply deposition excerpts because reply "unfairly deprive[d] the non-movant of opportunity to respond") (citation omitted); *Smith v. Result Matrix, Inc.*, 2022 WL 2237289, *1 n.1 (W.D. Wash. 2022) (striking for "inaccuracy").

AMAZON'S SURREPLY REQUEST TO STRIKE – 1
(Case No. 2:21-cv-00898-RSL)

*First*, Plaintiffs misleadingly excerpt Amazon employee Chris Brown's testimony regarding Reply-Exhibit 31 (Dkt. 269-22) and cut him off mid-answer. *See* Reply-Exhibit 28 (Dkt. 269-19). Plaintiffs argue Amazon ███████████████████████████████████ to avoid ████████████████████████████████████████ Reply at 15:17–18 (citation omitted). Brown's complete testimony on this topic—attached as Exhibit A—shows Amazon's efforts were among ████████ of what employees were ████████████████████████████ ████████ Ex. A at 193:2–5. Brown rejected implications that the ███████████████████████ ██████████ Amazon took. *Id.* at 190:3–5. He explained the correspondence in question ████████████████████████████████████████████████ to further combat excessive prices. *Id.* at 190:17–21, 193:22. Plaintiffs' assertion that Reply-Exhibit 31 shows Amazon's efforts ████████████ ████████████████████████ Reply at 15:20–21, is wrong: those extensive efforts ████████████ Ex. A at 190:23.

*Second*, Plaintiffs mischaracterize other documents improperly submitted for the first time on Reply.

Reply-Exhibit 30 (Dkt. 269-21) contains no admission that Amazon failed to ████████████████████████ during the Pandemic. Reply at 15:11–13. It is a mid-2019 operational planning email discussing increasing resources to address bad-actor sellers' ████████ efforts ████████████████████.

Reply-Exhibit 34 (Dkt. 269-25) likewise does not show Amazon ██████████████████ ████████████████████████ Reply at 15:3–7. It does not address the Pandemic at all; it concerns holiday-affected toy prices nearly two years after the Pandemic began.

Reply-Exhibit 35 (Dkt. 269-26) is also misleadingly presented for the cherry-picked statement that ████████████████████████ *See* Reply at 15:7–9. This document in full reflects a discussion about ensuring Amazon could ████████████████████ during critical periods of the Pandemic, including ████████████████████████████████ ████████████████████████████.

AMAZON'S SURREPLY REQUEST TO STRIKE – 2
(Case No. 2:21-cv-00898-RSL)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Reply-Exhibit 38 (Dkt. 269-29) does not show that Amazon ███████████████ ████████████████████████████████████████████████ Reply at 16:3–4. But this estimate concerns applying ██████████████████████████████████████████████ ████████████████████████████████ As Plaintiffs know, ████████ is a different mechanism that does not address price gouging,[1] even under Plaintiffs' own characterization of Amazon's systems.[2]

The Court should strike the above portions of Plaintiffs' Reply.

## B.    Plaintiffs Improperly Advance New "Intent" Argument in Reply.

Plaintiffs' Reply also improperly advances new intent arguments not raised in their Motion (Dkt. 195), nor responsive to Amazon's Opposition (Dkt. 219) or Supplement (Dkt. 265). *See United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not be introduced in a reply brief."); *Bornstein Seafoods, Inc. v. City of Bellingham*, 2021 WL 2413241, *2 (W.D. Wash. 2021) (striking new argument); *Jinni Tech. Ltd. v. Red.com, Inc.*, 2017 WL 4758761, *4–5 (W.D. Wash. 2017) (striking "new facts and new arguments").

Plaintiffs originally argued that inadequacy in Amazon's litigation hold issuance in 2020—whether deliberate or not—demonstrated "conscious disregard" and thus "intent to deprive" to warrant Rule 37(e)(2) sanctions. Mot. at 10:4–11:9. Confronted with the legal and factual flaws in their argument, on Reply, Plaintiffs advance a new theory: that Amazon's counsel's actions in 2022 and 2025 purportedly establish a record of "concealment" that satisfies Rule 37(e)(2)'s "intent to deprive" requirement. Reply at 13:21–14:15. That argument— applying a different theory to satisfy a specific element of Rule 37(e)(2)—never appeared in Plaintiffs' Motion. Dkt. 195. Nor is it responsive to Amazon's Opposition or Supplement.

It is also wrong. Amazon's counsel worked diligently to determine hold statuses and available documents and to provide appropriate information to Plaintiffs and the Court. Dkt. 141

---

[1] *See* Dkt. 155-05 (exhibit to Plaintiffs' Cross-Motion to Compel Withheld Data, explaining ████████ functionality).

[2] Amazon reserves all argument on Plaintiffs' characterization of those systems as "price-gouging rules[.]" Reply at 16; *see* LCR 7(g)(2).

AMAZON'S SURREPLY REQUEST TO STRIKE – 3
(Case No. 2:21-cv-00898-RSL)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

¶ 4. As Amazon explained to Plaintiffs in early 2025, hold information is typically privileged. Dkt. 141-2 at 5–6; Dkt. 141-3 at 3–4. Nonetheless, Amazon offered to disclose that information if Plaintiffs assured Amazon they would not use that cooperative disclosure to claim broad privilege waiver. *See* Dkt. 141 ¶¶ 4, 6; Dkt. 141-3 at 3–4. Instead of accepting that reasonable offer, Plaintiffs moved to compel the next day, and then Amazon produced the information with its opposition. Dkt. 140 at 6–7. Amazon continued its diligent efforts throughout 2025 and to the present, providing additional custodians and locating documents, including from the FTC Databases. Dkt. 265 at 2–3. The record reflects Amazon's efforts to protect appropriate privileges—not to conceal alleged spoliation.

Plaintiffs' suggestion that the number of employees initially on hold reflects a "deliberate choice" supporting "intent" under Rule 37(e)(2) is also new. Reply at 13:3–20. Amazon has previously explained why its custodian selection was reasonable given the allegations as originally pled (a per se case turning on 15% price increases). *See* Dkt. 140 at 4–6; *see also* Dkt. 34 at 4 ("This is a data-driven case where email is of secondary importance[.]"). But even if one disagrees with that view, Plaintiffs offer no evidence it was anything other than a good faith, albeit focused, initial determination.

DATED this 8th day of June 2026.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*/s/ John A. Goldmark*
John A. Goldmark, WSBA #40980
MaryAnn T. Almeida, WSBA #49086
Nicholas A. Valera, WSBA #54220
Caitlyn C. Courtney, WSBA #62344
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email: johngoldmark@dwt.com
        maryannalmeida@dwt.com
        nickvalera@dwt.com
        caitlyncourtney@dwt.com

AMAZON'S SURREPLY REQUEST TO STRIKE – 4
(Case No. 2:21-cv-00898-RSL)

John Freed, *admitted pro hac vice*
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Email: jakefreed@dwt.com


*/s/ Jennifer Kennedy Park*
Jennifer Kennedy Park, *admitted pro hac vice*
Matthew M. Yelovich, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4100
Email: jkpark@cgsh.com
        myelovich@cgsh.com

Ryan Shores, *admitted pro hac vice*
Nowell D. Bamberger, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Fax: (202) 974-1999
Email: rshores@cgsh.com
        nbamberger@cgsh.com

Charity E. Lee, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Fax: (212) 225-3999
Email: charitylee@cgsh.com

*Attorneys for Defendant Amazon.com, Inc.*

*I certify that this memorandum contains 1,042 words, in compliance with the Local Civil Rules.*

AMAZON'S SURREPLY REQUEST TO STRIKE – 5
(Case No. 2:21-cv-00898-RSL)

# EXHIBIT A
# (Filed Under Seal)

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL STEINBERG and CHRISTINA KING, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

No. 2:21-cv-00898-RSL

**EXHIBIT A TO AMAZON.COM INC.'S SURREPLY REQUEST TO STRIKE**

**[FILED UNDER SEAL]**

SEALED EXHIBIT TO AMAZON'S SURREPLY REQUEST TO STRIKE
(Case No. 2:21-cv-00898-RSL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax